# EXHIBIT C(2)

DALLAS COUNT
8/21/2014 5:06:15 P
GARY FITZSIMMO
DISTRICT CLE

Hector Faulk

**CIVIL CASE INFORMATION SHEET**

DC-14-09151

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____    COURT *(FOR CLERK USE ONLY)*: _____

STYLED Superior Air Parts, Inc., Weifang Freesky Aviation Technology Co., Ltd. and Superior Aviation Beijing Co. Ltd.
vs. Bruno Kübler, In His Capacity as Insolvency Administrator of Thielert Aircraft Engines GMBH, and Thielert Aircraft Engines GMBH
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Jerry C. Alexander    **Email:** alexanderj@passmanjones.com | **Plaintiff(s)/Petitioner(s):** Superior Air Parts, Inc., Weifang Freesky Aviation, Technology Co., Ltd. and Superior Aviation Beijing Co., Ltd. | ■ Attorney for Plaintiff/Petitioner □ *Pro Se* Plaintiff/Petitioner □ Title IV-D Agency □ Other: _____ |
| **Address:**    **Telephone:** 214-742-2121 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** Dallas, Texas 75270-2599    **Fax:** 214-748-7949 | **Defendant(s)/Respondent(s):** Bruno Kübler, In His Capacity as Insolvency Administrator of Thielert Aircraft Engines GMBH, and Thielert Aircraft Engines GMBH | Custodial Parent: _____  Non-Custodial Parent: _____ |
| **Signature:** *[signature]*    **State Bar No:** 00903500 | [Attach additional page as necessary to list all parties] | Presumed Father: _____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* □ Consumer/DTPA □ Debt/Contract □ Fraud/Misrepresentation □ Other Debt/Contract: | □ Assault/Battery □ Construction □ Defamation *Malpractice* □ Accounting □ Legal □ Medical □ Other Professional Liability: | □ Eminent Domain/ Condemnation □ Partition □ Quiet Title □ Trespass to Try Title □ Other Property: | □ Annulment □ Declare Marriage Void *Divorce* □ With Children □ No Children | □ Enforcement □ Modification—Custody □ Modification—Other **Title IV-D** □ Enforcement/Modification □ Paternity □ Reciprocals (UIFSA) □ Support Order |
| *Foreclosure* □ Home Equity—Expedited □ Other Foreclosure □ Franchise □ Insurance □ Landlord/Tenant □ Non-Competition □ Partnership □ Other Contract: | □ Motor Vehicle Accident □ Premises *Product Liability* □ Asbestos/Silica □ Other Product Liability List Product: _____ □ Other Injury or Damage: | **Related to Criminal Matters** □ Expunction □ Judgment Nisi □ Non-Disclosure □ Seizure/Forfeiture □ Writ of Habeas Corpus— Pre-indictment □ Other: | **Other Family Law** □ Enforce Foreign Judgment □ Habeas Corpus □ Name Change □ Protective Order □ Removal of Disabilities of Minority □ Other: | **Parent-Child Relationship** □ Adoption/Adoption with Termination □ Child Protection □ Child Support □ Custody or Visitation □ Gestational Parenting □ Grandparent Access □ Parentage/Paternity □ Termination of Parental Rights □ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| □ Discrimination □ Retaliation □ Termination □ Workers' Compensation □ Other Employment: | □ Administrative Appeal □ Antitrust/Unfair Competition □ Code Violations □ Foreign Judgment ■ Intellectual Property | □ Lawyer Discipline □ Perpetuate Testimony □ Securities/Stock □ Tortious Interference □ Other: | | |
| **Tax** | *Probate & Mental Health* | | | |
| □ Tax Appraisal □ Tax Delinquency □ Other Tax | *Probate/Wills/Intestate Administration* □ Dependent Administration □ Independent Administration □ Other Estate Proceedings | □ Guardianship—Adult □ Guardianship—Minor □ Mental Health □ Other: | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| □ Appeal from Municipal or Justice Court □ Arbitration-related □ Attachment □ Bill of Review □ Certiorari □ Class Action | □ Declaratory Judgment □ Garnishment □ Interpleader □ License □ Mandamus □ Post-judgment | ■ Prejudgment Remedy □ Protective Order □ Receiver □ Sequestration ■ Temporary Restraining Order/Injunction □ Turnover |

