IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUPERIOR AIR PARTS, INC., WEIFANG FREESKY AVIATION, TECHNOLOGY CO., LTD AND SUPERIOR AVIATION BEIJING CO., LTD. | § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:14-cv-03492 |
| v. | § § | |
| BRUNO KÜBLER, IN HIS CAPACITY AS INSOLVENCY ADMINISTRATOR OF THIELERT AIRCRAFT ENGINES GMBH, AND THIELERT AIRCRAFT ENGINES GMBH, | § § § § § § | |
| Defendants, | § § | |
| VS. | § § | |
| TECHNIFY MOTORS GMBH, | § § | |
| Intervenor. | § § | |

**MOTION TO DISMISS AND OBJECTION TO
INTERVENOR'S CLAIMS AND BRIEF IN SUPPORT**

## TABLE OF CONTENTS

I. BACKGROUND FACTS .................................................................................................. 1

II. ARGUMENT AND AUTHORITIES............................................................................... 3

   A. Technify's Claims Should Dismissed Pursuant to Rule 12(b)(1) ....................... 3

      1. Technify Lacks Standing to Assert its Declaratory Judgment Claim .................. 3

      2. Technify's Damages Claim is Not Ripe................................................................ 5

   B. Technify's Intervention Fails to Meet the Requirements of Federal Rule of Civil Procedure 24 ............................................................................................. 7

      1. Technify Cannot Meet the Standards for Intervention of Right .......................... 8

         a. Technify does not have a Sufficient Interest ..................................................... 9

         b. The Insolvency Administrator Adequately Represents Technify's Interest... 11

      2. Technify Cannot Meet the Standards for Permissive Intervention .................... 12

III. CONCLUSION............................................................................................................... 15

## TABLE OF AUTHORITIES

**CASES**

*Accardo v. America First Lloyd's Ins. Co.*, Civ. A. No. H-11-0008, 2012 WL 1576022 (S.D. Tex. May 3, 2012) .................................................................................................................................. 6
*Adams v. Consol. Wood Prods. Emp. Ben. Plan*, 2:10-CV-310-TJW, 2011 WL 665821 (E.D. Tex. Feb. 14, 2011) .................................................................................................................................. 7
*Armstrong v. Capshaw, Goss and Bowers, LLP*, 404 F.3d 933 (5th Cir. 2005) ............................... 7, 14
*Bank One, Texas, N.A. v. Elms*, 764 F.Supp. 85 (N.D. Tex. 1991) ................................................. 7, 15
*Bear Ranch, LLC v. HeartBrand Beef, Inc.*, 286 F.R.D. at 313 (S.D. Tex. 2012) .............. 7, 8, 9, 12, 14
*Cal Data Systems, Inc. v. NCS Pearson, Inc.*, Civil Action No. H-07-1390, 2008 WL 1730539 (S.D. Tex. April 10, 2008) ................................................................................................................... 13
*Collin County, Texas v. HAVEN*, 915 F.2d 167 (5th Cir. 1990) ...................................................... 4, 5
*Crum v. Miss. Municipal Svcs., Inc.*, No. Civ. A. 3:97CV212–D–A, 1998 WL 378333 (N.D. Miss. March 30, 1998) .................................................................................................................................. 4
*Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734 (S.D. Tex. 1998) ..................................... 6
*Hartford Ins. v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002) ........................................................... 3
*Higgins v. Texas Dept. of Health Svcs.*, 801 F. Supp. 2d 541 (W.D. Tex. 2011) ............................. 3
*Kneeland v. NCAA*, 806 F.2d 1285 (5th Cir. 1987) ....................................................................... 11
*League of United Latin American Citizens, Council No. 4434 v. Clements*, 884 F.2d 185 (5th Cir. 1989) .................................................................................................................................. 12, 14
*Martin v. Kalvar Corp.*, 411 F.2d 552 (5th Cir. 1969) ..................................................................... 8
*New Orleans Public Service, Inc. v. United Gas Pipe Line, Co.*, 732 F.2d 452, 463 (5th Cir.1984) (en banc), .................................................................................................................... 9, 10, 12, 13
*Ondova Ltd. Co. v. Manila Indus., Inc.*, 513 F.Supp.2d 762 (N.D. Tex. 2007) ................................ 4
*Ouch v. Sharpless*, 237 F.R.D. 163 (E.D. Tex. 2006) .................................................................. 9, 12
*Patterson v. Planned Parenthood of Houston*, 971 S.W.2d 439 (Tex. 1998) ................................. 6
*Rigco, Inc. v. Rauscher Pierce Refsnes, Inc.*, 110 F.R.D. 180 (N.D. Tex. 1986) ......................... 9, 10, 11
*Roman Catholic Diocese of Dallas v. Sebelius*, 927 F. Supp. 2d 406 (N.D. Tex. 2013) .................. 3
*Standard Fire Ins. Co. v. Sassin*, 894 F. Supp. 1023 (N.D. Tex. 1995) ........................................... 4
*Texas v. U.S.*, 523 U.S. 296 (1998) ................................................................................................. 6

