IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SUPERIOR AIR PARTS, INC., et al., § § § Plaintiffs, § § v. § § BRUNO KÜBLER, IN HIS CAPACITY § AS INSOLVENCY ADMINISTRATOR § OF THIELERT AIRCRAFT ENGINES § GMBH, et al., § § Defendants, § § v. § § TECHNIFY MOTORS GMBH, § § Intervenor. § | Case No. 3:14-cv-3492-D |

## PLAINTIFFS' MOTION TO DISMISS, OR ALTERNATIVE RESPONSE TO, TECHNIFY MOTORS GMBH'S PETITION IN INTERVENTION

COME NOW, Plaintiffs Superior Air Parts, Inc., Weifang Freesky Aviation Technology Co., Ltd., and Superior Aviation Beijing Co., Ltd. (collectively the "*Plaintiffs*") and file this Motion to Dismiss, or Alternative Response to, Technify Motors GmbH's Petition in Intervention ("*Motion*") and respectfully show the Court as follows:

Before the above-styled action was improperly removed to Federal Court,[1] Technify Motors GmbH ("*Technify*") filed, pursuant to Rule 60 of the Texas Rules of Civil Procedure, a Petition in Intervention in the 191st Judicial District Court, Dallas County, Texas. *See* Petition in Intervention [Doc. No. 1, Exhibit C(3)]. In Texas state court, a party may intervene unless

---

[1] Defendants Thielert Aircraft Engines GmbH ("*TAE*") and Bruno Kübler ("*Kübler*") (collectively the "*Defendants*") improperly removed this case to Federal Court. Plaintiffs object to the Defendants' removal of this action and will be filing a motion to remand the case to state court. To the extent necessary, this Motion is subject to Plaintiffs' forthcoming motion to remand.

another party objects to the intervention via a "motion to strike" and the court agrees with the objection.[2]  *See* TEX. R. CIV. P. 60.  Once an action is removed to Federal Court, however, it is governed by federal, rather than state, procedural rules.  *Armstrong v. Capshaw, Goss & Bowers, L.L.P.*, 404 F.3d 933, 936 (5th Cir. 2005).  Therefore, Technify must meet the federal standards for intervention in order to intervene in this removed case.  *Id.*

As set forth in the attached Brief in Support of this Motion, Technify cannot meet the Federal standards for intervention for the following reasons:

- Technify does not have a direct, substantial, legally protectable interest in the so called "Property At Issue" insofar as its interest is solely derivative of the Defendants and contingent on the outcome of Plaintiffs' claims against Defendants.

- Technify's interest in the Property At Issue cannot be impaired or impeded by the disposition of this case because Technify and Kübler have already negotiated a contract addressing their respective rights based on the outcome of this action.

- The ultimate objective for both Kübler and Technify is to consummate their agreement for the transfer of the Property At Issue to Technify; therefore, Technify's interest in this proceeding is adequately represented by Kübler.

- Technify's putative breach of contract claim against Kübler does not have common questions of law or fact with Plaintiffs' claims against Defendants.

- Neither Technify nor its putative declaratory judgment claim add anything to this case since Technify's rights to the Property At Issue are derivative of Kübler's rights and since the relief sought by the declaratory judgment claim is already put at issue by Plaintiffs' claims and Defendants' defenses.  Thus, Technify's presence will unduly delay this proceeding and unnecessarily prejudice the original parties.

WHEREFORE, premises considered, Plaintiffs pray for the Court to dismiss or strike Technify's Petition in Intervention.

---

[2] In light of the differences between Federal and Texas pleading titles, the Plaintiffs have styled their motion as a motion to dismiss rather than a motion to strike.

Respectfully submitted,

*/s/ Jerry C. Alexander*
Jerry C. Alexander
Texas Bar No. 00993500
James F. Adams
Texas Bar No. 00863450
Christopher A. Robison
Texas Bar No. 24035720
Passman & Jones
1201 Elm Street, Suite 2500
Dallas, TX  75270-2599
Phone:  214-742-2121
Fax:  214-748-7949
COUNSEL FOR SUPERIOR AIR PARTS, INC.

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on October 10, 2014, pursuant to the Federal Rules of Civil Procedure, the foregoing instrument was served on counsel of record via ECF/PACER.

*/s/ Jerry C. Alexander*
Jerry C. Alexander