PURCHASE ORDER

**Superior Air Parts**
**621 South Royal Lane**
**Suite 100**
**Coppell TX 75019-3805**

Order number: 108508

| Supplier | Order date | Print date |
|---|---|---|
| 113041 | 02/11/12 | 2/14/12 |

**Delivery address**
Superior Air Parts Inc.
621 South Royal Lane
Suite 100
Coppell TX 75019-3805

**Order address**
CENTURION AIRCRAFT ENGINES
PLATANENSTRASSE
D-09350
LICHTENSTEIN, GERMANY

**Buyer**
Jeff Lochridge

**To:**
ANDREA BECHER

**Terms of payment**
Cash in Advance

**Internal Authorization**
*Jeffry Lochridge* (signature)

**Manner of transport**  JAS FORWARDING WORLDWIDE

\*\*\* FOR USE ON EXPERIMENTAL ENGINES AND COMPONENTS ONLY \*\*\*
\*\*\*\*\*\* QAM 003 DOES NOT APPLY TO THIS PURCHASE ORDER \*\*\*\*\*\*

| Product | Quantity | Del.date | Price | Discount | Prev. | |
|---|---|---|---|---|---|---|
| SX36800-R1 Rev A | 40 EA | 06/11/12 | 1470.000 | | Y | |
| | | | Line value: | | 58800.00 | USD |
| DO NOT MARK "FAA-PMA" | | | | | | |
| | | | Order total: | | 58800.00 | USD |

\*\* All Suppliers must comply with QAM003 Superior's Quality Requirements Manual \*\*

**Acknowledgement:** Sign and return by FAX to 1-866-743-3558

Signature _____   Date _____

## CONDITIONS

1. ACCEPTANCE BY SELLER. The acceptance of this order by Seller shall bind Seller to all the terms and conditions hereof.

2. ACKNOWLEDGEMENT. This order shall not be effective for any purpose nor shall Buyer be obligated to pay moneys called for hereunder unless and until Seller shall have signed and returned written acknowledgement and acceptance provided on opposite side hereof.

3. UNIT PRICES. Prices indicated herein are maximum but are to be adjusted downward to the lowest prices in effect on date of shipment if Seller's prices decline.

4. PACKING. All articles shall be suitably packed or otherwise prepared for shipment to prevent damage in transit, to assure the lowest transportation and insurance rates, and to meet carrier's requirements.

5. SUBSTITUTIONS. If Seller is unable to furnish any item on this order, in quantity, size or otherwise, exactly as specified and described, immediate advice to this effect must be sent to the Buyer (by return airmail where this will expedite delivery), indicating the best available substitute, with full description, statement as to interchangeability, and delivery time. Shipment of substitutes offered by the Seller and found to be acceptable by the Buyer, will be authorized through issuance of a SUPPLEMENT to this order. Unauthorized substitutions will be subject to refusal and to return at the Seller's expense.

6. INSPECTION. All items shall be subject to final inspection and approval following receipt thereof by the Buyer. Such inspection shall be made within a reasonable time after receipt, irrespective of the date of payment, and any items which are not at the time of inspection fully satisfactory to the Buyer may be rejected by the Buyer by notice to the Seller. The Buyer may hold any rejected articles for the instruction, and at the risk of the Seller or may return such items to the Seller at the Seller's expense. After such notice of rejection, title to and risk of loss of the items rejected shall be in the Seller. Buyer reserves the right to charge the Seller's account the cost of inspection material which does not conform to the specifications of this order. All conditions herein shall be construed as warranties and all warranties as conditions; and all agreements, representations, warranties and conditions shall survive acceptance of delivery of the items covered hereby.

7. RISK PRIOR TO DELIVERY. The articles ordered hereby shall remain at Seller's risk until delivered to the Buyer at the place of delivery designated by this order, but after notice of rejection of articles, such rejected articles shall be at Seller's risk. When final inspection is at place of origin, but delivery by Seller is at another place, Seller's risk shall continue until articles are delivered.

