IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUPERIOR AIR PARTS, INC., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:14-CV-3492-D |
| v. | § | |
| | § | |
| BRUNO KUBLER, IN HIS CAPACITY | § | |
| AS INSOLVENCY ADMINISTRATOR | § | |
| OF THIELERT AIRCRAFT ENGINES | § | |
| GMBH, et al., | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| TECHNIFY MOTORS GMBH | § | |
| | § | |
| Intervenor. | § | |

**INTERVENOR TECHNIFY MOTORS GMBH'S
BRIEF IN SUPPORT OF MOTION TO REMAND**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

Summary ...................................................................................................................... 1

Background .................................................................................................................. 1

Arguments and Authorities ......................................................................................... 2

    A.  Diversity jurisdiction is lacking because there are citizens of foreign nations on either side of the controversy as the parties are currently aligned. ........................................................................................................ 3

    B.  Technify is a proper party to this action and should be aligned as a plaintiff, which would destroy diversity even if the Chinese Plaintiffs' citizenship is disregarded. .......................................................................... 4

        1.  Because Technify was a party to the case prior to removal, its citizenship must be considered in determining whether citizenship exists. ............................................................................................... 5

        2.  Technify is not a nominal or fraudulently joined party ...................... 6

        3.  Technify should be aligned as a plaintiff for purposes of diversity. ................. 8

        4.  Even if the Court aligns Technify with Defendants, the case should be remanded for both lack of diversity and removal without consent of all defendants. .......................................................................... 12

    C.  The Chinese Plaintiffs are not fraudulently misjoined or improperly joined. ...................................................................................................... 13

        1.  The Chinese Plaintiffs' claims are properly joined under Rule 20. ................. 13

        2.  The Chinese Plaintiffs are not fraudulently joined because they may maintain a cause of action against Defendants. ............................... 15

    D.  28 U.S.C. § 1452 does not provide a basis for removal of this action as a whole, and does not prevent remand. ....................................................... 15

Conclusion and Prayer ............................................................................................... 17

CERTIFICATE OF CONFERENCE ........................................................................ 18

CERTIFICATE OF SERVICE ................................................................................. 18

# TABLE OF AUTHORITIES

## Cases

*Ayres v. Sears*
  571 F. Supp. 2d 768 (W.D. Tex. 2008) ............................................................... 13

*Bosky v. Kroger Tex., LP*
  288 F.3d 208 (5th Cir. 2002) .............................................................................. 3

*Browning v. Navarro*
  743 F.2d 1069 (5th Cir. 1984) ........................................................................... 16

*Chesapeake Louisiana, L.P. v. Buffco Prod., Inc.*
  564 Fed. Appx. 751 (5th Cir. 2014) ......................................................... 9, 10, 11

*Chick Kam Choo v. Exxon Corp.*
  764 F.2d 1148, 1149 (5th Cir. 1985) ............................................................... 3, 4

*City of Indianapolis v. Chase Nat'l Bank of City of New York*
  314 U.S. 63 (1941) ............................................................................................. 8

*Cross v. Bankers Multiple Line Ins. Co.*
  810 F. Supp. 748 (N.D. Tex. 1992) ................................................................... 3

*Eastus v. Blue Bell Creameries, L.P.*
  97 F.3d 100 (5th Cir. 1996) ............................................................................... 3

*Ekholm v. T.D. Ameritrade, Inc.*
  3:13-CV-0142-D, 2013 WL 4223128 (N.D. Tex. Aug. 14, 2013) (Fitzwater, C.J.) ............ 11

*Esquivel v. GAC Express Inc.*
  No. SA-05CA1025XR, 2005 WL 345114 (W.D. Tex. Nov. 28, 2005) .................................. 3

*Gasch v. Hartford Accident & Indemnity Co.*
  491 F.3d 278 (5th Cir. 2007) ............................................................................. 3

*Grassi v. Ciba-Geigy, Ltd.*
  894 F.2d 181 (5th Cir. 1990) ............................................................................. 13

*Griffin v. Lee*
  621 F.3d 380 (5th Cir. 2010) ......................................................................... 9, 11

*Helms v. Ehe*
  279 F. Supp. 132 (S.D. Tex. 1968) ..................................................................... 5

*In re Babcock & Wilcox Co.*
  CIV. A. 01-912, 2001 WL 1095031 (E.D. La. Sept. 18, 2001) ............................ 7-8

*In re Lease Oil Antitrust Litig.*
  570 F.3d 244 (5th Cir. 2009) ............................................................................. 8

*Indemnity Ins. Co. of N.A. v. First Nat'l Bank at Winter Park, Fla.*
  351 F.2d 519 (5th Cir. 1965) .......................................................................... 8-9

