Jerry C. Alexander
Texas Bar No. 00993500
James F. Adams
Texas Bar No. 00863450
Christopher A. Robison
Texas Bar No. 24035720
PASSMAN & JONES, P.C.
1201 Elm Street, Suite 2500
Dallas, Texas 75270-2599
P:  (214) 742-2121
F:  (214) 748-7949

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **SUPERIOR AIR PARTS, INC., et al.,** | § | |
| Plaintiffs, | § § § | |
| v. | § § | Case No. 3:14-cv-3492-D |
| **BRUNO KÜBLER, IN HIS CAPACITY AS INSOLVENCY ADMINISTRATOR OF THIELERT AIRCRAFT ENGINES GMBH, et al.,** | § § § § § | |
| Defendants, | § | |
| v. | § § | |
| **TECHNIFY MOTORS GMBH,** | § § | |
| Intervenor. | § | |

## MOTION TO REMAND, AND ALTERNATIVE MOTION TO ABSTAIN

COME NOW Plaintiffs Superior Air Parts, Inc. ("*Superior*"), Weifang Freesky Aviation Technology Co., Ltd. ("*Freesky*"), and Superior Aviation Beijing Co., Ltd. ("*SAB*") (collectively the "*Plaintiffs*") and file their "Motion to Remand, and Alternative Motion to Abstain" ("*Motion*") respectfully requesting that this Court either (1) remand this lawsuit because (a) this Court lacks subject matter jurisdiction, or (b) removal was procedurally defective; or (2)

alternatively, abstain from hearing the lawsuit. In either case, the Plaintiffs request that this Court return the lawsuit to the 191st District Court in and for Dallas County, Texas ("*State Court*"), so that it may appropriately proceed in that forum.

## I.     FACTUAL BACKGROUND

1.     On August 21, 2014, the Plaintiffs filed their "Plaintiffs' Original Petition" ("*Original Petition*") against defendants Bruno Kübler, in his capacity as the insolvency administrator of Thielert Aircraft Engines GmbH ("*Kübler*"), and Thielert Aircraft Engines GmbH ("*TAE*") (collectively the "*Defendants*") in the State Court.

2.     In the Original Petition, plaintiff Superior asserted only state law causes of action against the Defendants, including misappropriation of trade secrets, breach of contract, breach of fiduciary duty, conversion, unfair competition by misappropriation, Texas Theft Liability Act, unjust enrichment, and promissory estoppel (collectively "*Superior's Claims*"). Superior's Claims center on the Defendants' failure to return various design drawings and test reports (and the compilations of dimensions, notes, tolerances, methods, techniques, processes and other data and information therein) created by or for Superior (collectively Superior's "*Intellectual Property*") and entrusted to the Defendants, and the Defendants' improper use of Superior's Intellectual Property to create hundreds of 3D computer assisted design ("*CAD*") models ("*TAE-labeled 3D CAD models*") and 2D drawings ("*TAE-labeled 2D drawings*") (collectively the "*Property At Issue*") for reasons other than to benefit Superior.

3.     In the Original Petition, plaintiffs Freesky and SAB (collectively "*Investor Plaintiffs*") asserted only a state law cause of action: statutory fraud citing Section 27.01 of the Texas Business and Commerce Code ("*Investor Claims*") seeking recovery under Texas securities fraud statutes.

4.      Superior is a Texas corporation with its principal place of business in Coppell, Dallas County, Texas.  The Investor Plaintiffs are business entities organized under the laws of the People's Republic of China having their principal places of business in China, and the Defendants are a German individual residing in the Republic of Germany and a German business entity organized under the laws of the Republic of Germany with its principal place of business in Germany.

5.      On September 19, 2014, before the Defendants had even answered, Technify Motors GmbH ("*Technify*") filed its Petition in Intervention, pursuant to Rule 60 of the Texas Rules of Civil Procedure.[1]  Through its proposed intervention, Technify sought to: (1) intervene as a defendant to adjudicate all parties' rights to the Property At Issue, and (2) intervene as a plaintiff to pursue a breach of contract claim against Kübler, in the event it is determined Kübler cannot transfer the Property At Issue to Technify.[2]

6.      Technify is purportedly a German business entity organized under the laws of the Republic of Germany with its principal place of business in Germany.[3]

7.      On September 23, 2014, the Defendants filed their Original Answer containing a general denial in State Court.  On September 25, 2014, the Defendants filed their First Amended Answer in State Court.

8.      On September 26, 2014, the Defendants filed their Notice of Removal in the United States District Court for the Northern District of Texas, Dallas Division ("*Federal District Court*") pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446 (diversity jurisdiction), and §§ 1334 and 1452 (bankruptcy jurisdiction), the latter based on purported "arising in" bankruptcy

---

[1] Petition in Intervention [Doc. No. 1, Exhibit C(3)].
[2] *See id.*
[3] *See id.*

jurisdiction.[4]  The Notice of Removal did not contain the consent of Technify, which had apparently intervened as a plaintiff and defendant while the lawsuit was still pending in State Court.