# EXHIBIT C(3)

Sacheen Anthony

No. DC-14-09151

| | | |
|---|---|---|
| SUPERIOR AIR PARTS, INC., | § | IN THE DISTRICT COURT |
| WEIFANG FREESKY AVIATION, | § | |
| TECHNOLOGY CO., LTD AND | § | |
| SUPERIOR AVIATION BEIJING CO., LTD. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| BRUNO KŪBLER, IN HIS CAPACITY AS | § | |
| INSOLVENCY ADMINISTRATOR OF | § | |
| THIELERT AIRCRAFT ENGINES | § | OF DALLAS COUNTY, TEXAS |
| GMBH, AND THEILERT AIRCRAFT | § | |
| ENGINES GMBH, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| VS. | § | |
| | § | |
| TECHNIFY MOTORS GMBH, | § | |
| | § | |
| Intervenor. | § | 191ST JUDICIAL DISTRICT |

## PETITION IN INTERVENTION AND REQUEST
## FOR DECLARATORY JUDGMENT OF TECHNIFY MOTORS GMBH

Comes now Technify Motors GmbH and files this Petition in Intervention and Request

for Declaratory Relief, alleging as follows:

### DISCOVERY

1.      Plaintiffs have alleged that discovery in this action is intended to be conducted

under Level 3 in accordance with Rule 190.4 of the Texas Rules of Civil Procedure.

### PARTIES

2.      Plaintiff Superior Air Parts, Inc. ("Superior") is a Texas corporation having its

principal place of business in Coppell, Texas, Dallas County. On December 31, 2008, Superior

filed a voluntary petition for bankruptcy pursuant to Chapter 11 of the United States Bankruptcy

1

Code. On August 27, 2009, Superior's Plan of Reorganization was confirmed. The Plan went into effect on September 28, 2009.

3.    Plaintiff Weifang Freesky Aviation Technology Co., Ltd. ("Freesky") is a business entity organized under the laws of the People's Republic of China, having its principal place of business in China. Freesky acquired the stock of Superior in or about 2009.

4.    Plaintiff Superior Aviation Beijing Co., Ltd. ("SAB") is a business entity organized under the laws of the People's Republic of China, having it principal place of business in China. SAB is the successor in interest to Freesky with respect to Superior's stock.

5.    Defendant Bruno Kübler ("Kübler") in his capacity as the insolvency administrator for Thielert Aircraft Engines GmbH, is an individual residing in the Republic of Germany.

6.    Defendant Thielert Aircraft Engines GmbH ("TAE") is a corporation duly organized and existing under the laws of the Republic of Germany, and was, until recently, the manufacturer of reciprocating diesel engines for general aviation aircraft.

7.    Intervenor Technify Motors GmbH ("Technify") is a corporation duly organized and existing under the laws of the Republic of Germany, having its principal place of business at St. Egidien, Germany.

## JURISDICTION AND VENUE

8.    Plaintiffs have alleged that this Court has subject matter jurisdiction over this case because Plaintiffs seek monetary damages within the jurisdictional limits of the Court, and because Plaintiffs seek injunctive relief. Plaintiffs further allege that this Court has personal jurisdiction over the Defendants under Texas' long-arm statute, Tex. Civ. Prac. & Rem. Code §§ 17.041 *et seq.*, and that the exercise of personal jurisdiction is consistent with federal and state

2

constitutional due process guarantees. Plaintiffs further allege that Defendants entered into a Supplier Agreement with Superior, that the contract by its terms was to be performed in whole or in part in Texas, and that the parties expressly consented to jurisdiction and venue in Dallas County, Texas.