**STATUTES**

28 U.S.C. § 1367(a) ......................................................................................................................... 7
Fed. R. Civ. P. 24 ............................................................................................................................. 7
Tex R. Civ. P. 60 .............................................................................................................................. 1

Defendants Bruno Kübler ("Kübler"), in his capacity as Insolvency Administrator of Thielert Aircraft Engines GmbH and Thielert Aircraft Engines GmbH (collectively, "Defendants" or the "Insolvency Administrator") submit this Motion to Dismiss and Objection to Intervenor's Claims, and in support thereof respectfully state:

The claims of the Intervenor, Technify Motors GmbH ("Technify"), should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because Technify does not have standing to assert its declaratory judgment claim and because Technify's claim for damages is not ripe. Additionally, and in the alternative, Defendants object to Technify's intervention in this case because the Petition in Intervention, which was filed in state court prior to removal of this action, does not satisfy the requirements of Fed. R. Civ. P. 24.[1]

## I. BACKGROUND FACTS

This action concerns a dispute between Plaintiff Superior Air Parts, Inc. ("Superior") and Defendants regarding certain documents and information in the possession of Defendants that Superior contends it owns and that Defendants are not entitled to use or transfer.

Technify filed its Petition in Intervention and Request for Declaratory Judgment (the "Petition in Intervention") in Texas state court on September 19, 2014, prior to Defendants' removal of this action. In Texas state court, intervention does not require a motion or leave of court but may be "stricken out by the court for sufficient cause on the motion of any party." Tex. R. Civ. P. 60. Technify neither filed a motion to intervene

---

[1] Defendants also plan, and reserve the right, to seek dismissal of Technify's claims against them on the grounds of *forum non conveniens*. Technify's claims are the subject of a contractual forum selection clause that provides for the exclusive jurisdiction of the courts in Germany.

1

nor sought leave of court to do so.

According to the Petition in Intervention[2], Technify closed on an asset acquisition with the Insolvency Administrator as seller during July 2013. Technify alleges that the transaction included certain tangible and intangible assets (referred to by Technify as the "Property at Issue") that Plaintiff Superior Air Parts, Inc. ("Superior") now claims it owns and is the subject of the dispute between Superior and the Insolvency Administrator. Technify further alleges that, because Superior had asserted claims to the Property at Issue prior to the closing of the sale, the Insolvency Administrator and Technify agreed to segregate such property from the assets that were transferred to Technify pursuant to the sale. Technify claims that, during 2013 when it learned that Superior had asserted claims against the Insolvency Administrator related to the Property at Issue, it reached an agreement with the Insolvency Administrator that permits Technify to seek damages from the Insolvency Administrator "in the event the Property at Issue cannot be transferred to Technify…" (Pet. at ¶ 16.)

Based solely on these allegations, Technify has attempted to bring two claims in this action. First, in its declaratory judgment count, Technify asks the Court "to determine the respective rights of Superior, Kübler and Technify to the Property At Issue in the possession, custody and control of Kübler." (Pet. at ¶ 21.) Second, in its contract damages count, Technify asks the Court to determine the damages owed to Technify by Kübler and to award it "contract damages against Kübler in the amount of EUR 3,500,000." (Pet. at ¶ 26.)