8. CLAIMS. The Seller shall indemnify and save harmless the Buyer, its officers, agents, employees, successors, assigns and lessees from all claims, proceedings, suits and action based upon, and all liabilities, damages, expenses and costs suffered or incurred by any of them by reason of, any illegal infringement or violation of any one or more patents or applications therefor or rights, arising out of the purchase, ownership, use or disposal of any item purchased hereunder.

9. CANCELLATION. If the Seller refuses or fails to make deliveries of the articles within the time specified in this order or any extension thereof, Buyer may terminate the right of Seller to deliver the articles, except when delay of Seller in delivering articles is due to unforeseeable causes beyond the control and without the fault or negligence of Seller, fires, floods, epidemics, quarantine restrictions, strikes, freight embargoes, but not including delays caused by subcontractor or suppliers, provided that the Seller, within ten (10) days from the beginning of such delay, notify Buyer in writing of the cause of delay. In the event party voluntary or involuntary, in bankruptcy, or insolvency, or under provisions of the United States Bankruptcy Act, or the appointment of a receiver or trustee or an assignee for the benefit of creditors of either party, the other party shall be entitled to cancel this contract with written notice.

10. ASSIGNMENT. This contract shall not be assigned by the Seller.

11. DISCOUNT PAYMENTS. Discount and payment periods will start from the date of the receipt by the Buyer. Buyer may pay Seller's invoice before delivery and complete inspection or test of the articles, and thereby avail itself of the cash discounts, but by such payments Buyer does not waive its right to reject the articles any may charge the account of Seller for any loss, shortage, defect, delay or other default.

12. MODIFICATION IN WRITING. Neither this Purchase Order nor any provision hereof may be amended or modified orally, but only by an instrument of writing by the party against which enforcement of the amendment of modification is sought.

13. CONFIDENTIAL. The Seller shall not disclose any details connected with the order to any third party except as herein specified without first obtaining the written consent of the Buyer.

14. This order shall insure to the benefit of and be binding upon the successors or assigns of the Seller, hereinafter referred to as the "Vendor", and of the Purchaser respectively.

15. Where the Purchaser supplies any constituent materials to complete this order, all covering packing and shipping documents, signed by a reasonable representative of the Vendor, must certify that the parts have been manufactured from properly identified and classified materials supplied by the Purchaser.

16. The Purchaser may at any time, by giving due notice to the Vendor, terminate, modify, or reduce this order. Upon such notice being given, the Vendor shall cease work, including the manufacturing and/or procuring of materials for the fulfillment of this order.

17. All tools, jugs, dies, patterns, gauges, equipment, material specifications, drawings, etc., loaned or supplied by the Purchaser to the Vendor for incorporation into or to aid in the manufacture of the parts covered by this order, are to be preserved in good condition and the Vendor shall be liable for any damage to the aforementioned Purchaser loaned items.

18. The Vendor is responsible for the security of the aforementioned Purchaser loaned items, loaned or issued for the execution of this order, and is to regard as confidential all technical data such as drawings, specifications loaned or issued for the execution of this order and must not copy or reproduce or allow to be copied or reproduced any information contained therein, without the written consent of the Purchaser. Title to all tools, jigs, dies, patterns, gauges, equipment, material specifications, drawings, etc., loaned or supplied by the Vendor shall remain vested in the Purchaser and shall be returned forthwith at the Purchaser's request, or disposed of according to instructions.

19. The Vendor shall not have any claim for damages, compensation, loss of profit, allowance or otherwise by reason of, or directly or indirectly arising out of, any actions taken or notice given by the Purchaser, except as and to the extent expressly provided under the terms of this purchase order.

20. The Vendor is responsible for the security of all parts and components manufactured in execution of this order. Nor part of parts, component of components relating to this order are to be released, sold or otherwise disposed of by the Vendor without the prior written permission of the Purchaser.