*Jernigan v. Ashland Oil, Inc.*,
  989 F.2d 812 (5th Cir. 1989) .................................................................. 2

*New Orleans Public Serv., Inc. v. United Gas Pipe Line Co.*
  732 F.2d 452 (5th Cir. 1984) .................................................................. 7

*Norwood v. Grocers Supply Co. Inc.*
  12-CV-751, 2013 WL 686410 (W.D. La. Feb. 25, 2013) .................. 5, 8

*Penson Fin'l Servs., Inc. v. Golden Summit Investors Grp., Ltd.*
  3:12-CV-300-B, 2012 WL 2680667 (N.D. Tex. July 5, 2012) ............. 7

*Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*
  99 F.2d 746 (5th Cir. 1996) .................................................................. 13

*Texas Beef Group v. Winfrey*
  201 F.3d 680 (5th Cir. 2010) .................................................................. 5

*Travis v. Irby*
  326 F.3d 644 (5th Cir. 2003) ................................................... 7, 13, 15

*United Mine Workers of America v. Gibbs*
  383 U.S. 715 (1966).............................................................................. 14

*York Hannover Holding, A.G. v. American Arbitration Ass'n*
  794 F. Supp. 118 (S.D.N.Y. 1992) ...................................................... 12

*Zaini v. Shell Oil Co.*
  853 F. Supp. 960 (S.D. Tex. 1994) ........................................................ 3

**Statutes**

28 U.S.C. § 1332(a) .................................................................................. 3

28 U.S.C. § 1334(b) ................................................................................ 15

28 U.S.C. § 1441(a) .................................................................................. 2

28 U.S.C. § 1446(b)(2)(A)....................................................................... 12

28 U.S.C. § 1447(c) ............................................................................... 2, 3

28 U.S.C. § 1452(a) ................................................................................ 15

**Other Authorities**

16 Moore et al., Moore's Federal Practice § 106.46 (3d ed. 2013) ........... 10

**Rules**

Fed. R. Civ. P. 10(c) .................................................................................. 7

Fed. R. Civ. P. 20(a) ................................................................................ 14

L.R. 7.1(e)................................................................................................. 4, 7

Intervenor Technify Motors GMBH ("Technify") files this Brief in Support of its Motion to Remand this case to the 191st Judicial District Court of Dallas County, Texas, and would respectfully show the Court as follows:

## Summary

The pleadings in this matter show on their face that federal subject matter jurisdiction is lacking. Diversity citizenship cannot exist when alien citizens are present on each side, and foreign entities have been properly joined to this action as plaintiffs and defendants. Furthermore, regardless of whether the citizenship of certain of the Plaintiffs is considered, Technify, a German citizen, is a properly joined intervenor in this action who should be aligned as a plaintiff, which destroys diversity because Defendants are German citizens as well. Defendants provide no ground for the existence of subject matter jurisdiction, and have failed to meet their very heavy burden to prove that two Plaintiffs and Technify are improperly joined. Subject matter jurisdiction does not exist, and this case should be remanded to state court.

## Background

This case involves a dispute over certain property, namely documents, data, and information provided by Plaintiff Superior Air Parts, Inc. ("Superior") to Theilert Aircraft Engines GmbH ("TAE"), and other drawings, models, and materials allegedly generated from that information. That property is currently in the possession of Defendants, specifically TAE and Bruno Kubler, in his capacity as insolvency administrator of TAE.

Superior, a Texas citizen, and two other plaintiffs, Weifang Freesky Aviation, Technology Co, Ltd. and Superior Aviation Beijing Co., Ltd., both Chinese citizens ("the Chinese Plaintiffs"), originally filed this action on August 21, 2014 against Defendants, both German citizens, in the 191st District Court of Dallas County, Texas. Original Petition, Dkt. 1-3.

Plaintiffs' Complaint generally asserted claims against Defendants requesting that Defendants be ordered to turn over the aforementioned property to Superior. *Id.* at 22. However, Technify purchased TAE's assets in 2013, specifically including the property that is at issue in this lawsuit, and thus claims an interest in that property. *See* Petition in Intervention, Dkt. 1-4. Technify thus filed a Petition in Intervention in this action on September 19, 2014, and asserted a claim for declaratory judgment as to the rights in the property at issue, with an alternative claim of breach of contract against Defendants if the property is not ultimately adjudged to belong to Technify. *Id.* at ¶¶ 19–26.

On September 26, 2014, Defendants removed this action under 28 U.S.C. § 1441, alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332, and that the Chinese Plaintiffs' claims were removable under 28 U.S.C. § 1452. Notice of Removal, Dkt. 1. It is Technify's position, as well as Plaintiffs' position, that this Court lacks subject matter jurisdiction over this controversy because there are foreign citizens on both sides of this dispute. Technify accordingly files this Motion to Remand, within 30 days of Defendants' removal of this action.