## II.   LACK OF DIVERSITY JURISDICTION

9. As discussed in the Plaintiff's accompanying brief, removal to the Federal District Court was improper because of the lack of complete diversity, and thus the lack of diversity jurisdiction, and the case should be remanded to the State Court, because:

   a) At the time that the Original Petition was filed, incomplete diversity existed between the Investor Plaintiffs and Defendants; thus, diversity jurisdiction was lacking under 28 U.S.C. § 1332.

   b) The claims of the Investor Plaintiffs were not fraudulently misjoined or improperly joined.

   c) At the time of removal, incomplete diversity existed between the Investor Plaintiffs and Intervenor (as a defendant); thus, diversity jurisdiction was lacking under 28 U.S.C. § 1332.

   d) At the time of removal, incomplete diversity existed between the Intervenor (as a plaintiff) and Defendants; thus, diversity jurisdiction was lacking under 28 U.S.C. § 1332.

## III.   REMOVAL PROCEDURAL DEFECTS

10. As discussed in the Plaintiff's accompanying brief, removal to the Federal District Court was improper because of procedural defects in the removal process, and the case should be remanded to the State Court.  Specifically, the Notice of Removal did not contain the consent of Technify, which had intervened as a defendant while the lawsuit was still pending in State Court.

## IV.   LACK OF BANKRUPTCY JURISDICTION

11. The Defendants attempt to assert "arising in" bankruptcy jurisdiction solely as to the Investor Claims as an apparent afterthought, as discussed in detail in the Plaintiff's

---

[4] Notice of Removal [Doc. No. 1], page 3, ¶ 12 and page 5, ¶ 17.

accompanying brief. Such bankruptcy jurisdiction fails to exist, and removal to the Federal District Court was improper, and the case should be remanded to the State Court, because:

a)  "Arising in" bankruptcy jurisdiction cannot exist because the Investor Claims for Texas statutory fraud existence outside of bankruptcy, i.e. the Investor Claims would exist regardless of whether the issuer of the stock was in bankruptcy.

b)  The Investor Claims are not property of Superior's former bankruptcy estate and cannot impact either Superior's former bankruptcy case (which is closed) or Superior's former bankruptcy estate (which ceased to exist upon plan confirmation).

c)  The Defendants' assertion of "arising in" bankruptcy jurisdiction is predicated on a purported defense of "release" as to the Investor Claims; however, it is well-settled law in this circuit that defenses cannot give rise to federal jurisdiction.

d)  Even if federal jurisdiction could be created by a defense, the Defendants utterly misconstrue the release language at issue; the release language simply does not apply to the Investor Claims.

## V.   ABSTENTION

12.   Even if the Court determines the claims in the Original Petition were properly removed to the Federal Bankruptcy Court (which they were not), the Plaintiffs respectfully submit that the Court should exercise its discretion to abstain under 28 U.S.C. § 1334(c)(2) and remand the lawsuit to the State Court pursuant to 28 U.S.C. § 1452(b) for the following reasons:

a)  The Plaintiffs' Motion to Abstain is timely.

b)  The Original Petition is based wholly upon state law claims, and state law issues predominate over bankruptcy issues.

c)  There is no open bankruptcy case; therefore, the degree of relatedness of this action to the main bankruptcy case is non-existent.

d)  There is no bankruptcy estate; therefore, this action will have no impact whatsoever on the efficient administration of the estate.

e)  If the Court were to find bankruptcy jurisdiction, there is no other basis for Federal jurisdiction (*e.g.* diversity), as set forth above.

f)  Plaintiffs made and perfected a jury demand in state court.

g)  The dispute at issue is a state law dispute between two non-debtors.

## VI.     REFERRAL TO BANKRUPTCY COURT INAPPROPRIATE

13.     Finally, in the alternative, if the Federal District Court determines the Investor Claims in the Original Petition were properly removed to the Federal District Court, the Plaintiffs request that neither the Investor Claims nor any other claims in the Original Petition be referred to the Bankruptcy Judge because (a) none of the Plaintiffs' claims involve core matters, (b) the Plaintiffs timely requested a jury trial while in State Court, (c) the Bankruptcy Judge lacks both statutory and constitutional authority to determine the Plaintiffs' claims contained in the Original Petition, and (d) the Plaintiffs did not consent to the Bankruptcy Judge hearing such state court claims.  Moreover, the Bankruptcy Court has made it abundantly clear that it lacks jurisdiction over the claims.

## VII.     CONCLUSION

The Plaintiffs respectfully submit that the entire lawsuit should be remanded to the State Court because (1) this Court lacks subject matter jurisdiction, (2) there were procedural defects in the removal, and (3) discretionary abstention is warranted.  Alternatively, if the Court determines the Investor Claims were properly removed to the Federal District Court under Section 1452, the Trustee respectfully suggests such claims not be referred to the Bankruptcy Court.

Respectfully submitted,

**PASSMAN & JONES,**
  **A Professional Corporation**

*/s/ Jerry C. Alexander*
Jerry C. Alexander
State Bar No. 00993500
James F. Adams
Texas Bar No. 00863450
Christopher A. Robison
State Bar No. 24035720
1201 Elm Street, Suite 2500
Dallas, TX  75270-2500
(214) 742-2121
(214) 748-7949 (Fax)
alexanderj@passmanjones.com
jimadams@passmanjones.com
robisonc@passmanjones.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on October 23, 2014, a conference was held with counsel for the Defendants regarding the instant Motion to Remand, and counsel for the Defendants indicated there opposition to the Motion.

*/s/ Jerry C. Alexander*
Jerry C. Alexander

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 24, 2014, a true and correct copy of the foregoing was served on counsel for all other parties via ECF/PACER.

*/s/ Jerry C. Alexander*
Jerry C. Alexander