## THE ORIGINAL COMPLAINT

9.     On August 21, 2014, Plaintiffs filed their Original Petition for money damages and injunctive relief. In their Original Petition, Plaintiffs alleged that Superior is an original equipment manufacturer and Federal Aviation Administration ("FAA") type certificate holder for an aviation gasoline ("Avgas") powered piston aircraft engine and related parts. Plaintiffs further alleged that Superior is also the holder of numerous Parts Manufacturing Approvals ("PMAs") issued by the FAA to Superior authorizing Superior to manufacture various replacement aircraft parts for Avgas powered engines originally manufactured by Lycoming Engines and Continental Motors.

10.     Plaintiffs allege that as a manufacturer of aircraft engines and parts it used multiple suppliers, and that Defendants were one of Superior's suppliers. Plaintiffs allege that Superior entered into a Supplier Agreement with Defendants, and that in connection with the Supplier Agreement, Superior entrusted to Defendants "various design drawings, engineering orders, casting/forging/drawings and test reports containing Superior's Intellectual Property. . . ." Plaintiffs allege that under the terms of the Supplier Agreement, Defendants agreed to maintain the confidentiality of Superior's drawings, data, and information, and that Defendants agreed to return the drawings, data, and information upon termination of the Supplier Agreement. Plaintiffs allege, however, that upon termination of the Supplier Agreement Superior requested that Defendants return "Superior's Intellectual Property" and Defendants only partially complied

3

with Superior's request. Plaintiffs' Original Petition seeks money damages and an injunction enjoining Defendants from reproducing, using, selling or transferring "Superior's Intellectual Property", and forcing Defendants to return all of "Superior's Intellectual Property" back to Superior.

11.     According to Superior's Original Petition, Kübler has, since the closing, returned to Superior "700 drawings created by Superior." Superior alleges that Kübler has retained "hundreds of 3D computer assisted design ("CAD") models created using Superior's drawings, data and information for approximately 362 aircraft parts for which Superior hold the exclusive PMA or type certificate. . . " and "hundreds of 2D drawings likewise created using Superior's drawings, data and information . . . ."

<u>TECHNIFY SATISFIES THE REQUIREMENTS FOR INTERVENTION</u>

12.     Rule 60 of the Texas Rules of Civil Procedure provides that "[a]ny party may intervene by filing a pleading subject to being stricken out by the court for sufficient cause on the motion of any party." To intervene successfully, a party must generally show that he has standing to maintain an original suit. *Quiroz v. Gray*, 2014 WL 1672045 * 4 (Tex. App. – El Paso); *Segovia-Slape v. Paxson*, 893 S.W.2d 694, 696 (Tex. App. – El Paso 1995 orig. proceeding). Where the intervenor makes a showing that (1) he could have brought the same action in his own name; (2) intervention would not have complicated the case; and (3) intervention was essential to protect his legal and equitable interests, it is an abuse of discretion to strike the plea in intervention. *Quiroz*, 2014 WL 1672045 at 5, *citing Guaranty Federal Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990); *Orion Reining Corp. v. UOP*, 259 S.W.3d 31, 749,777 (Tex. App.-Houston 2007).

4

13.     On July 22, 2013, Technify closed on an asset acquisition which gave it the sole and exclusive right to manufacture the Thielert line of aircraft diesel engines and aftermarket diesel engine parts. The acquisition included certain tangible and intangible assets that Superior now claims that it owns and that is the subject of the Original Petition (collectively referred to hereinafter as the "Property At Issue"). To date, Technify has received neither all nor part of the Property At Issue, which remains in the sole possession, custody, and control of Kübler.

14.     In a letter dated April 24, 2013, Superior notified Kübler that in accordance with Superior's Plan of Reorganization and Confirmation Order, Superior was requesting the return of the Property At Issue. Technify did not learn about Superior's claim until just prior to closing, when it came into possession of another letter from Superior dated July 9, 2013, reiterating Superior's request for return of the Property At Issue.

15.     Due to the uncertainty created by Superior's claim, Kübler and Technify agreed to segregate the Property At Issue from the rest of the Thielert assets and to proceed with the closing with the understanding that there would be no transfer of the Property At Issue until a final legal determination has been reached on the issue whether Kübler can transfer the Property At Issue to Technify or whether Kübler must transfer the Property At Issue to Superior.