---

[2] To the extent necessary, Defendants reserve the right to offer evidence on any disputed facts necessary to resolve this motion. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 176 (5th Cir. 1990) (court may resolve disputed facts if necessary to decide motion to dismiss for lack of jurisdiction under 12(b)(1)).

## II.  ARGUMENT AND AUTHORITIES

A. **Technify's Claims Should Dismissed Pursuant to Rule 12(b)(1)**

"The Court must dismiss a cause for lack of subject matter jurisdiction 'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Higgins v. Texas Dept. of Health Svcs.*, 801 F. Supp. 2d 541, 547 (W.D. Tex. 2011), citing *Home Builder Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A motion to dismiss for lack of Article III standing is properly considered under Rule 12(b)(1). *Id.* The same is true for ripeness. *See Roman Catholic Diocese of Dallas v. Sebelius*, 927 F. Supp. 2d 406, 415 (N.D. Tex. 2013) ("Standing and ripeness are required elements of subject matter jurisdiction and are therefore properly challenged on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss.").

Technify, as the party seeking to invoke the Court's subject matter jurisdiction, bears the burden of establishing it. *See Hartford Ins. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). Both standing and ripeness are "required elements of subject matter jurisdiction." *Roman Catholic Diocese of Dallas*, 927 F. Supp. 2d at 415. Because Technify lacks standing to assert its declaratory judgment claim and because its damages claim is not ripe, both claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1).

1. **Technify Lacks Standing to Assert its Declaratory Judgment Claim**

The fact that a plaintiff brings a declaratory judgment claim does not exempt it from Article III's standing requirements. The Fifth Circuit has recognized that:

> [A] party who has an interest in the outcome of future litigation can petition the court for a declaration of its rights and liabilities. However, the Act does not extend to all possible interests a party may

possess. The courts have long held that only parties with legal interests threatened in an actual controversy have standing to sue under the Declaratory Judgment Act.

*Collin County, Texas v. HAVEN,* 915 F.2d 167, 171 (5th Cir. 1990). The federal Declaratory Judgment Act determines whether Technify has standing to bring its claims. *Standard Fire Ins. Co. v. Sassin,* 894 F. Supp. 1023, 1025-26 (N.D. Tex. 1995) ("In this declaratory judgment action, in which subject matter jurisdiction is based solely on diversity, federal law governs whether a justiciable controversy exists within the purview of the Declaratory Judgment Act."). However, even if the Texas statute applied, the result would be the same because both state and federal law require that there be an actual case or controversy between the parties. *Ondova Ltd. Co. v. Manila Indus., Inc.,* 513 F.Supp.2d 762, 776 (N.D. Tex. 2007).

Technify's declaratory judgment claim must be dismissed because there is no justiciable controversy between Technify and Defendants. "A party bringing a declaratory judgment action must have been a proper party had the defendant brought suit on the underlying cause of action." *Collin County,* 915 F.2d at 170; *see also Crum v. Miss. Municipal Svcs., Inc.,* No. Civ. A. 3:97CV212–D–A, 1998 WL 378333 at * 2 (N.D. Miss. March 30, 1998) ("plaintiffs may not maintain the present declaratory judgment action if they would not have been appropriate parties against these defendants in the underlying disputed action."). Here, Technify would not have been a proper party to a lawsuit had Defendants sued Superior regarding the documents and information at issue between those parties.

Moreover, Technify's pleadings make it clear that it has no stake in the dispute between Superior and Defendants. To the contrary, any interest Technify might have has already been contractually resolved. In the event Superior prevails on its claims against

4

Defendants, Technify has a right to seek damages from Defendants not to exceed EUR 3.5 million. If Defendants prevail, Technify will, under the terms of its contract with the Insolvency Administrator, receive the property. Thus, even if Technify otherwise would have had an interest in the controversy between Superior and Defendants, it contractually eliminated that interest by negotiating and entering into a contract with the Insolvency Administrator regarding the same documents and information.