## **Arguments and Authorities**

A party may remove any civil action brought in a state court over which a federal district court has original jurisdiction. 28 U.S.C. § 1441(a). The burden of proving subject matter jurisdiction rests squarely with the removing parties. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1989). If a party objects to removal, it may move to remand the action pursuant to 28 U.S.C. § 1447. To the extent the remand is based upon procedural reasons, remand must be sought within 30 days of removal, while remand based on lack of subject matter jurisdiction may be raised at any time. 28 U.S.C. § 1447(c). If the court to which the case was removed lacks

2

subject matter jurisdiction, then the case "shall be remanded" to the state court where it was filed. *Id.* "[R]emoval statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). Thus, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *accord Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002); *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992). As discussed below, Defendants have failed to meet their burden, and this case should be remanded to state court.

### A. Diversity jurisdiction is lacking because there are citizens of foreign nations on either side of the controversy as the parties are currently aligned.

Defendants have asserted that removal is proper because the Court has diversity of citizenship jurisdiction over this controversy under 28 U.S.C. § 1332. Notice of Removal, Dkt. 1, at ¶ 12. However, diversity of citizenship does not exist when the suit includes foreign plaintiffs and defendants. Diversity jurisdiction exists where the controversy is between (1) citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state; (3) citizens of different states and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state as plaintiff and citizens of a state or of different states. 28 U.S.C. § 1332(a). None of these statutory provisions permit diversity jurisdiction when a controversy is between citizens of a foreign state on one side and citizens of a foreign state on the other. Indeed, the Fifth Circuit has held that as a matter of law, diversity citizenship does not exist in a suit between aliens. *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1149, 1151 (5th Cir. 1985); *Esquivel v. GAC Express Inc.*, No. SA-05CA1025XR, 2005 WL 345114, at *2 (W.D. Tex. Nov. 28, 2005); *Zaini v. Shell Oil Co.*, 853 F. Supp. 960, 963 (S.D. Tex. 1994). Put simply, "aliens may not be on both sides of a dispute for purposes of diversity." *Chick Kam Choo*, 764 F.2d at 1151 n.1.

3

Here, the plaintiffs in this suit include (1) Superior Air Parts, Inc., a citizen of Texas; (2) Weifang Freesky Aviation Tecknology Co., Ltd., a citizen of China; and (3) Superior Aviation Beijing Co., Ltd., a citizen of China. Original Petition, Dkt. 1-3, at 1–2. The defendants in this suit are (1) Bruno Kubler, in his capacity as the insolvency administrator for Thielert Aircraft Engines GmbH, a citizen of Germany, and (2) Thielert Aircraft Engines GmbH, a citizen of Germany. *Id.* at 2. The intervenor in this case is Technify, a citizen of Germany. Petition in Intervention, Dkt. 4, at ¶ 7. Even excluding the citizenship of Technify, the citizenship of the plaintiffs and the defendants shows that diversity is lacking. The plaintiffs include two Chinese citizens, while the defendants include two German citizens. Original Petition, Dkt. 1-3, at 1–2. On this basis alone, there is no diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). *Chick Kam Choo*, 764 F.2d at 1151. Assuming Defendants fail to meet their heavy burden to establish that the Chinese Plaintiffs or Technify's citizenship should not be considered, this case must therefore be remanded.

### B. Technify is a proper party to this action and should be aligned as a plaintiff, which would destroy diversity even if the Chinese Plaintiffs' citizenship is disregarded.

Defendants raise two primary arguments to support their assertion that subject matter jurisdiction exists: (1) that the Chinese Plaintiffs are fraudulently joined, Notice of Removal, Dkt. 1, at ¶¶ 23–45, and (2) that Technify, to the extent its citizenship should be considered at all,[1] should be aligned as a defendant, which would not destroy diversity. *Id.* at ¶¶ 49–59. Neither of these arguments have merit.

Ultimately, if the Court considers the Chinese Plaintiffs to be proper parties, then an alignment of Technify is unnecessary for purposes of subject matter jurisdiction, as diversity will

---

[1] Plaintiffs and Defendants have both asserted that Technify's Petition in Intervention should be dismissed. Dkts. 7 & 8. Technify, of course, opposes these Motions, and will be providing a more detailed response to the substantive arguments regarding the validity of its claims in response to those Motions, which will be filed by October 31, 2014. L.R. 7.1(e).

already have been destroyed. By the same token, if the Court determines that Technify is a proper party and should be aligned as a plaintiff, then no fraudulent joinder analysis is necessary because if there will be German citizens on either side of the controversy, diversity cannot exist. As Technify has no interest as to the Chinese Plaintiffs' claims, Technify shall address its own alignment and status as a proper party first, and a decision in Technify's favor on this issue would render any remaining questions moot.