16.     In the meantime, Kübler has acknowledged Technify's claim to the Property At Issue, and Kübler and Technify have agreed that in the event the Property At Issue cannot be transferred to Technify, Technify will be entitled to assert its claim against Kübler, on the condition that Kübler's potential damages will be limited to the sum of EUR 3,500,000. If the property cannot be transferred to Technify, then Technify's damages will far exceed EUR 3,500,000 and Technify contends that it will be entitled to the full EUR 3,500,000.

17.     Under the facts set forth above, Intervenor clearly has satisfied the standards for intervention. Intervenor has an interest in the Property At Issue, because Technify purchased the Property At Issue as part of its acquisition of the Thielert assets, and could have brought an action against both Superior and Kübler to assert its claim to the Property At Issue. Technify's petition for intervention cannot be said to have complicated Superior's action against Kübler and Thielert, since the Original Lawsuit has only been pending since August 21, 2014, and no proceedings of any substance have yet taken place. Finally, Technify needs to intervene in the action to protect its legal and equitable interests in the disposition of the Property At Issue, which is the subject of the Original Lawsuit.

18.     For the foregoing reason, Technify intervenes in this action pursuant to Texas Rule of Civil Procedure 60.

## COUNT I

## REQUEST FOR DECLARATORY JUDGMENT

19.     Intervenor realleges the facts set forth above and incorporates them by reference herein.

20.     Under Section 37.002 of the Texas Civil Practice & Remedies Code, the purpose of a declaratory judgment is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and it is to be liberally construed and administered."

21.     Technify has a justiciable interest in the Property At Issue by virtue of its acquisition of the Thielert assets (including the Property At Issue) and asks the Court to determine the respective rights of Superior, Kübler and Technify to the Property At Issue in the possession, custody and control of Kübler.

6

22.     If the Court determines that Technify has no rights in the Property At Issue and/or that Kübler cannot transfer the Property At Issue to Technify, then Technify asks that Court to determine the damages owed to Technify by Kübler.

## COUNT II

## CONTRACT DAMAGES

23.     Intervenor realleges the facts set for the above and incorporates them by reference herein.

24.     In connection with the purchase of the Thielert assets, Kübler and Technify have agreed that, in the event of a legal determination that Kübler must transfer the Property At Issue to Superior, Technify will have a claim for damages against Kübler not to exceed EUR 3,500,000.

25.     If the Court determines that Technify has no rights in the Property At Issue and/or that Kübler cannot transfer the Property At Issue to Technify and/or the Property At Issue is awarded to Superior, Technify's damages will far exceed the sum of EUR 3,500,000.

26.     Technify therefore prays for contract damages against in Kübler the amount of EUR 3,500,000.

## PRAYER FOR RELIEF

WHEREFORE, Intervenor respectfully prays that this Court:

1.     Issue a declaratory judgment determining the rights of Superior, Kübler, and Technify to the Property At Issue;

7

2.      If the Court determines that Technify has no rights in the Property At Issue and/or that Kübler cannot transfer the Property At Issue to Technify, then Technify asks that Court to determine the damages owed to Technify by Kübler;

3.      Issue a judgment in Technify's favor against Kübler in the amount of EUR 3,500,000; and

4.      Grant such other further relief as it deems proper and just.


Respectfully submitted,


By:_____
Ross Cunningham
Texas State Bar No. 24007062
ROSE WALKER LLP
3500 Maple Ave., Ste. 900
Dallas, TX 75219
214-752-8600
rcunningham@rosewalker.com
Counsel for Intervenor
TECHNIFY MOTORS GMBH

- and -

Will Skinner
Pro Hac Vice (pending)
SKINNER LAW GROUP
21600 Oxnard Street, Suite 1760
Woodland Hills, CA 91367
818.710.7708 *direct*
818.710.7701 *fax*
skinner@skinnerlawgroup.com