In sum, the Insolvency Administrator could not have properly named Technify as a defendant in a suit to determine rights to the Property at Issue between Superior and the Insolvency Administrator. That is a dispute between Superior and the Insolvency Administrator, not between the Insolvency Administrator and Technify. Further, due to its contract with the Insolvency Administrator, Technify does not have any legitimate interest in Property at Issue. Finally, Technify has no relationship whatsoever with Superior. Thus, Technify lacks standing to seek a declaratory judgment related to the Property at Issue, and its claim must be dismissed. *See, e.g., Collin County,* 915 F.2d at 172 (vacating and dismissing declaratory judgment claim because, where plaintiff could not have been sued by defendant on underlying claim, plaintiff did not have standing; while court recognized the plaintiffs' "interests in the outcome" of litigation between the defendant and others, such interest were not "adverse legal interests" that would permit standing).

2. **Technify's Damages Claim is Not Ripe**

Technify's second cause of action requests that the Court award it "contract damages" against the Insolvency Administrator "if the Court determines that Intervenor has no rights in the Property At Issue and/or that [the Insolvency Administrator] cannot transfer the Property at Issue." *See* Pet. at ¶¶ 24, 26; Prayer for Relief. By its express

5

terms, this claim is not ripe because it requires adjudication of the real dispute (Superior's claims against the Insolvency Administrator) before it matures. If, as expected, the Court ultimately rules in Defendants' favor with respect to the Property at Issue, the Insolvency Administrator will transfer the Property at Issue to Technify and, as a result, Technify's second claim would never arise, or, at a minimum, would be dramatically different than if the Insolvency Administrator had not transferred such property.

Simply put, the facts necessary to adjudicate this claim are not yet known and may never exist. Because recovery on Technify's damages claim depends on—and could be rendered moot by—resolution of the main dispute between Superior and the Insolvency Administrator, Technify's second count is not ripe. *See, e.g., Texas v. U.S.*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'") (internal citations omitted); *see also Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 738 (S.D. Tex. 1998) (claims were not ripe because they involved "uncertain and contingent future events."); *Patterson v. Planned Parenthood of Houston*, 971 S.W.2d 439, 442-44 (Tex. 1998) (noting rule that a "case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass" and dismissing unripe claim). Technify is essentially asking the Court for damages under a contract before there has been any breach of that contract or an obligation triggered by it. Such a request is premature. *See, e.g., Accardo v. America First Lloyd's Ins. Co.*, Civ. A. No. H-11-0008, 2012 WL 1576022 at * 3 (S.D. Tex. May 3, 2012) (dismissing breach of contract claim against insurer arising out of insurance policy because "contractual duty to pay UM benefits under the policy does not arise until

the Accardos obtain such a judgment" and "[u]ntil the [plaintiffs] litigate the unknown driver's liability in this action, their breach of contract claim is unripe."). Because Technify's contract damages claim is not yet ripe, it should be dismissed for lack of subject matter jurisdiction.

**B.    Technify's Intervention Fails to Meet the Requirements of Federal Rule of Civil Procedure 24**

Although Technify filed its Petition in Intervention in state court, Federal Rule of Civil Procedure 24 governs the propriety of Technify's intervention now that the case has been removed. *See Armstrong v. Capshaw, Goss and Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) ("Once Armstrong removed the lawsuit from state court, however, the action was governed by federal, rather than state, procedural rules. Armstrong was therefore required to meet federal intervention standards to remain as an intervenor in the removed case."); *Bank One, Texas, N.A. v. Elms*, 764 F.Supp. 85, 88 (N.D. Tex. 1991) (following removal, "the court is to look to Fed. R. Civ. P. 24 in the evaluation of whether FDIC should remain in this case as an intervenor.").

In addition to meeting the standards for intervention in Rule 24, Technify must have "independent jurisdiction grounds" for its claims. *See, e.g., Bear Ranch, LLC v. HeartBrand Beef, Inc.*, 286 F.R.D. 313, 318 (S.D. Tex. 2012); *see also Adams v. Consol. Wood Prods. Emp. Ben. Plan*, 2:10-CV-310-TJW, 2011 WL 665821 at *5 (E.D. Tex. Feb. 14, 2011) (permissive joinder allowed when, among other things, the intervenor "has an independent basis for jurisdiction, if jurisdiction in the original action was based on diversity of citizenship."). Where jurisdiction in the underlying case is based on diversity, the intervenor must rely on the proper exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a), "which grants jurisdiction 'over all other claims that are so related to