> **1. Because Technify was a party to the case prior to removal, its citizenship must be considered in determining whether citizenship exists.**

In their Notice of Removal, Defendants (citing no applicable case law) contended that Technify's "intervention is of no legal moment" for purposes of diversity because it intervened after this lawsuit was initiated between Plaintiffs and Defendants. Dkt. 1 at ¶ 50. However, while developments <u>after</u> removal generally do not affect jurisdiction that existed when the case was removed, "removability is determined <u>at the time of the petition for removal</u> and the prior intervention by a party may defeat diversity jurisdiction requirements." *Helms v. Ehe*, 279 F. Supp. 132, 134 (S.D. Tex. 1968); *accord Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2010) ("When removal is based on diversity of citizenship, diversity must exist at the time of removal."). Thus, when a party intervenes <u>prior to removal</u>, and is a party to the case when it is removed, then the intervenor's citizenship must be considered in determining whether complete diversity exists. *See Norwood v. Grocers Supply Co. Inc.*, 12-CV-751, 2013 WL 686410, at *2–*3 (W.D. La. Feb. 25, 2013). Here, it is undisputed that Technify filed its Petition in Intervention in state court on September 19, 2014. Dkt. 1-4. This case was not removed until September 26, 2014. Dkt. 1. Because Technify intervened prior to the removal of this case, its citizenship must be considered.

**2. Technify is not a nominal or fraudulently joined party.**

Defendants also contend that Technify's citizenship should not be considered because it is a nominal party to this case or has been fraudulently joined. Dkt. 1 at ¶¶ 51–56, 58–59. Defendants make no specific arguments as to why these doctrines apply, other than a bald statement that Technify's first claim was "fraudulently misjoined and fraudulently joined." *Id.* at ¶ 58. This statement falls far short of Defendants' heavy burden to demonstrate that Technify has been fraudulently joined, and is in any case untrue.

Technify's position in this case is far simpler and much more concrete than Defendants allege. Plaintiffs assert that Superior owns certain property that is at issue in this matter, namely its own drawings, data, or information, as well as TAE-labeled 3D computer assisted design models and 2D drawings that were allegedly made using Superior's drawings, data, and information. Original Petition, Dkt. 1-3, at 8–9. The parties do not dispute that Technify purchased the assets of TAE in July of 2013, and the sale included the property that is the subject of this litigation. Specifically, among other assets, Technify purchased the following from TAE: (1) assets that Superior claims that it owns in on Pages 7 and 8 of the Original Petition; (2) assets that Superior claims TAE created using Superior's claimed assets; and (3) additional related property and assets that impact Technify's ability to use the assets that Superior claims in this lawsuit. Petition in Intervention, Dkt. 1-4, at ¶¶ 13–17. Technify found out about Superior's claim to the property that it believed was a part of its asset purchase on July 9, 2013. *Id.* at ¶ 14. In response, Technify agreed to a provision in its agreement with Defendants in which Defendants would either transfer possession of the assets to Technify, or potentially be subject to a claim limited to damages of EUR 3,500,000. *Id.* at ¶¶ 15–16.

Technify has a clear interest in the controversy because it has its own claim to the property at issue based upon its purchase agreement with Defendants. A full analysis of

Technify's interest in this controversy, and why its Petition for Intervention is proper and should not be dismissed, will be the subject of Technify's Response to the currently-pending Motions to Dismiss (Dkts. 7 & 8),[2] which will be filed no later than October 31, 2014 and is incorporated as if fully stated herein. Fed. R. Civ. P. 10(c); L.R. 7.1(e). For purposes of this Motion, briefly stated, Technify has a claim to the property that is at issue in this lawsuit and that Superior is attempting to recover from Defendants. Technify has intervened so that the Court can issue declaratory relief that "determine[s] the respective rights of Superior, Kubler, and Technify to the Property at Issue in the possession, custody, and control of Kubler." Petition in Intervention, Dkt. 1-4, at ¶ 21. A party is not "nominal" for purposes of removal jurisdiction when it has a valid and potentially enforceable claim to the property that is the subject of a lawsuit. *See Penson Fin'l Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, 3:12-CV-300-B, 2012 WL 2680667 (N.D. Tex. July 5, 2012) (remanding case after determining that claimants to interpleaded property who did not consent to removal were not nominal parties). Further, because Technify has a possibility of recovering declaratory relief as to the ownership of the property under state law against the existing parties and can establish its breach of contract cause of action against Defendants,[3] it cannot be considered to be fraudulently joined. *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

Technify has properly intervened on the basis of a "direct, substantial, legally protectable interest in the proceedings" and in the final disposition of this property, *New Orleans Public Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984), which both justifies its intervention and establishes it as a real party in interest in this dispute. *See, e.g., In re Babcock*

---

[2] Indeed, the issues presented in those Motions are intertwined with the issues presented herein, and Technify anticipates that the Court will address these Motions in tandem.