8

## CERTIFICATE OF SERVICE

I certify that all counsel of record who have entered an appearance have been served a copy of this document via email and regular mail on this the 19th day of September 2014:

Jerry Alexander
James F. Adams
Christopher A. Robison
Passman & Jones
1201 Elm Street, Suite 2500
Dallas, TX 75270-2599
COUNSEL FOR PLAINTIFFS

By:_____
        Ross Cunningham

EXHIBIT C(4)

DALLAS COUNT
9/22/2014 9:44:12 A
GARY FITZSIMMO
DISTRICT CLE

## CAUSE NO. DC-14-09151

| | | |
|---|---|---|
| SUPERIOR AIR PARTS, INC., | § | IN THE DISTRICT COURT |
| WEIFANG FREESKY AVIATION, | § | |
| TECHNOLOGY CO., LTD AND | § | |
| SUPERIOR AVIATION BEIJING CO., | § | |
| LTD. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | OF DALLAS COUNTY, TEXAS |
| v. | § | |
| | § | |
| BRUNO KÜBLER, IN HIS CAPACITY AS | § | |
| INSOLVENCY ADMINISTRATOR OF | § | |
| THIELERT AIRCRAFT ENGINES | § | |
| GMBH, AND THIELERT AIRCRAFT | § | |
| ENGINES GMBH, | | 191st JUDICIAL DISTRICT |

Defendants.

## DEFENDANTS' ORIGINAL ANSWER

Bruno Kübler, in his capacity as Insolvency Administrator of Thielert Aircraft Engines GMBH (the "Insolvency Administrator") and Thielert Aircraft Engines GmbH ("TAE"), Defendants in the above-referenced entitled and numbered cause, files this their Original Answer to Plaintiffs' Original Petition and in support thereof would respectfully show the Court the following:

### I.

### GENERAL DENIAL

Defendants the Insolvency Administrator and TAE generally deny all the allegations contained in Plaintiff's Original Petition and demand strict proof thereof.

## II.

### VERIFIED DENIAL

Defendants deny that TAE is a proper party to this action or that it has the legal capacity to be sued. Under German insolvency law, because TAE is currently in insolvency proceedings in Germany, the right to manage and transfer the insolvency estate is vested in the Insolvency Administrator.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that all relief requested by Plaintiffs be denied; that Plaintiffs take nothing against Defendants; that Defendants recover their costs and attorney's fees; and that Defendants recover such other and further relief, at law or in equity, to which they may be justly entitled.

Dated:    September 22, 2014

Respectfully submitted,

/s/ *Craig F. Simon*

Craig F. Simon, Esq.
State Bar No. 00784968
Matthew W. Ray
State Bar No. 00788248
SIMON, RAY & WINIKKA LLP
2525 McKinnon Street, Suite 540
Dallas, TX 75201
Telephone: (214) 871-2292
Facsimile: (469) 759-1699

***Counsel for Defendants***

DEFENDANTS' ORIGINAL ANSWER - Page 2

## VERIFICATION

My name is Luca Botica. My date of birth is April 02, 1980, and my address is KÜBLER, Aachener Str. 222, 50931 Köln, Germany. I declare under penalty of perjury that I have read the foregoing II – Verified Denial, and, to the best of my knowledge, information and belief the statement therein is true and correct.

_____

Luca Botica, on behalf of the
Insolvency Administrator

Executed on this 22nd day of September 2014.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of September, 2014, a true and correct copy of the foregoing document has been served on the parties listed below via the Court's ECF filing system, first class mail or other appropriate means.