7

claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III...."' *Bear Ranch*, 286 F.R.D. at 318, citing 28 U.S.C. § 1367(a). Here, Technify's contract damage claim is not "so related" to the underlying claims so as to form the same "case or controversy." The dispute between the Insolvency Administrator and Superior arises out of business dealings between Thielert Aircraft Engines and Superior over a number of years, beginning with a Supplier Agreement entered in 2001. On the other hand, Technify's damage claim arises solely out of the 2013 Agreement between Technify and Dr. Kübler. The claim is entirely unrelated and does not arise out of the same "common nucleus of operative fact" nor from the "same incident, contract or injury." *Id.* Accordingly, there is no independent jurisdictional basis for Technify's damages claim and it should be dismissed.

Technify's claims also fail under Rule 24, which authorizes two types of Motions to Intervene: (1) intervention as a matter of right under Rule 24(a); and (2) permissive intervention under Rule 24(b). *See* Fed. R. Civ. P. 24; *see also Martin v. Kalvar Corp.*, 411 F.2d 552, 552-53 (5th Cir. 1969). Technify's effort to intervene fails to satisfy either basis for intervention under Rule 24.

1. **Technify Cannot Meet the Standards for Intervention of Right**

Rule 24(a)(2) allows intervention when four factors are met: "(1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which [it] seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect [its] interest; and (4) the existing parties do not adequately represent the potential intervenor's interest." *See* Fed. R. Civ. P. 24(a)(2); *see also Bear Ranch*, 286 F.R.D. at 315. Importantly, a "[f]ailure to satisfy any one requirement

precludes intervention of right." *Id.* (internal citations omitted); *see also Ouch v. Sharpless*, 237 F.R.D. 163, 165 (E.D. Tex. 2006) ("if an intervenor fails to meet one of these elements, the intervenor cannot intervene as a matter of right."). Here, Technify fails to meet at least two of the elements to allow intervention under 24(a)(2).

### a. Technify does not have a Sufficient Interest

First, Technify does not have a sufficient interest "related to the property or transaction" at issue. As this court has recognized, "[t]he term 'interest' is narrowly read to mean a direct and substantial interest in the proceedings." *Rigco, Inc. v. Rauscher Pierce Refsnes, Inc.*, 110 F.R.D. 180, 183 (N.D. Tex. 1986), citing *New Orleans Public Service, Inc. v. United Gas Pipe Line, Co.*, 732 F.2d 452, 463 (5th Cir.1984) (en banc), *cert. denied sub nom., Morial v. United Gas Pipe Line Co.*, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). Courts in this Circuit have long found that "a valid interest under Rule 24(a)(2) must be 'direct, substantial, and legally protectable,' which requires a showing of something more than a mere economic interest." *Ouch v. Sharpless*, 237 F.R.D. at 166 (internal citations omitted).

Technify's Petition in Intervention makes clear that its only interest in this dispute is an economic interest that is contingent on the outcome of the underlying dispute between Superior and the Insolvency Administrator. The Petition in Intervention notes that, as part of its acquisition of the rights to manufacture the Thielert line of engines and parts, it acquired "certain tangible and intangible assets [the Property at Issue] that Superior now claims it owns and that is the subject of the Original Petition." Pet. at ¶ 13. Technify asserts that the Property at Issue was not transferred with the rest of the Thielert assets because Technify and the Insolvency Administrator agreed to proceed with the closing with the understanding that there would be no transfer of the Property at Issue

until a final legal determination has been reached regarding the dispute between Superior and Dr. Kübler. *Id.* at ¶ 15. Technify also alleges that the Insolvency Administrator and Technify agreed that, in the event the Property at Issue cannot be transferred to Technify, Technify will be entitled to assert a claim against the Insolvency Administrator on the condition that any damages will be limited to the sum of EUR 3,500,000. *Id.* at ¶ 16.

These assertions demonstrate that Technify's interest is not "direct, substantial and legally protectable." First, any interest Technify has in the Property at Issue is contingent on and derivative of the Insolvency Administrator's interest. The only way Technify has an interest in the Property at Issue is if Dr. Kübler succeeds in the underlying dispute and thus establishes his right to transfer the Property at Issue. Such an interest is, of course, contingent on the outcome of the underlying action. Courts have recognized that a "contingent sort of interest" based on the outcome of litigation "does not meet the Fifth Circuit test for direct, substantial, legally protectable interest in proceedings which will permit intervention as of right under Rule 24(a)(2)." *See, e.g., Rigco,* 110 F.R.D. at 183.