[3] Defendants have contended that this claim is not yet ripe, which Technify will address in response to the pending Motion to Dismiss.

*& Wilcox Co.*, CIV. A. 01-912, 2001 WL 1095031, at *3 (E.D. La. Sept. 18, 2001) (holding that a court's determination in favor of an existing party to a lawsuit created an interest justifying intervention on behalf of parties whose rights would be affected by court's decision). A decision between Plaintiffs and Defendants without Technify's presence that deprives Technify of its rights to the property claimed by Superior would undermine Technify's ability to claim an interest in that property, which Technify has a contractual right to claim pursuant to its agreement with Defendants. *See In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 251 (5th Cir. 2009) (finding state had a right to intervene when it had a legally recognizable right under the Texas Property Code to unclaimed property at issue in litigation).[4] While Defendants contend that Technify's interest in the property is contingent upon the resolution of Plaintiffs' dispute with Defendants, Technify's clear preference is to obtain the property that it purchased from Defendants when it entered into an agreement with Defendants in 2013. To hold that Technify has no interest and not consider its citizenship would deprive it of its ability to assert its own interest in the property it seeks.

### 3. Technify should be aligned as a plaintiff for purposes of diversity.

Because Technify's citizenship should be considered, the Court is entrusted with the duty of "arrang[ing] the parties according to their sides in the dispute" to discern whether subject matter jurisdiction exists under 28 U.S.C. § 1332(a). *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941); *Norwood*, 2013 WL 686410 at *3. The Court's role is to look at the "principal purpose of the suit and the primary and controlling matter in dispute." *Norwood*, 2013 WL 686410 at *3 (citing *Indemnity Ins. Co. of N.A. v. First Nat'l Bank at Winter*

---

[4] Technify also asserted an alternative claim for breach of contract in the event that the Court determines that Technify has no right to the property at issue or Kubler cannot transfer the property to Technify. Petition in Intervention, Dkt. 1-4, at ¶ 25. However, Technify's primary claim is for a declaratory judgment to assert its interest in the property that is the subject of this litigation. *Id.* at ¶ 21. Defendants challenge the ripeness of this claim, which shall also be addressed in Technify's forthcoming Response to the pending Motions to Dismiss.

*Park, Fla.*, 351 F.2d 519, 522 (5th Cir. 1965)). The "generally accepted test" for alignment in the Fifth Circuit "places the parties with the same 'ultimate interests' in the litigation on the same side." *Chesapeake Louisiana, L.P. v. Buffco Prod., Inc.*, 564 Fed. Appx. 751, 755 (5th Cir. 2014) (quoting *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010)).[5]

Here, the principal purpose of this lawsuit is clear: the resolution of the issue of who owns the property that is currently in Defendants' possession. *See* Original Petition, Dkt. 1-3, at 22; Petition in Intervention, Dkt. 1-4, at ¶ 21. Looking at this matter from a practical perspective, this question really involves two claims that are being asserted <u>against Defendants</u>. Plaintiffs are claiming, in essence, that they own the property at issue that Defendants currently possess because it was Superior's documents, data, and information or models created through the use of Superior's documents, data, and information. Original Petition, Dkt. 1-3, at 9–15, 22. Technify is claiming that it owns the property at issue that Defendants currently possess because it purchased that property in a valid agreement between itself and Defendants. Petition in Intervention, Dkt. 1-4, at ¶¶ 15–21. Thus, when it comes to the "primary and controlling matter in dispute," *Chesapeake*, 564 Fed. Appx. at 755, Plaintiffs and Technify are asserting claims against the current possessor of the property at issue that they actually own the property. Because Technify, like Plaintiffs, is asserting a claim for ownership of this property against Defendants, Technify's interests are properly aligned against Defendants, and their citizenship should be considered along with Plaintiffs in determining whether diversity is present.[6]

The Fifth Circuit's recent decision in *Chesapeake* is instructive as to why Technify should be aligned as a plaintiff. In *Chesapeake*, the plaintiff purchased what it thought was a

---

[5] If the Court determines that the Chinese Plaintiffs have not been fraudulently joined, a decision on alignment is unnecessary because the case will have to be remanded on that ground.

[6] Further supporting this point, Technify's alternative claim for breach of contract is against Kubler, not Plaintiffs. Technify's real dispute is with the current possessor of the property, Defendants, who will be unable to fulfill contractual obligations to Technify if the property at issue is ultimately not transferred to Technify.