Jerry Alexander
James Adams
Christopher Robison
PASSMAN & JONES
1201 Elm Street, Suite 2500
Dallas, TX 75270

Will S. Skinner
21600 Oxnard Street, Suite 1760
Woodland Hills, CA 91367
818.710.7708 direct
818.710.7701 fax

/s/ Craig F. Simon
Craig F. Simon

# EXHIBIT C(5)

DALLAS COUNT
9/25/2014 1:48:12 P
GARY FITZSIMMO
DISTRICT CLE

## CAUSE NO. DC-14-09151

| | | |
|---|---|---|
| SUPERIOR AIR PARTS, INC., | § | IN THE DISTRICT COURT |
| WEIFANG FREESKY AVIATION, | § | |
| TECHNOLOGY CO., LTD AND | § | |
| SUPERIOR AVIATION BEIJING CO., | § | |
| LTD. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | OF DALLAS COUNTY, TEXAS |
| v. | § | |
| | § | |
| BRUNO KÜBLER, IN HIS CAPACITY AS | § | |
| INSOLVENCY ADMINISTRATOR OF | § | |
| THIELERT AIRCRAFT ENGINES | § | |
| GMBH, AND THIELERT AIRCRAFT | § | |
| ENGINES GMBH, | § | 191st JUDICIAL DISTRICT |
| | § | |
| Defendants. | § | |

### DEFENDANTS' FIRST AMENDED ANSWER

Bruno Kübler, in his capacity as Insolvency Administrator of Thielert Aircraft Engines GMBH (the "Insolvency Administrator") and Thielert Aircraft Engines GmbH ("TAE"), Defendants in the above-referenced entitled and numbered cause, files this their First Amended Answer to Plaintiffs' Original Petition and in support thereof would respectfully show the Court the following:

#### I.

#### GENERAL DENIAL

1.    Defendants the Insolvency Administrator and TAE generally deny all the allegations contained in Plaintiff's Original Petition and demand strict proof thereof.

## II.

## VERIFIED DENIAL

2.      Defendants deny that TAE is a proper party to this action or that it has the legal capacity to be sued. Under German insolvency law, because TAE is currently in insolvency proceedings in Germany, the right to manage and transfer the insolvency estate is vested in the Insolvency Administrator.

## III.

## AFFIRMATIVE AND OTHER DEFENSES

3.      Plaintiffs' Petition fails to state a claim on which relief can be granted.

4.      Plaintiffs' claims are barred in whole or in part by the release.

5.      Plaintiffs' claims are barred in whole or in part by laches.

6.      Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

7.      Plaintiffs' claims are barred in whole or in part by estoppel and/or waiver.

8.      Plaintiffs claims, in whole or in part, are not ripe for adjudication.

9.      Plaintiffs, collectively and singularly, are not entitled to recover punitive or exemplary damages because the requirements of applicable law regarding such damages are not met by the facts set forth in the Petition. Defendants further assert that any award of punitive or exemplary damages in this case would violate the Due Process clauses contained in the Texas Constitution and the Fourteenth Amendment to the United States Constitution. Alternatively, Defendants invoke the limitations on the amount of recovery of exemplary damages under Texas law. *See* Tex. Civ. Prac. & Rem. Code § 41.008.

DEFENDANTS' FIRST AMENDED ANSWER - Page 2

WHEREFORE, PREMISES CONSIDERED, Defendants pray that all relief requested by Plaintiffs be denied; that Plaintiffs take nothing against Defendants; that Defendants recover their costs and attorney's fees; and that Defendants recover such other and further relief, at law or in equity, to which they may be justly entitled.


Dated:      September 25, 2014

                                        Respectfully submitted,

                                        /s/ *Craig F. Simon*
                                        Craig F. Simon, Esq.
                                        State Bar No. 00784968
                                        Matthew W. Ray
                                        State Bar No. 00788248
                                        SIMON, RAY & WINIKKA LLP
                                        2525 McKinnon Street, Suite 540
                                        Dallas, TX 75201
                                        Telephone:  (214) 871-2292
                                        Facsimile:  (469) 759-1699

                                        ***Counsel for Defendants***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 25[nd] day of September, 2014, a true and correct copy of the foregoing document has been served on all parties listed below in accordance with the Texas Rules of Civil Procedure.

Jerry Alexander
James Adams
Christopher Robison
PASSMAN & JONES
1201 Elm Street, Suite 2500
Dallas, TX 75270

Will S. Skinner
21600 Oxnard Street, Suite 1760
Woodland Hills, CA 91367

*/s/ Craig F. Simon*
Craig F. Simon