Second, if Superior succeeds in its claims against Defendants, Technify has already agreed to accept any damages that it may be entitled to in lieu of receiving the Property at Issue. Accordingly, Technify's interest, if any, is an economic one. But, such an interest is insufficient under Rule 24(a)(2). *See, e.g., New Orleans Public Service, Inc.,* 732 F.2d at 466 ("We hold that an economic interest alone is insufficient, as a legally protectable interest is required for intervention under Rule 24(a)(2), and such intervention is improper where the intervenor does not itself possess the only substantive legal right it seeks to assert in the action."); *Rigco,* 110 F.R.D. at 184 (rejecting shareholder's attempt

to intervene because their "interest is purely economic and a purely economic interest is insufficient to justify intervention under Rule 24(a)(2).").

### b. The Insolvency Administrator Adequately Represents Technify's Interest

Technify's intervention also must be rejected because Dr. Kübler adequately represents any possible interest held by Technify. While Technify's declaratory judgment claim simply asks the Court to "determine the respective rights of Superior, Kübler and Technify to the Property At Issue," a reading of the Petition in Intervention suggests that Technify's preferred outcome is a determination that Insolvency Administrator can transfer the Property at Issue to Technify. As a result, and to that extent, Technify's interest should align with the Insolvency Administrator's.

"This circuit holds that when the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance." *Kneeland v. NCAA*, 806 F.2d 1285, 1288 (5th Cir. 1987), citing *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir.1984). Thus, "the rule is that representation is adequate if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor and if the representative does not fail in the fulfillment of his duty." *Martin*, 411 F.2d at 553.

Technify does not allege that Dr. Kübler is colluding with Superior or that he is guilty of any nonfeasance. In fact, the Insolvency Administrator and Superior have been engaged in extensive and ongoing litigation pursuant to which Dr. Kübler is vigorously defending the Insolvency Administrator's rights in the Property at Issue. The Insolvency

11

Administrator has no interest adverse to Technify. Rather, Dr. Kübler has every interest in establishing that the Property at Issue can be properly transferred to Technify. Thus, the Insolvency Administrator more than "adequately represents" Technify's interest.

Because Technify fails to meet at least two of the four elements required for intervention of right under Rule 24(a)(2), Technify's intervention should be rejected.

### 2. Technify Cannot Meet the Standards for Permissive Intervention

Technify also fails to satisfy the permissive intervention standards of Rule 24(b). That rule "gives district courts discretion to allow intervention when '(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.'" *Bear Ranch*, 286 F.R.D. at 318. Further, when acting on a request for permissive intervention, "a district court should consider, among other factors, whether the intervenors are adequately represented by other parties and whether they are likely to contribute significantly to the development of the underlying factual issues." *League of United Latin American Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989) (internal citations omitted). "District courts are given broad discretion in granting motions to intervene under Rule 24(b)(2)." *Id.* Indeed, "[p]ermissive intervention is 'wholly discretionary,' even if the intervenor satisfies the requirements of Rule 24(b)." *Ouch*, 237 F.R.D. at 166, citing *New Orleans Public Service*, 732 F.2d at 471.

Technify cannot meet its burden to show that permissive intervention is appropriate. First, Technify's damages claim does not share common questions of law or fact with the underlying dispute between Superior and the Insolvency Administrator. While the dispute between Dr. Kübler and Superior centers around business dealings

between Thielert Aircraft Engines and Superior over a number of years, Technify's damages claim is based solely on the 2013 Agreement between Technify and Dr. Kübler. It has nothing to do with the TAE/Superior business dealings. Where the intervenor's claim is not sufficiently linked to the issues in the underlying dispute, dismissal is appropriate. *See, e.g., Cal Data Systems, Inc. v. NCS Pearson, Inc.*, Civil Action No. H-07-1390, 2008 WL 1730539 at *3, n.1 (S.D. Tex. April 10, 2008) (rejecting permissive intervention where claims were "unrelated to the contracts in dispute between" the underlying parties because "Rule 24(b)(2) provides for permissive intervention only if the intervenor's claim or defense and the main action have a question of law or fact in common.").