100% interest in the rights of several oil and gas properties from two defendants in a letter agreement. *Chesapeake*, 564 Fed. Appx. at 753. It turned out that the two entities owned only 47% of the interest, with a related entity owning 3% of the interest and a separate entity owning 50% of the interest. *Id.* The plaintiff sued the defendants for an alleged overpayment, and the defendants and the related entity counterclaimed for breach of the parties' letter agreement. *Id.* at 754. The 50% owner intervened, asserting a claim to half of the amount paid by the plaintiff to the defendants and fraud claims against one of the defendants relating to misrepresentations about the various purchase agreements. *Id.* No claim or counterclaim was brought against the intervenor. *Id.*

The Fifth Circuit concluded that the intervenor should be aligned as a plaintiff for purposes of diversity jurisdiction for several reasons. First, looking at "the principal purpose of the suit and the primary and controlling matter in dispute," the Fifth Circuit determined that the intervenor should be classified as a plaintiff because both the plaintiff and the intervenor were seeking to recover from the same defendants. *Id.* at 755. Second, the lower court's ultimate order granted affirmative relief to the plaintiff and the intervenor, justifying the intervenor's classification as a plaintiff. *Id.* Third, while the intervenor brought affirmative claims against all parties, "no party . . . brought a claim against [the intervenor], and [the intervenor] ha[d] no potential for liability." *Id.* at 756. "Such a lack of potential for liability against a party suggests that the party should be aligned as a plaintiff." *Id.* (citing 16 Moore et al., Moore's Federal Practice § 106.46 (3d ed. 2013) ("The intervenor must be potentially liable to the plaintiff on the primary claim in order to be treated as a defendant to whom supplemental jurisdiction may apply under Section 1367(b). <u>An intervening plaintiff within the subsection is a party who voluntarily chooses to intervene in an ongoing federal action to assert its own affirmative claims</u>.")

(emphasis added)). The Fifth Circuit found it particularly important that the intervenor "intervened to seek affirmative relief, not to protect its interests as a defendant." *Id.* Classifying the intervenor as a plaintiff, because the intervenor and two of the defendants were citizens of Texas, diversity was destroyed and subject matter jurisdiction was found to be lacking. *Id.* at 756.

As in *Chesapeake*, a broad view of the nature of the controversy, the relief sought, and the interests of the parties strongly support aligning Technify as a plaintiff. Technify is seeking affirmative relief in the form of a declaratory judgment and a breach of contract claim against Defendants, and Plaintiffs are similarly seeking relief against Defendants. *Id.* at 755–56. There is no possibility of Technify's liability to either Plaintiffs or Defendants, and none have asserted claims against it. *Id.* at 755 (noting that the lack of potential for liability against a party "suggests that the party should be aligned as a plaintiff"). If affirmative relief is granted here, it will be for either Plaintiffs or Technify (or both), and against Defendants. *Id.* Finally, even though Plaintiffs and Technify are at odds over who owns the property at issue, both are ultimately seeking relief against the possessor of the property, Defendants, and the Fifth Circuit has held that a claim or adverse interests between a plaintiff and an intervenor does not prevent the intervenor from being aligned as a plaintiff when the direct relief sought is against the defendant. *See Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *accord Chesapeake*, 564 Fed. Appx. at 755 (plaintiff and intervenor's fight over "same pot of money" did not prevent intervenor from being aligned as plaintiff); *Ekholm v. T.D. Ameritrade, Inc.*, 3:13-CV-0142-D, 2013 WL 4223128, at *2 (N.D. Tex. Aug. 14, 2013) (Fitzwater, C.J.) (holding that two claimants to proceeds of an IRA should be classified on the same side and against the holder of the funds for purposes of determining diversity jurisdiction). In sum, Technify should be aligned as a plaintiff in this action, and

because Technify and Defendants are German citizens, regardless of how the Court disposes of the claims brought by the Chinese Plaintiffs, diversity does not exist under 28 U.S.C. § 1332, and this case should be remanded to state court.

### 4. Even if the Court aligns Technify with Defendants, the case should be remanded for both lack of diversity and removal without consent of all defendants.[7]

If the Court disagrees with Technify and determines that it should be aligned with Defendants, then the Court should still remand this case. As an initial matter, if the Court ultimately determines that Defendants have failed to meet their burden to prove that the Chinese Plaintiffs are not proper parties to this action, then this question is moot, as there will be foreign citizens on either side of this controversy. However, regardless of the Court's decision on that question, if Technify is aligned as a defendant, then Defendants' removal was procedurally improper because they failed to obtain Technify's consent to removal.[8]