Even if Technify could establish that its claims are sufficiently related to the underlying claims, the other factors—whether Technify's interests are adequately represented and whether Technify will significantly contribute to the full development of the underlying factual issues in the suit—point toward exercising discretion to deny intervention. *See, e.g., New Orleans Pub. Serv., Inc.*, 732 F.2d at 470-71, citing Wright & Miller, *Federal Practice and Procedure: Civil* § 1913 at 551 ("Permissive intervention 'is wholly discretionary with the [district] court ... even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.'"). When addressing adequacy of representation in the permissive intervention context (just as in the context of intervention of right), "[w]hen a proposed intervenor possesses the same ultimate objectives as an existing litigant, the intervenor's interests are presumed to be adequately represented absent a showing of adversity of interest, collusion, or nonfeasance." *Clements*, 884 F.2d at 189. As set out above, the Insolvency

13

Administrator's interest is clearly and indisputably to obtain a ruling that permits him to transfer the Property at Issue to Technify. As noted above, this is presumably a goal shared by Technify. Accordingly, Technify's attempt to intervene should be rejected.

Additionally, Technify is not "likely to contribute significantly to the development of the underlying factual issues." As noted, Dr. Kubler will adequately represent Technify's interest as set out in the declaratory judgment claim, and Technify's second claim (for damages) arises solely out of the 2013 Agreement, a document that is entirely separate from and unrelated to the issues in the underlying litigation. Technify's damages claim also depends on and arises only at the conclusion of the underlying litigation, which is grounds to deny permissive intervention:

> The Court notes, however, that even if [Intervenor] could meet the jurisdictional and Rule 24(b) prerequisites, the Court would exercise its discretion to deny permissive intervention. [Intervenor's] intervention would not produce the efficiency gains that justify intervention. The gravamen of [Intervenor's] complaint. . . is implicated only in the event that [Plaintiff] prevails. **Because that contingency would arise only at the completion of the litigation between [Plaintiff and Defendant], [Intervenor's] involvement would only add a new chapter to this litigation raising distinct issues of contractual interpretation.**

*Bear Ranch,* 286 F.R.D. at 318 (emphasis added).

\*   \*   \*

Because Technify cannot meet the requirements of either intervention of right under Rule 24(a) nor permissive intervention under Rule 24(b), the Court should deny Technify's attempt to intervene. *See, e.g., Armstrong,* 404 F.3d at 936-37 (affirming district court's decision to review and reject intervenor's status under Rule 24 following removal); *Bank One, Texas,* 764 F.Supp. at 90 (dismissing intervenor following removal where intervenor did not meet Rule 24 standards).

## III. CONCLUSION

Technify lacks standing to pursue its declaratory judgment claim, and its damages claim is not ripe and has been improperly joined. Accordingly, Technify's claims should be dismissed. Moreover, and in the alternative, Technify's intervention is improper and should be stricken.

Dated:     October 10, 2014

Respectfully submitted,

/s/ *Craig F. Simon*
Craig F. Simon, Esq.
State Bar No. 00784968
Daniel P. Winikka, Esq.
State Bar No. 00794873
Matthew W. Ray, Esq.
State Bar No. 00788248
SIMON, RAY & WINIKKA LLP
2525 McKinnon Street, Suite 540
Dallas, TX 75201
Telephone: (214) 871-2292
Facsimile: (469) 759-1699

***Counsel for Dr. Bruno Kübler, in his Capacity as Insolvency Administrator of Thielert Aircraft Engines GmbH***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of October, 2014, a true and correct copy of the foregoing document has been served on the parties listed below via the Court's ECF filing system, first class mail or other appropriate means.

Counsel for Plaintiffs:

Jerry Alexander
James Adams
Christopher Robison
PASSMAN & JONES
1201 Elm Street, Suite 2500
Dallas, TX 75270

Counsel for Intervenor:

Ross Cunningham
Rose Walker LLP
3500 Maple Ave., Ste. 900
Dallas, TX 75219

/s/ Craig F. Simon
Craig F. Simon