To remove a case to federal court, the removing party is a required to obtain the consent of all properly joined and served defendants. 28 U.S.C. § 1446(b)(2)(A). Here, it is <u>Defendants' own position</u> that Technify should, for purposes of diversity, be aligned with Defendants. Dkt. 1 at ¶ 58. Regardless of the merits of their contention that Technify is not properly joined to this case, despite the fact that Defendants considered Technify to be aligned with them, they did not seek Technify's consent to removal of this action to federal court, as required by 28 U.S.C. § 1446(b)(2)(A). *See York Hannover Holding, A.G. v. American Arbitration Ass'n*, 794 F. Supp. 118, 121 (S.D.N.Y. 1992) (classifying intervenor and defendants together for purposes of unanimity of consent requirement). Thus, even if the Court agrees with Defendants' position

---

[7] Of all of the grounds for remand, this alternative ground is the only procedural basis for remand. Because this Motion is being filed within 30 days of the date of removal, this argument is timely.

[8] Technify makes this argument in the alternative, without waiving its assertion that it should be aligned with Plaintiffs for purposes of whether diversity of citizenship jurisdiction exists. This argument is asserted so that it may be preserved in the event that the Court agrees with Defendants' assertions that it should be aligned with them. Dkt. 1 at ¶ 58 & n.10 (asserting that "Intervenor's interest is clearly aligned with Defendants' interests because, according to Intervenor, it could not be made whole with a ruling in Superior's favor").

regarding alignment, which it should not, Defendants' removal should be considered procedurally improper, and the case should thus be remanded.

### C. The Chinese Plaintiffs are not fraudulently misjoined or improperly joined.

Assuming the Court need even reach this issue for purposes of determining whether diversity exists, Defendants further assert that the Chinese Plaintiffs have been improperly joined to this action. Notice of Removal, Dkt. 1, at ¶¶ 23–45. "Fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 647. The Court must determine whether there is any reasonable basis for predicting that state law might impose liability on the facts involved; if there is, then there is no fraudulent joinder. *Id.* The removing parties bear the "heavy burden of proof to establish fraudulent joinder," *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.2d 746, 756 (5th Cir. 1996), requiring "clear and convincing evidence." *Ayres v. Sears*, 571 F. Supp. 2d 768, 773 (W.D. Tex. 2008) (citing *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir. 1990)).

Defendants' fraudulent joinder arguments are aimed at Plaintiffs, whom Technify has confirmed are filing their own Motion to Remand that will address these points in more detail. Technify refers the Court to Plaintiffs' Motion to Remand and incorporates any arguments made therein as to the status of the Chinese Plaintiffs as proper parties to this action. For purposes of Technify's position, Technify shall briefly address these arguments below, noting that the burden of demonstrating fraudulent joinder or fraudulent misjoinder rests squarely with Defendants, the parties asserting that jurisdiction exists.

### 1. The Chinese Plaintiffs' claims are properly joined under Rule 20.

Defendants first claim that the Chinese Plaintiffs' claims have been fraudulently misjoined to this lawsuit, i.e. they do not meet the proper analysis under Federal Rule of Civil

Procedure 20 for the proper joinder of claims. Rule 20 provides, "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." Fed. R. Civ. P. 20(a). The Supreme Court has instructed that the lower courts' "impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

Both of the requirements of Rule 20 are met in this case. First, the Chinese Plaintiffs' claims are part of the same "series of transactions or occurrences" as those giving rise to Superior's claims against Defendants. All of these claims arise out of Defendants' conduct in handling the property at issue and its disposition of that property as to Plaintiffs and Technify. Defendants' representations about what it intended to do with the property at issue was allegedly critical to the Chinese Plaintiffs' decision to purchase Superior's stock, as they were making a purchase based upon the value of Superior in light of Superior's continued exclusive access to and possession of the property at issue. These actions are part of the same series of transactions or occurrences, and can thus be joined under Rule 20.

Second, there are common questions of fact as to the claims of all Plaintiffs against Defendants. The critical questions in this case involve Defendants' possession of property that both Superior and Technify claim, and the Chinese Plaintiffs' claim relates to these same Defendants' misrepresentations about the very same property; the Chinese Plaintiffs allege that they relied upon Defendants' representations and misstated intentions to induce the Chinese Plaintiffs to purchase Superior's stock, because they had assurances from Defendants that

Superior's alleged property in their possession would not be disseminated. These facts directly overlap with who has the right to ownership of this property, and a common question of fact therefore exists to justify joinder.

### 2. The Chinese Plaintiffs are not fraudulently joined because they may maintain a cause of action against Defendants.

Defendants raise a multitude of substantive grounds as to why the Chinese Plaintiffs should not be permitted to bring their claims against them. Technify is not in a position to put on Plaintiffs' response to these arguments relating to their own claims. To the extent Plaintiffs do respond, Technify adopts their arguments as to why the Chinese Plaintiffs are not fraudulently joined as if fully stated herein. Furthermore, as noted above, the burden rests with Defendants to show that there is not any reasonable basis for the Chinese Plaintiffs to recover against Defendants under state law. *Travis*, 326 F.3d at 647.

### D. 28 U.S.C. § 1452 does not provide a basis for removal of this action as a whole, and does not prevent remand.

Finally, Defendants briefly note in Paragraphs 46–48 of their Notice of Removal that the Chinese Plaintiffs' claims are removable under 28 U.S.C. § 1452, which permits the removal of "any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334 provides district courts with original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

Technify refers the Court to Plaintiffs' Motion to Remand in regard to the extent 28 U.S.C. § 1334 and 28 U.S.C. § 1452 are applicable to this case, but in any case, even if this claim is removable, that should not prevent remand of the remaining claims. Defendants admit that this

ground applies only to removal of the Chinese Plaintiffs' claims, and not any of the other claims asserted in this lawsuit, including Technify's claims raised through its Petition in Intervention. Defendants themselves request that the Chinese Plaintiffs' claims be severed and referred to the bankruptcy court. Dkt. 1 at ¶ 48. If those claims are removed, there is no basis to retain the remainder of the lawsuit. As noted above in Part B, even if the Chinese Plaintiffs' citizenship is disregarded, Technify should be aligned as a plaintiff, and diversity of citizenship is thus still lacking as to the remaining claims. Furthermore, supplemental jurisdiction would not exist under 28 U.S.C. § 1367(a) because these claims would in any case be severed from this action. Thus, even if the Court is inclined to find that jurisdiction exists over these specific claims, there is no basis to retain the remainder of the action, over which the Court has no subject matter jurisdiction.

Second, 28 U.S.C. § 1452(b) notes that the Court "may remand such claim or cause of action on any equitable ground." The Fifth Circuit has identified several factors that courts consider in determining whether equitable remand is appropriate, including: (1) forum non conveniens; (2) if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) whether a state court is better able to respond to questions involving state law; (4) the expertise of a particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntary removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result. *Browning v. Navarro*, 743 F.2d 1069, 1077 n.21 (5th Cir. 1984). Several of those factors are implicated here.

As to the second and fifth factors, if part of this case is retained by virtue of 28 U.S.C. § 1334 and 28 U.S.C. § 1452, then two different courts will be addressing related cases, with parallel discovery, different judges addressing similar and related issues in separate proceedings,

and at least Defendants addressing claims on multiple fronts. As to the third factor, the claims that would be arguably subject to 28 U.S.C. § 1334 are state law claims, brought under Section 27.01 of the Texas Business and Commerce Code. This state law claim could better be addressed by a state court. As to the sixth factor, permitting removal based upon the Chinese Plaintiffs' claims against Defendants, which do not have any relationship to Technify's claims, would prejudice Technify and deprive it of its own choice of forum, as it intervened while this case was pending in state court. Finally, the eighth factor favors remand because separate courts addressing the Chinese Plaintiffs' claims against Defendants and Superior's claims against Defendants, when both have to do with Defendants' representations, motivations, and actions relating to the property at issue here risks separate courts issuing conflicting findings of fact or conclusions of law as to Defendants' actions and liability. Accordingly, the equitable factors favor remand under 28 U.S.C. § 1452(b).

## **Conclusion and Prayer**

For the reasons stated above, Defendants cannot meet their burden to demonstrate the existence of subject matter jurisdiction. The Court should grant this Motion, remand this case to the 191st District Court of Dallas County, Texas, and for all other relief the Court deems just and proper.

Dated: October 24, 2014.                    Respectfully submitted,

 

_/s/ Ross Cunningham_
Ross Cunningham
Texas Bar No. 24007062
Thomas C. Wright
Texas Bar No. 24028146
Alex J. Whitman
Texas Bar No. 24081210
Rose Walker, LLP
3500 Maple Avenue, Suite 900

Dallas, Texas 75219
214.752.8600 (Main)
214.752.8700 (Facsimile)
rcunningham@rosewalker.com
twright@rosewalker.com
awhitman@rosewalker.com

ATTORNEYS FOR INTERVENOR TECHNIFY
MOTORS GMBH

## CERTIFICATE OF CONFERENCE

The undersigned certifies that the parties conferred regarding this Motion in person at their Rule 26(f) conference on October 23, 2014. Plaintiffs are also of the position that this case should be remanded. Defendants believe, for the reasons stated in their Notice of Removal, that the Court has subject matter jurisdiction over this action.

*/s/ Ross Cunningham*
Ross Cunningham

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule 5 on October 24, 2014.  As such, this document was served on all counsel who are deemed to have consented to electronic service.

*/s/ Ross Cunningham*
Ross Cunningham