Jerry C. Alexander
Texas Bar No. 00993500
James F. Adams
Texas Bar No. 00863450
Christopher A. Robison
Texas Bar No. 24035720
PASSMAN & JONES, P.C.
1201 Elm Street, Suite 2500
Dallas, Texas 75270-2599
P:  (214) 742-2121
F:  (214) 748-7949

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SUPERIOR AIR PARTS, INC., et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Case No. 3:14-cv-3492-D** |
| | § | |
| **BRUNO KÜBLER, IN HIS CAPACITY** | § | |
| **AS INSOLVENCY ADMINISTRATOR** | § | |
| **OF THIELERT AIRCRAFT ENGINES** | § | |
| **GMBH, et al.,** | § | |
| | § | |
| **Defendants,** | § | |
| **v.** | § | |
| | § | |
| **TECHNIFY MOTORS GMBH,** | § | |
| | § | |
| **Intervenor.** | § | |

## BRIEF IN SUPPORT OF MOTION TO REMAND,
## <u>AND ALTERNATIVE MOTION TO ABSTAIN</u>

# TABLE OF CONTENTS

**Page**

I.    FACTUAL BACKGROUND ......................................................................... 1

II.   BURDEN OF PROOF AND STATUTORY CONSTRUCTION ..................................... 1

III.  TYPES OF JURISDICTION ALLEGED IN NOTICE OF REMOVAL ........................... 2

IV.   DIVERSITY JURISDICTION - REMOVAL WAS IMPROPER ................................... 2

    A.    Time to Determine Diversity. .......................................................... 3

    B.    Lack of Complete Diversity at Time Original Petition was Filed. ........................ 3

    C.    Lack of Complete Diversity at Time Original Petition was Removed. ................. 3

    D.    Lack of Unanimous Consent to Removal. .............................................. 4

V.    DIVERSITY JURISDICTION – NO FRAUDULENT MISJOINDER ........................... 4

    A.    The Investor Plaintiffs' Claims Are Not Fraudulently Misjoined to
       the Instant Action. ...................................................................... 4

        1.    The Investor Claims Were Properly Joined Under Rule 40 of
           the Texas Rules of Civil Procedure. ...................................... 5

        2.    Joinder of the Investor Claims is Not So Egregious as to
           be Fraudulent. ............................................................. 7

VI.   DIVERSITY JURISDICTION - NO IMPROPER JOINDER ..................................... 9

    A.    Investor Plaintiffs Are Not Improperly Joined. ...................................... 10

    B.    Rule 9(b) Does Not Apply to Investor Claims.  Alternatively, if
       Rule 9(b) Applies, Investor Claims State a Claim for Statutory Fraud. .............. 11

    C.    Investor Claims are Not Barred by Limitations. ..................................... 12

    D.    The Bid Procedures Order Does Not Preclude Investor Claims. ..................... 13

    E.    Investor Claims were Not Released. ................................................... 14

    F.    Original Petition Identifies Misrepresentations Made by Defendants. ................ 16

VII.   BANKRUPTCY JURISDICTION – NON-EXISTENT ................................................... 16

    A.   Defendants' Assertion of Bankruptcy Jurisdiction Limited to
        Investors Claims and "Arising In" Jurisdiction ...................................................... 16

    B.   "Arising In" Bankruptcy Jurisdiction Defined ...................................................... 18

    C.   There is No Active Bankruptcy Case and the Existence of Superior's
        Prior Bankruptcy Fails to Create "Arising In" Bankruptcy Jurisdiction ............. 19

    D.   Well-Pleaded Complaint Rule and Role of Defenses in Analyzing
        "Arising In" Bankruptcy Jurisdiction. ................................................................. 20

    E.   Third-Party Claims Seldom Support "Arising In" Bankruptcy Jurisdiction ........ 22

VIII.  THE COURT SHOULD EXERCISE ITS DISCRETION TO ABSTAIN AND
      REMAND ........................................................................................................................ 23

    A.   28 U.S.C. §§ 1334 (c)(1) and 1452(b). ............................................................... 23

    B.   Remand and/or Discretionary Abstention are Appropriate in this Case............... 23

IX.    CONCLUSION................................................................................................................ 24

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Abel v. Surgitek*, 975 S.W.2d 30, 38-39 (Tex. App.—San Antonio 1998) .................................... 6

*Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir. 2000) .................................... 2

*African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) ........... 1, 9, 10

*Allendale Mut. Ins. v. Bull Data Sys.*, 10 F.3d 425, 428 (7th Cir. 1993) ....................................... 3

*AME Church v. Lucien*, 756 F.3d at 793 .................................................................................. 1, 2

*Arana v. Allstate Texas Lloyds*, No. 3:13-CV-0750-D, *available at* 2013 WL 2149589,
    at *3 (N.D. Tex. May 17, 2013) (Fitzwater, C.J.) ............................................................. 10, 11

*Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt.*, 692 F.3d 42, 51
    (2d Cir. 2012) ...................................................................................................................... 3

*Berik Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) ....................................... 3

*Board of Painesville v. City of Painesville*, 200 F.3d 396, 399 (6th Cir., 1999) ........................ 20

*Capitol Hill Group v. Pillsbury et al.*, 569 F.3d 485 (D.C. Cir., 2009) ....................................... 21

*Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) ........... 21

*Carter v. Rodgers*, 220 F.3d 1249 (11th Cir. 2000) .................................................................... 21

*Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 9014-15 (6th Cir. 2007) ..................... 21

*Coleman v. Conseco*, 238 F. Supp.2d 804, 819 (S.D. Miss. 2002) ................................................ 8

*Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790
    (2d Cir. 1980) ........................................................................................................................ 3

*Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.1996) ............................................................................ 1

*Cuevas v. BAC Home Loans Servicing, LP,* 648 F.3d 242, 249 (5th Cir.2011) .......................... 10

*Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n. 25 (5th Cir. 2000) ............................................... 1

*Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992) ..................................................................... 4

*Encore Bank, N.A. v. Bank of America, N.A.*, 918 F.Supp. 2d 633, 647 (S.D. Tex. 2013) .......... 11

*Farm Bureau Mut. Ins. Co., Inc. v. Eighmy*, 849 F.Supp. 40, 42 (D. Kan. 1994) ......................... 3

*Faulkner v. Eagle View Capital Mgmt. (In re Heritage Org., LLC)*, 454 B.R. 353, 360 (Bankr. N.D. Tex. 2011) ............................................................................... 18

*Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007) ........................................... 12

*Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10-11, n. 9, 103 S.Ct. 2841, 77 L. Ed. 2d 420 (1983) ............................................................... 20

*Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997) ........................................... 1

*Garcia v. LG Electronics USA, Inc.*, No. B-11-61, *available at* 2011 WL 2517141, at *2-3 (S.D. Tex. June 23, 2011) ................................................................ 10, 11

*Gully v. First Nat'l Bank*, 299 U.S. 109, 111, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) .................... 21

*Holmes Group v. Vornado Air Circulation Sys., Inc.* 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 12 (2002) ................................................................ 20

*In re Brooks Mays Music Co.*, 363 B.R. 801, 811 (Bankr. N.D. Tex. 2007)................................. 21

*In re E.L.P.*, 636 S.W.2d 579, 581 ........................................................................................ 5, 7

*In re Majestic Energy Corp.*, 835 F. 2d 87 (5th Cir. 1988) ......................................................... 22

*In re Ramirez*, 413 B.R. 621, 631–32 (Bankr.S.D.Tex.2009) ..................................................... 23

*In re Superior Air Parts, Inc.*, ---B.R. ---, 2014 WL 4162860, at *10 (Bankr. N.D. Tex. August 20, 2014) ................................................................. 17, 18, 19

*Int'l Primate Protection League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 87, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991) ............................................................ 1

*Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir. 2013).................................... 3

*Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999)................................................................ 11

*Malesovas v. Sanders*, 2005 WL 1155073 (S.D. Tex. May 16, 2005) ......................................... 21

*McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936) .................... 1

*Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) ........................................................................................... 21

*Oesch v. Woman's Hosp. of Texas*, 2012 WL 950109 *4 (S.D. Tex. 2012)................................... 5

*Pattison v. Highway Insurance Underwriters et al*, 278 S.W.2d 207 (Tex. App.— Galveston 1955)................................................................................................... 6, 7

*Pride Trans. Inc. v. Harbin*, 2010 WL 4314920 (N.D. Tex. 2010) (Means, J.) ............................ 9

*Randall & Blake v Evans (In re Canion)* 196 F. 3d 579 (5th Cir. 1999)...................................... 22

*Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 478, 118 S.Ct. 921, 139 L.Ed.2d. 912 (1998).................................................................................. 20, 21

*Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) .............. 3

*Salazar v. Lopez*, 2103 WL 1124302 *2 (N.D. Tex. 2013) (Lynn, J.) ......................................... 7

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U .S. 100 (1941)........................................................ 2

*Shropshire v. Fred Rappoport Co.*, 294 F.Supp. 2d 1085, 1102 (N.D. Cal. 2003) ..................... 13

*Skinner v. Cooper Tire & Rubber Co.*, No. 3:04-CV-0653-D, *available at* 2004 WL 1171201, at *2, n. 4 (N.D. Tex. May 26, 2004) (Fitzwater, C.J.) ........................... 16

*Slavchev. V. Royal Caribbean Cruises, Ltd.*, 559 F.3d 251, 254-55 (4th Cir. 2009) ................... 3

*Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 572-73 (5th Cir. 2004)..................................................................................... 4, 9, 10

*Smith v. Baker Concrete Construction, Inc.*, No. 1:13-CV-207, *available at* 2014 WL 3715125, at *2 (E.D. Tenn. March 28, 2014).................................................... 10, 11

*Tapscott v. MS Dealer Service Corporation*, 77 F.3d 1353 (11th Cir. 1996)............................. 4, 7

*Texas Instruments, Inc. v. Citigroup Global Markets, Inc.*, 266 F.R.D. 143, 147 (N.D. Tex. 2010) (Fish, J.)........................................................................... 4, 5, 6, 7, 8

*TL of Florida, Inc. v. Terex Corp.*, --- F.Supp. 2d ---, *available at* 2014 WL 3362367, at *6 (D. Del. 2014)................................................................. 13

*Travis v. Irby,* 326 F.3d 644, 646–47 (5th Cir. 2003)................................................................. 9

*U.S. Motors v. General Motors Eur.*, 551 F.3d 420, 424 (6th Cir. 2008)...................................... 3

*United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)...................... 3

*Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 173 L.Ed.2d 206, 224 (2009) ............... 20

*Vantage Drilling Co. v. Hsin–Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) .................................... 1

*Volvo v. Crescent*, 273 Fed. Appx. 368 (5th Cir. 2008) ............................................................. 22

*Warren v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-0762-D, *available at* 2008 WL 4133377, at *2 (N.D. Tex. August 29, 2008) (Fitzwater, C.J.) ......................... 10, 11

*Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987) ................................................. 18, 22

**Statutes**

28 U.S.C. § 1332(c)(1) ................................................................................................ 3, 23

28 U.S.C. § 1441(b) ............................................................................................................. 2

28 U.S.C. § 1447(c ............................................................................................................. 1

28 U.S.C. § 1452(b), ......................................................................................................... 23

28 U.S.C.§ 1332 ................................................................................................................. 2

28 U.S.C.§ 1334 ................................................................................................................. 2

28 U.S.C.§§ 1441(b) and 1446 ........................................................................................... 2

TEX. BUS. & COMM. CODE § 27.01 .................................................................................. 19

TEX. CIV. PRAC. & REM.CODE § 16.004(a)(4) .................................................................. 12

TEX. R. CIV. P. 40(a) ...................................................................................................... 5, 6

**Other Authorities**

H.R. Rep. No. 112-10, at 6 (2011) ...................................................................................... 3

Hittner, Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE:
    FED. CIV. PRO. BEFORE TRIAL – 5th Cir. Ed. (The Rutter Group 2013) ........................... 3

COME NOW Plaintiffs Superior Air Parts, Inc. ("***Superior***"), Weifang Freesky Aviation Technology Co., Ltd. ("***Freesky***"), and Superior Aviation Beijing Co., Ltd. ("***SAB***") (collectively the "***Plaintiffs***") and file this brief in support of their Motion to Remand, and Alternative Motion to Abstain ("***Motion***"), respectfully requesting that the Court either remand this action because grounds for removal do not exist, or that it abstain from hearing it.  In either case, Plaintiffs request that this Court remand the action to the 191st District Court in and for Dallas County, Texas ("***State Court***"), so that it may appropriately proceed in that forum.

## I.    FACTUAL BACKGROUND

Please refer to the "Factual Background" section of the Motion; the terms used in the Motion are incorporated by reference.

## II.    BURDEN OF PROOF AND STATUTORY CONSTRUCTION

In a removal action, the party asserting jurisdiction has the burden of establishing proof by a preponderance of the evidence.[1]  The established rule is that because the party seeking to invoke federal jurisdiction has the burden of proof, the removing party has the burden of showing the propriety of removal.[2]

A Federal court must remand an action initially filed in state court and removed to Federal court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court."[3]  Removal is a statutory remedy which must be

---

[1] *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court.").
[2] *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) citing 28 U.S.C. § 1332(a) and *Vantage Drilling Co. v. Hsin–Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *see also Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n. 25 (5th Cir. 2000); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).
[3] *AME Church v. Lucien*, 756 F.3d at 793 citing *Int'l Primate Protection League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 87, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991) (quoting 28 U.S.C. § 1447(c)) (internal quotation marks and alterations omitted)).

narrowly construed so as to limit federal jurisdiction.[4]  Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[5]

Here, the Defendants have the burden of establishing proof by a preponderance of the evidence that removal was proper and that the removal statutes were properly construed.

### III.   TYPES OF JURISDICTION ALLEGED IN NOTICE OF REMOVAL

The Defendants' Notice of Removal raises two potential grounds for federal jurisdiction: diversity jurisdiction[6] and bankruptcy jurisdiction.[7]  The Defendants devote substantial factual allegations and analysis to the purported grounds for diversity jurisdiction,[8] but almost nothing to the purported grounds for bankruptcy jurisdiction.[9]  Accordingly, it appears the Defendants' bankruptcy jurisdiction is but a mere afterthought.  As discussed immediately below, the Defendants' diversity jurisdiction analysis is based on erroneous and misleading legal arguments and misinterpretations of the Original Petition.  As discussed further below, the Defendants' decision to relegate bankruptcy jurisdiction to an afterthought is not surprising.

### IV.   DIVERSITY JURISDICTION - REMOVAL WAS IMPROPER

Section 1441(b) of Title 28 of the United States Code, the diversity removal statute, permits removal to the District Court "if a civil action is removable on the basis of jurisdiction under section 1332(a) of this title."[10]  The jurisdictional grant in 28 U.S.C. § 1332(a) has two requirements:  (1) complete diversity of plaintiffs and defendants as defined in subsections 1332(a)(1)-(4); and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs.

---

[4] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U .S. 100 (1941).
[5] *AME Church v. Lucien*, 756 F.3d at 793 (citing *Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir. 2000)).
[6] *See* Notice of Removal [Dist. Doc. #1], ¶ 12.  ("This Court possesses original jurisdiction over this matter pursuant to 28 U.S.C.§ 1332 (diversity), and thus removal is proper under to 28 U.S.C.§§ 1441(b) and 1446.")
[7] *See* Notice of Removal [Dist. Doc. #1], ¶ 17.  ("Moreover, the Chinese Plaintiffs' statutory fraud claim is removable under 28 U.S.C.§ 1452, which authorizes removal of claims arising in or related to a bankruptcy case.  See 28 U.S.C.§ 1334.")
[8] *See e.g.*, Notice of Removal [Dist. Doc. #1], ¶¶ 12-16, 18, 22-45, and 49-64.
[9] *See e.g.*, Notice of Removal [Dist. Doc. #1], ¶¶ 17, 46-48.
[10] 28 U.S.C. § 1441(b).

**A.      Time to Determine Diversity.**

"For removal purposes, diversity must exist **both** at the time the action was commenced in state court **and** at the time of removal."[11]   "This rule may be invoked…if new parties…have intervened after commencement but before removal."[12]   As discussed below, complete diversity did not exist at **either** date; thus, diversity jurisdiction did not exist and removal was improper.

**B.      Lack of Complete Diversity at Time Original Petition was Filed.**

Complete diversity is lacking when citizens or subjects of a foreign state appear on both sides of a lawsuit.[13]   A foreign business entity is considered to be a citizen of (1) every foreign state where it is incorporated, and (2) the foreign state where it has its principal place of business.[14]

As noted in the Motion, the Investor Plaintiffs are business entities organized under the laws of the People's Republic of China, having their principal places of business in China, and the Defendants are a German individual residing in the Republic of Germany and a German business entity organized under the laws of the Republic of Germany with its principal place of business in Germany.   Accordingly, citizens or subjects of a foreign state appeared on both sides of the Original Petition when it was filed and complete diversity was lacking.

**C.      Lack of Complete Diversity at Time Original Petition was Removed.**

By the time of removal of the Original Petition, complete diversity was even more lacking because Technify had already intervened in the State Court both as a defendant as to the Plaintiffs'

---

[11] Hittner, Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL – 5th Cir. Ed. (The Rutter Group 2013), ¶2:2356, citing *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 1994).

[12] Hittner, Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL – 5th Cir. Ed. (The Rutter Group 2013), ¶2:2356, citing *Farm Bureau Mut. Ins. Co., Inc. v. Eighmy*, 849 F.Supp. 40, 42 (D. Kan. 1994).

[13] *U.S. Motors v. General Motors Eur.*, 551 F.3d 420, 424 (6th Cir. 2008); *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980); *Berik Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010); *Slavchev. V. Royal Caribbean Cruises, Ltd.*, 559 F.3d 251, 254-55 (4th Cir. 2009); *Allendale Mut. Ins. v. Bull Data Sys.*, 10 F.3d 425, 428 (7th Cir. 1993); H.R. Rep. No. 112-10, at 6 (2011).

[14] *See*, 28 U.S.C. § 1332(c)(1); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir. 2013); *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt.*, 692 F.3d 42, 51 (2d Cir. 2012).

claims regarding the "Property At Issue," and as a plaintiff against the Defendants.  As noted in the

Motion, Technify is also a German citizen, thus further compounding the lack of complete

diversity.[15]  Therefore, removal of the Original Petition was improper because of a lack of diversity

jurisdiction at the time of removal.

**D.      Lack of Unanimous Consent to Removal.**

When removal is based on 28 U.S.C. § 1441, *e.g.*, diversity jurisdiction, all defendants must

join in the notice of removal or consent to the removal.[16]  Here, Technify had already intervened as

a defendant regarding the "Property At Issue" claims prior to removal, but Defendants failed to

obtain Technify's consent to removal or joiner in the notice of removal.  Accordingly, Defendants

notice of removal was procedurally defective.

## V.      DIVERSITY JURISDICTION – NO FRAUDULENT MISJOINDER

**A.      The Investor Plaintiffs' Claims Are Not Fraudulently Misjoined to the Instant Action.**

Defendants urge the Honorable Court to disregard Freesky and SAB for diversity

jurisdiction purposes, arguing their claims are "fraudulently misjoined" with Superior's claims in

this case.[17]  The doctrine of fraudulent misjoinder was established by the Eleventh Circuit in

*Tapscott v. MS Dealer Service Corporation*, 77 F.3d 1353 (11th Cir. 1996).  The Fifth Circuit has

recognized two grounds on which a court can determine a defendant was improperly joined, but

fraudulent misjoinder is not one of them.[18]  District Courts in the Fifth Circuit have, when presented

with fraudulent misjoinder arguments, often assumed, without holding, that fraudulent misjoinder

can support a finding of improper joinder.[19]  Overwhelmingly, however, the District Courts have

remanded such cases to state court, leading Judge Fish to remark: "Empirically speaking, a finding

---

[15] Plaintiffs filed a Motion to Dismiss Technify's Intervention, and this argument is made subject to Plaintiffs' Motion
to Dismiss and should not be construed as a waiver of same.
[16] *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992).
[17] Notice of Removal [Dist. Doc. No. 1] at p. 7.
[18] *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 572-73 (5th Cir. 2004).
[19] *See, e.g., Texas Instruments, Inc. v. Citigroup Global Markets, Inc.*, 266 F.R.D. 143, 147 (N.D. Tex. 2010) (Fish, J.).

of fraudulent joinder has proven to be a disfavored basis for a district court's exercise of jurisdiction after removal, and it is reserved for a very small handful of the most extreme cases."[20]

Assuming, *arguendo*, the doctrine of fraudulent misjoinder is actually applicable in the Fifth Circuit, it involves a two-step analysis: (1) does the joinder comply with the relevant joinder rules, and (2) is the misjoinder fraudulent. "Because any finding of fraudulent misjoinder logically entails an antecedent finding of mere misjoinder, a court should first ask whether any non-diverse parties have been misjoined under the governing rules. If so, the second step of the analysis should ask whether that misjoinder is so egregious as to be fraudulent."[21]

Defendants' fraudulent misjoinder argument fails under both prongs of the above test.

### 1.   The Investor Claims Were Properly Joined Under Rule 40 of the Texas Rules of Civil Procedure.

The Fifth Circuit has not determined whether federal or state procedural rules apply to fraudulent misjoinder analysis.[22]  Federal district courts in Texas have applied the Texas Rules of Civil Procedure, "in large part because the applicable Texas joinder rule is practically identical to Federal Rule 20(a) and because 'the claimant was required to follow the state's joinder rules when it initially brought suit.'"[23]

Rule 40 of the Texas Rules of Civil Procedure allows joinder of claims by plaintiffs if:

[1] they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and [2] if any question of law or fact common to all of them will arise in the action.[24]

"Texas Rule 40 is interpreted in light of a state policy that encourages broad joinder of multiple parties in the same action."[25]  The "transaction" requirement is governed by a logical-

---

[20] *Id.* at 152.
[21] *Id.*
[22] *Oesch v. Woman's Hosp. of Texas*, 2012 WL 950109 *4 (S.D. Tex. 2012).
[23] *Id.*
[24] Tex. R. Civ. P. 40(a).
[25] *Texas Instruments, Inc.*, 266 F.R.D. at 148-49 (citing *In re E.L.P.*, 636 S.W.2d 579, 581 (Tex. App.—San Antonio 1982, no writ) ).

relationship test, under which a transaction is a flexible notion that may encompass a series of many occurrences, depending on their logical relation to each other more so than their immediateness.[26] The "common question" requirement is satisfied by the presence of a solitary common question of law or fact.[27]  Here, the Investor Claims meet both requirements.

With respect to the transaction requirement, the Investor Claims are logically related to Superior's claims against the Defendants in that they serve as an alternative theory for relief in the unlikely event the Defendants are found not liable to Superior.  In other words, the Defendants are in a box: if they are able to sell Superior's Intellectual Property, they plainly made false promises, misrepresentations and/or omissions regarding the limited use and return of Superior's Intellectual Property in order to induce Freesky into purchasing Superior's stock.

The common question requirement is satisfied because the facts regarding Superior's confidential supplier relationship with TAE, which are part of Superior's claims, are also important to the Investor Claims.  For example, the time and expense Superior expended to develop its Intellectual Property and the terms and performance of the various agreements help explain why the Defendants' misrepresentations and/or omissions regarding the limited use of and return of Superior's Intellectual Property are material and why Freesky justifiably relied on said misrepresentations and/or omissions in order to pay $7 million for Superior's stock.

In *Pattison v. Highway Insurance Underwriters et al*, 278 S.W.2d 207 (Tex. App.—Galveston 1955), the Texas Court of Appeals addressed similar joinder issues arising out of a truck collision.  In that case, the plaintiffs, a husband and wife, originally settled their claims based on a misrepresentation made by the insurance carrier regarding the solvency of the entity that owned the

---

[26] *Abel v. Surgitek*, 975 S.W.2d 30, 38-39 (Tex. App.—San Antonio 1998), *reversed on other grounds by* 997 S.W.2d 598.
[27] *See* TEX. R. CIV. P. 40(a); *see also Texas Instruments, Inc.* at 148.

truck and the limits of the insurance policy.[28]  After learning of the falsity of these representations, the plaintiffs filed suit against the truck driver, the entity owning the truck, and the insurance carrier, seeking to recover on their alleged causes of action for the injuries they received in the collision or, in the alternative, against the insurance carrier on the grounds of fraud and deceit.[29]

The defendants filed, and the trial court sustained, special exceptions that argued the joinder of the collision claims with the fraud claims was improper.[30]  The court of appeals reversed, reasoning the facts giving rise to the collision claims were relevant to the fraud claim as well.[31]

Here, the facts establishing Superior's claims are likewise relevant to the materiality of the Defendants' misrepresentations and Freesky's justifiable reliance on same.  Accordingly, the Investor Claims were properly joined pursuant to Rule 40 of the Texas Rules of Civil Procedure. This alone forecloses the Defendants' fraudulent misjoinder argument.

**2.      Joinder of the Investor Claims is Not So Egregious as to be Fraudulent.**

The second step in the fraudulent misjoinder analysis is to ask whether the joinder was "fraudulent."[32]  "Fraudulence is measured against a standard of egregiousness."[33]  Federal Courts have used a variety of standards for determining whether a misjoinder is so egregious so as to constitute fraud.[34]  In *Texas Instruments, Inc. v. Citigroup Global Markets, Inc.*, Judge Fish

---

[28] *Pattison v. Highway Insurance Underwriters et al.*, 278 S.W.2d 207, 209 (Tex. App.—Galveston 1955, writ ref'd n.r.e.).

[29] *Id.* at 209-10.

[30] *Id.* at 210.

[31] *Id.* at 210-11.

[32] *Texas Instruments, Inc.*, 266 F.R.D. at 149 (citing *In re E.L.P.*, 636 S.W.2d 579, 581 (Tex. App.—San Antonio 1982, no writ)).  In *Salazar v. Lopez*, Judge Lynn recited a number of Federal District Court cases within the Fifth Circuit that applied the egregiousness standard after concluding the joinder was improper. *Salazar v. Lopez*, 2103 WL 1124302 *2 (N.D. Tex. 2013) (Lynn, J.).

[33] *Id.*

[34] In *Tapscott,* the Eleventh Circuit held the misjoined parties and claims were "wholly distinct" and had "no real connection" to each, such that the joinder was "bordering on a sham."  *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996).  Other courts have said a misjoinder is fraudulent if: (1) it is "grossly improper, totally unsupported, and lacks any colorable basis;" (2) the claims are wholly untenable; or (3) the connection between the claims is "so tenuous" that they lack "any palpable connection."  *Texas Instruments, Inc.* 266 F.R.D. at 149 (internal citations omitted).

undertook a survey of cases within the Fifth Circuit and found three situations where a misjoinder was found to rise to the level of being fraudulent:

> (1) two or more lawsuits with little or no party overlap have been combined in the same action (*i.e.*, there are multiple plaintiffs and defendants, but each plaintiff or discrete set of plaintiffs is suing only one defendant or a discrete set of defendants);
>
> (2) numerous plaintiffs have sued a common defendant and assert claims that have no shared factual element other than the presence of the common defendant; and
>
> (3) a single plaintiff or group of plaintiffs has joined multiple defendants in the same action and is asserting claims against each defendant that are both factually and legally unrelated.[35]

In their Notice of Removal, the Defendants appear to contend the second situation is the one applicable to this action.[36]   Defendants cite to *Texas Instruments, Inc.* as discussing fraudulent misjoinder in the context of multiple plaintiffs suing a common defendant on claims that do not share factual elements.[37]

*Texas Instruments, Inc.* did not involve numerous plaintiffs suing a common defendant, but Judge Fish did include a discussion of this situation as part of his survey of Fifth Circuit cases. Judge Fish cites to *Coleman v. Conseco*, 238 F. Supp.2d 804, 819 (S.D. Miss. 2002) as an example of this situation in the Fifth Circuit.  *Coleman* is fundamentally different from this case.[38]   There, forty-eight plaintiffs from fifteen different states joined together to sue an insurance company and several of its agents on fraud claims.  Each plaintiff's case was based on unique and different allegations of fraud.  The Southern District of Mississippi found the non-diverse plaintiffs' claims occurred in "complete factual, temporal, and geographic isolation from the claims" of the diverse plaintiffs and, therefore, concluded the claims did not arise out of the same series of transactions or occurrences.

---

[35] *Texas Instruments, Inc.* 266 F.R.D. at 149 (internal citations omitted).
[36] Notice of Removal [Dist. Doc. No. 1] at pp. 9-10.
[37] *Id.*
[38] In a footnote, Judge Fish cites to other examples, but all of them involve large groups of plaintiffs making factually unrelated claims against a defendant. *Texas Instruments, Inc.* 266 F.R.D. at 150,  n. 9.

The instant case is more like *Pride Trans. Inc. v. Harbin*, 2010 WL 4314920 (N.D. Tex. 2010) (Means, J.).  There, an employer asserted a malpractice claim against its former law firm and, in the same suit, asserted claims against its insurance carriers for breach of contract, breach of good faith and fair dealing, breach of fiduciary duty, and violations of the Insurance Code.[39]  The insurers argued they had been fraudulently misjoined to the case because the claims against them were factually and legally unrelated to the claims against the law firm.[40]  The District Court disagreed, realizing the facts relevant to the employer's malpractice claim and its claims against the insurance carriers substantially overlapped.[41]

The same is true in the instant action.  Despite Defendants' attempt to limit Superior's claims against them to the 2001 Supplier Agreement, the reality is that Superior and TAE were engaged in a confidential supplier relationship throughout Superior's bankruptcy and post-confirmation as recently as 2013.  Thus, although the Investor Plaintiffs' Claims are distinct from Superior's claims, the relevant factual backdrop is more than substantially overlapping.  This case is not the type of case that would support a finding of fraudulent misjoinder.

## VI.    DIVERSITY JURISDICTION - NO IMPROPER JOINDER

A removing party may establish diversity jurisdiction by demonstrating that the plaintiff "improperly joined" all forum defendants.[42]  To establish improper joinder, the removing party must prove "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[43]

The Fifth Circuit has explained that "the test for fraudulent [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-

---

[39] *Pride Trans. Inc. v. Harbin*, 2010 WL 4314920 at *1 (N.D. Tex. 2010) (Means, J.).
[40] *Id.* at *3.
[41] *Id.* at *4.
[42] *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (citing *Smallwood v. Ill. Cent. R. Co.,* 385 F.3d 568, 572–73 (5th Cir. 2004) (en banc)).[42]
[43] *Id.* (citing *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby,* 326 F.3d 644, 646–47 (5th Cir. 2003))).

state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

The court's inquiry into the reasonable basis for the plaintiff's state-court recovery has been described as a "Rule 12(b)(6)-type analysis."[44]  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[45]  Ultimately, "[t]he burden is on the removing party; and the burden of demonstrating improper joinder is a **heavy one**."[46]  The Fifth Circuit emphasizes that "any contested issues of facts and any ambiguities of state law must be resolved" in favor of remand.[47]  As this Court has concluded, in reviewing the plaintiff's pleadings, the court should look to the relevant state law pleading standard to determine whether the allegedly non-diverse plaintiff has any possibility of stating a claim against the defendant.[48]

## A.    Investor Plaintiffs Are Not Improperly Joined.

In their Notice of Removal, Defendants contend the Investor Plaintiffs are fraudulently joined because there is absolutely no possibility that they will be able to establish a cause of action against the Defendants.[49]  Defendants' fraudulent joinder argument can be broken down into five parts:

- Defendants contend the Investor Claims do not satisfy Rule 9(b);

- Defendants assert the affirmative defense of limitations;

- Defendants contend the Bankruptcy Court's Bid Procedures Order provided that the stock purchase "was an 'as-is, where-as sale;'"

---

[44] *Smallwood,* 385 F.3d. at 573–74 (cautioning that, while the court may go beyond the pleadings, a court's allowance of too-extensive discovery risks entangling it in the merits and observing that "inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden").

[45] *Warren v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-0762-D, *available at* 2008 WL 4133377, at *2 (N.D. Tex. August 29, 2008) (Fitzwater, C.J.)

[46] *African Methodist Episcopal Church*, 756 F.3d at 793 (emphasis added) (citing *Cuevas v. BAC Home Loans Servicing, LP,* 648 F.3d 242, 249 (5th Cir.2011)).

[47] *Id.*

[48] *Warren*, 2008 WL 4133377, at *4.  *See also Arana v. Allstate Texas Lloyds*, No. 3:13-CV-0750-D, *available at* 2013 WL 2149589, at *3 (N.D. Tex. May 17, 2013) (Fitzwater, C.J.); *Garcia v. LG Electronics USA, Inc.*, No. B-11-61, *available at* 2011 WL 2517141, at *2-3 (S.D. Tex. June 23, 2011); *Smith v. Baker Concrete Construction, Inc.*, No. 1:13-CV-207, *available at* 2014 WL 3715125, at *2 (E.D. Tenn. March 28, 2014).

[49] *See* Dkt. 1, pp. 14-19.

- Defendants assert the affirmative defense of release; and

- "[T]he [Investor Plaintiffs] have not identified a single alleged misrepresentation made by Defendants."[50]

Three of Defendants' arguments (*i.e.* limitations, release, and exculpatory provision) present affirmative defenses, which a plaintiff need not anticipate and plead around, even under Federal pleading standards.[51]  Nevertheless, Plaintiff addresses each of those arguments herein.  Moreover, as set forth below, all of Defendants arguments are without merit, and Defendants have not met their heavy burden of establishing fraudulent joinder.

**B.**     **Rule 9(b) Does Not Apply to Investor Claims.  Alternatively, if Rule 9(b) Applies, Investor Claims State a Claim for Statutory Fraud.**

Defendants argue the Original Petition does not satisfy Rule 9(b) with respect to the Investor Claims for statutory fraud under Section 27.01 of the Texas Business and Commerce Code. Defendants' argument is incorrect as a matter of law because, as this Honorable Court has consistently held, the sufficiency of factual allegations in a pleading initially filed in Texas state court is assessed under Texas' notice pleading standard, not under Federal pleading standards.[52] Accordingly, Defendants' Rule 9(b) argument should be rejected.

Additionally, in the event the Court concludes the Original Petition must satisfy Rule 9(b)'s heightened pleading requirements, the Original Petition is sufficient.  The Original Petition avers the time (September 2009), circumstances (in connection with Freesky's purchase of the stock of

---

[50] *See* Notice of Removal [Dist. Doc. No. 1] at p. 18 (¶ 44) (emphasis in original).

[51] *See, e.g., Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999) ("The statute of limitations is an affirmative defense. Complaints need not anticipate or plead around affirmative defenses."); *Encore Bank, N.A. v. Bank of America, N.A.*, 918 F.Supp. 2d 633, 647 (S.D. Tex. 2013) ("…the pleader of a complaint is not required to anticipate an affirmative defense such as laches and plead facts that negate that defense.").

[52] *See Warren v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-0762-D, *available at* 2008 WL 4133377, at *4 (N.D. Tex. August 29, 2008) (Fitzwater, C.J.) ("Because state court plaintiffs should not be required to anticipate removal to federal court, the court assesses the sufficiency of the factual allegations of Warren's complaint under Texas' notice pleading standard."); *see also Arana v. Allstate Texas Lloyds*, No. 3:13-CV-0750-D, *available at* 2013 WL 2149589, at *3 (N.D. Tex. May 17, 2013) (Fitzwater, C.J.) (collecting additional cases in which this Court rejected the premise that improper joinder is decided under Federal pleading standards); *see also Garcia v. LG Electronics USA, Inc.*, No. B-11-61, *available at* 2011 WL 2517141, at *2-3 (S.D. Tex. June 23, 2011) (analyzing whether the Federal standard for pleading sufficiency applies in fraudulent joinder situations and concluding it does not); *Smith v. Baker Concrete Construction, Inc.*, No. 1:13-CV-207, *available at* 2014 WL 3715125, at *2 (E.D. Tenn. March 28, 2014).

Superior), and contents (that Defendants' would use Superior's Intellectual Property solely to benefit Superior and return Superior's Intellectual Property upon request) of the false representations, as well as the identity of the persons making the misrepresentation (Defendants) and what they obtained thereby ($500,000.00).  The Original Petition even goes on to plead the motive for the misrepresentation – Defendants stood to benefit more than anyone if the stock purchase was consummated, and thus, had a reason to make a misrepresentation to facilitate the transaction.

**C.      Investor Claims are Not Barred by Limitations.**

Defendants contend the Investor Claims are "untimely as a matter of law."[53]  Specifically, according to Defendants, the Investor Plaintiffs were required to bring their fraud claims on or before September 2013 because the statute of limitations for claims brought pursuant to Section 27.01 of the Texas Business and Commerce Code is four years.[54]  Defendants' argument is without merit.

While a claim for fraud in a real estate transaction pursuant to Section 27.01 of the Texas Business and Commerce Code is governed by a four-year statute of limitations, a claim for fraud does not accrue until "when the fraud should have been discovered by reasonable diligence."[55]

Here, the Original Petition alleges the Investor Plaintiffs could not have discovered Defendants' misrepresentation until April 2013, when Superior ceased doing business with Defendants, and Defendants failed to live up to their promise to return Superior's Intellectual Property.  Additionally, the Original Petition alleges numerous acts of fraudulent concealment, including (1) Defendants' denial of having any of Superior's drawings, data, and information in a letter dated June 3, 2013 (shortly before September 2013 – the date which Defendants allege this

---

[53] *See* Notice of Removal [Dist. Doc. No. 1] at p. 16 (¶ 41).
[54] *See id.*
[55] Tex. Civ. Prac. & Rem. Code § 16.004(a)(4); *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007).

lawsuit should have been filed); (2) Defendants' making misleading and false statements about the extent of Superior's Intellectual Property in their possession; and (3) Defendants' attempt to induce Plaintiffs into signing a release in early 2014.[56]

As a result, there are numerous fact questions – e.g. when the Investor Plaintiffs should have discovered their claims and whether Defendants fraudulently concealed the facts giving rise to the Investor Claims – that cannot be resolved at this early stage in the proceeding. [57]

**D.      The Bid Procedures Order Does Not Preclude Investor Claims.**

Quoting an unidentified bankruptcy court Order (the "***Bid Procedures Order***"), Defendants contend the Investor Claims are barred because the purchase of Superior's stock was an "As-is, Where-As [sic] Sale."   Like their "release" argument (*see* Part VI.E, below), Defendants "as-is where-as" argument is misleading and without merit.

First, Defendants failed to include the entire quote from the Bid Procedures Order, omitting critical language that is fatal to their argument.  The full text of the provision on which Defendants rely is as follows:

> **Any sale shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description <u>by the Debtor, its agents, or estate</u>, except as otherwise agreed in writing.  Each Qualified Bidder (as defined below) shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence prior to making its offer, that it has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Superior Assets in making its Bid, and that** it did not rely on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Superior Stock, or the completeness of any information provided in connection therewith, except as expressly stated in these Bid Procedure [sic] or, as to any Successful Bidder, the terms of the Sale shall be set forth in the Confirmation Order.[58]

---

[56] *See* Appendix pp. 20-21, 41-42 (June 3, 2013 letter and Petition pp. 20-21).
[57] *See, e.g., TL of Florida, Inc. v. Terex Corp.*, --- F.Supp. 2d ---, *available at* 2014 WL 3362367, at *6 (D. Del. 2014) ("Frequently, determining whether the statute of limitations has been tolled pursuant to the 'discovery rule' or due to fraudulent concealment requires a factual inquiry not amenable to resolution on a motion to dismiss."); *Shropshire v. Fred Rappoport Co.*, 294 F.Supp. 2d 1085, 1102 (N.D. Cal. 2003) ("The question of notice is a fact-specific inquiry and thus, is more appropriately addressed on summary judgment.").
[58] *See* Appendix p. 65-66 (Bid Procedures Order, pp. 7-8, § M).

The portion of the quote in bold, above, which was not included in Defendants' Notice, makes clear that any purchaser of Superior's stock was not relying on any representations "by the Debtor, its agents, or the estate."[59]  With respect to the sale of Superior's stock, Defendants are not "the Debtor, its agents, or the estate;" rather, they were creditors of the Debtor.  Thus, the Investor Claims against the Defendants are not affected by the Bid Procedures Order.

Moreover, the Bid Procedures Order provides that any qualified bidder was permitted to conduct due diligence and rely upon that due diligence, as well as the terms of the Confirmation Order.  As set forth in the Original Petition, Freesky's due diligence included a review of Superior's records (including the promises made to Superior by Defendants), and more importantly, promises by Defendants to use Superior's Intellectual Property solely for the benefit of Superior and to return Superior's Intellectual Property after consummation of Freesky's purchase of Superior's stock upon request.[60]  Accordingly, the "as-is, where-as" provision does not preclude the Investor Plaintiffs from relying on Defendants' representations in connection with the stock transaction, especially when, as alleged in the Original Petition, Defendants stood to financially benefit more than anyone else if the stock transaction was consummated.[61]

**E.      Investor Claims were Not Released.**

In their Notice, Defendants contend the Investor Claims were "expressly released" by Superior's Plan of Reorganization.  *See* Notice, Dkt. 1, p. 16 (¶ 42).  In support of their argument, Defendants include the following quote from Superior's Plan:

> …in consideration for the concessions made by TAE [and its parent], they will be released from any and all claims and causes of action by anyone in connection with the Debtor or this case.

---

[59] *See id.*
[60] *See* Appendix pp. 40-42 (Original Petition pp. 19-21).
[61] Additionally, the terms of the Order are plainly procedural, prospective, forward looking, and do not constitute a release.  Moreover, the Order is expressly limited to representations regarding the Superior Stock.

*See id.* at pp. 16-17 (¶ 42) (brackets in original).  According to the Defendants, the quoted language above constitutes a release by the Investor Plaintiffs of their claims against the Defendants. Defendants' argument has no merit and is an attempt to mislead the Court.

Notably, the Notice of Removal does not include a citation to the specific section of the Plan that contains the quoted language, and Defendants did not attach a copy of the Plan to their Notice. Most likely, Defendants' lack of a citation and failure to include a copy of the Plan with their Notice is due to the fact that language relied upon by the Defendants is contained in "Article I – Summary of the Plan."  Importantly, the Article I – Summary of the Plan includes the following limiting language:

> **The following summary is included for convenience of the reader and shall not modify the specific terms of this Plan.**[62]

The Notice of Removal makes no mention of the limiter quoted above and is deceptive.

The **actual** release in the Plan (which Defendants do not quote or mention) is plainly limited to claims of the Debtor and the estate, as is typical in the bankruptcy setting – it does not include the claims of the Investor Plaintiffs:

> In exchange for TAE's consent to the Plan and the reduction of its distribution if its claim were allowed in full, TAE shall be released and discharged as of the Confirmation Date **from any and all claims of the Debtor and the estate**, including by not limited to (a) claims for subordination or re-characterization of its claim or (b) on account of any avoidance claims arising under Chapter 5 of the Bankruptcy Code.[63]

The Investor Plaintiffs are <u>not</u> the Debtor or the estate.

In short, Defendants' argument that Freesky and SAB's claims were released in Superior's Plan of Reorganization is misleading and without merit, and thus, should be rejected.

---

[62] *See* Appendix p. 67 (Plan, p. 1) (bold and italics in original).
[63] *See* Appendix pp. 81-82 (Plan § 4.2(h), pp. 15-16) (emphasis added).

**F.      Original Petition Identifies Misrepresentations Made by Defendants.**

Defendants' final, half-hearted,[64] argument is that the Original Petition does not identify a misrepresentation made by the Defendants to the Investor Plaintiffs.[65]   Defendants' are incorrect and simply ignore the allegations in the Original Petition.

For example, the Petition not only alleges Defendants made promises to Freesky, but also that they were material to Freesky, relied upon by Freesky, and were made "for the purpose of inducing Freesky to purchase Superior's stock" since Defendants "were in a position to directly benefit from the stock transaction's consummation in that they stood to receive (and ultimately received) $500,000 of the $7,000,000 paid by Freesky for Superior's stock."[66]   In sum, Defendants' argument that the Petition does not allege a misrepresentation to Freesky is without merit and should be rejected.   Misrepresentations were made, relied upon, and harmful to the Investor Plaintiffs.

## VII.      BANKRUPTCY JURISDICTION – NON-EXISTENT

**A.      Defendants' Assertion of Bankruptcy Jurisdiction Limited to Investors Claims and "Arising In" Jurisdiction**

Chief Bankruptcy Judge Houser has already ruled that no bankruptcy jurisdiction exists over

---

[64] Defendants' argument consists of one sentence.

[65] *See* Notice of Removal [Dist. Doc. No. 1] at p. 18 (¶ 44).  Defendants cite *Winkins v. Frank Winther Investments, Inc.*, 881 S.W.2d 557 (Tex. App. – Houston [1st Dist.] 1994) in support of the unremarkable proposition that a person making a representation is only accountable for its truth or honesty to the persons whom he seeks to influence.  Importantly, *Winkins* was decided on summary judgment, not on the pleadings or in the context of removal to Federal court based on a theory of improper joinder.

[66] *See* Appendix p. 41 (Petition p. 20).  To the extent Defendants contend the Original Petition is ambiguous as to whom Defendants' representations were made, to be clear, the Investor Plaintiffs allege Defendants' representations were made to Freesky to induce into the stock transaction.  *See Skinner v. Cooper Tire & Rubber Co.*, No. 3:04-CV-0653-D, *available at* 2004 WL 1171201, at *2, n. 4 (N.D. Tex. May 26, 2004) (Fitzwater, C.J.) (when reviewing a claim for fraudulent joinder the court may consider post-removal assertions, so long as they do not present new claims or theories).  As set forth in Footnote #1 in the Original Petition, "SAB is the successor in interest to Freesky with respect to ownership of Superior's stock, [and] the Defendants continued their promises, misrepresentations and failures to disclose throughout the ownership of both Freesky and SAB of Superior."

Superior's claims against the Defendants.[67]  In recognition of the lack of bankruptcy jurisdiction over Superior's claims, the Notice of Removal appears to argue that bankruptcy jurisdiction might exist over **solely** the Investor Claims.[68]  Defendants' Notice of Removal argues the Investor Claims give rise to bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334, and thus are removable pursuant to 28 U.S.C. § 1452(a) because the Investor Claims purportedly are based on fraud committed "in connection with a stock purchase made pursuant to procedures of and under the supervision of the Bankruptcy Court."[69]  Defendants also say that the Investor Claims are "directly barred" by a purported release of TAE in the Plan of Reorganization."[70]  There is no mention of Superior's claims in such analysis.[71]

Under 28 U.S.C. § 1334, Federal courts have original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  Although Defendants initially state the Investor Claims purportedly invoke either "arising in or related to" bankruptcy jurisdiction,[72] Defendants limit their analysis of the Investor Claims to "arises in" bankruptcy jurisdiction.[73]  Accordingly, the Plaintiffs will likewise limit their bankruptcy jurisdiction analysis to whether the Investor Claims meet the requirements for "arises in" bankruptcy jurisdiction.

---

[67] *In re Superior Air Parts, Inc.*, ---B.R. ---, 2014 WL 4162860, at *10 (Bankr. N.D. Tex. August 20, 2014) ("Simply because a debtor was once in bankruptcy does not mean that the bankruptcy court is an appropriate forum in which to litigate post-confirmation disputes between a reorganized debtor and its post-confirmation suppliers.  [T]his Court lacks subject matter jurisdiction over this dispute.").  The Defendants did not appeal the Bankruptcy Court's ruling.  Accordingly, Judge Houser's ruling is final and binding on the Defendants.  Defendants Notice of Removal likewise does not allege bankruptcy jurisdiction over Superior's claims.

[68] *See*, Notice of Removal [Dist. Doc. #1], ¶¶ 46-48.  After mentioning diversity jurisdiction, the Notice of Removal's introductory paragraph states that "[r]emoval of the sole claim of [the Investor Plaintiffs] is also appropriate under 28 U.S.C.§§ 1334 and 1452," which are the bankruptcy jurisdiction and removal statutes.  The initial "Grounds for Removal" section of the Notice of Removal likewise only mentions the Investor Claims in connection with allegation of bankruptcy jurisdiction.   The Defendants' later, brief analysis of bankruptcy jurisdiction, which is limited to three paragraphs, only discusses the Investors' Claims.

[69] Notice of Removal [Doc. No. 1], page 19, ¶ 47.

[70] Notice of Removal [Doc. No. 1], page 19, ¶ 47.

[71] Defendants urge this Court to refer solely the Investor Claims to the Bankruptcy Court while retaining the balance of the Original Petition in the Federal District Court. Notice of Removal [Doc. No. 1], pages 19-20, ¶ 47-48.

[72] *See*, Notice of Removal [Dist. Doc. #1], ¶ 16.

[73] *See*, Notice of Removal [Dist. Doc. #1], ¶ 47 (Investor Plaintiffs' "claim 'arises in' Superior's bankruptcy case.")

B.    "Arising In" Bankruptcy Jurisdiction Defined

"Arising in" jurisdiction covers those actions "not based on a right expressly created by title 11, but [instead] based on claims that have no existence outside of bankruptcy."[74]  As Judge Houser previously noted:

> Various courts have addressed arising in jurisdiction post-confirmation, including the Third and Fourth Circuits.  In *United States Trustee v. Gryphon at Stone Mansion, Inc.*, 166 F.3d 552, 553 (3d Cir. 1999), the issue before the Third Circuit was whether the bankruptcy court had post-confirmation jurisdiction to compel a debtor to pay U.S. Trustee fees.  The court concluded that the bankruptcy court did have jurisdiction because the matter arose in bankruptcy, as the requirement to pay U.S. Trustee fees applies **only** in bankruptcy cases.

> In *Valley Historic Limited Partnership v. Bank of New York*, 486 F.3d 831, 835 (4th Cir. 2007), the Fourth Circuit held that the bankruptcy court did not have subject matter jurisdiction over a post-confirmation dispute between the debtor and one of its creditors.  In that case, the debtor brought an adversary proceeding after its plan was confirmed, alleging breach of a loan agreement and a tortious interference claim.  The debtor argued that there was arising in jurisdiction because "the breach of contract caused its bankruptcy and the tortious interference complicated the administration of the bankruptcy case."  However, the Fourth Circuit rejected this argument, concluding that "the Debtor's breach of contract claim and tortious interference claim **would have existence outside of the bankruptcy, [so] they were not within the bankruptcy court's 'arising in' jurisdiction.**"[75]

Applying the *Gryphon* and *Valley Historic* cases to the Superior situation, Judge Houser found there is no "arising in" jurisdiction because the requirements underlying Superior's claims did not apply only in bankruptcy cases, and the claims would have existed outside of bankruptcy.[76]

Applying the same analysis to the Investor Claims, it is clear such claims likewise do not fall within "arising in" bankruptcy jurisdiction.  The state law statutory duty to not make false promises, omissions of material fact, and representations in connection with a stock sale exists regardless of

---

[74] *Faulkner v. Eagle View Capital Mgmt. (In re Heritage Org., LLC)*, 454 B.R. 353, 360 (Bankr. N.D. Tex. 2011) (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987) ).

[75] *In re Superior Parts, Inc.*, ---B.R. ---, 2014 WL 4162860, at *7-8 (Bankr. N.D. Tex. August 20, 2014) (emphasis added) (internal citations omitted).

[76] *In re Superior Parts, Inc.*, ---B.R. ---, 2014 WL 4162860, at *8 (Bankr. N.D. Tex. August 20, 2014).

whether the sale is in conjunction with a bankruptcy case, and a claim for breach of such duty is not dependent on the existence of a bankruptcy case or the application of bankruptcy law.[77]

**C.      There is No Active Bankruptcy Case and the Existence of Superior's Prior Bankruptcy Fails to Create "Arising In" Bankruptcy Jurisdiction**

Defendants' Notice of Removal includes numerous pages of narrative about matters that happened between the Superior and the Defendants in the bankruptcy case.  It appears this narrative is intended to create the false impression that the Original Petition is intimately tied to Superior's **prior** bankruptcy case, and to distract this Court from noticing that (a) Superior's Plan of Reorganization was confirmed and has been substantially consummated, (b) Superior's former bankruptcy estate no longer exists, (c) there is nothing left to administer in the bankruptcy case, (d) Superior's former bankruptcy case is closed, (e) no debtor is a party to the Original Petition, (f) no debtor's cause of action is asserted in the Original Petition, (g) no Bankruptcy Code provision is invoked in the Original Petition, and (h) the Original Petition is simply a dispute between non-debtors regarding the Defendants' intentional and calculated refusal to comply with its representations, promises and obligations to limit their use of Superior's Intellectual Property to benefit solely Superior, and to return Superior's Intellectual Property upon Superior's request.

Defendants cannot demonstrate an "arising in" nexus or impact on the bankruptcy estate, and the Investor Claims can have no conceivable effect on Superior's former bankruptcy estate or any other domestic bankruptcy estate.[78]   Indeed, the Bankruptcy Court has already ruled that bankruptcy jurisdiction does not exist to hear the disputes between Superior and the Defendants.[79] The prior bankruptcy case likewise has no impact on the Investor Claims.

---

[77] *See* TEX. BUS. & COMM. CODE § 27.01.
[78] *In re Superior Air Parts, Inc.*, --- B.R. ----, 2014 WL 4162860 *11 (N.B. Tex. August 20, 2014) ("Simply because a [former] debtor was once in bankruptcy does not mean that the bankruptcy court is an appropriate forum in which to litigate post-confirmation disputes between a reorganized debtor and its post-confirmation suppliers.").
[79] *Id.*, 2014 WL 4162860 *11 (N.B. Tex. August 20, 2014).

**D.     Well-Pleaded Complaint Rule and Role of Defenses in Analyzing "Arising In" Bankruptcy Jurisdiction.**

In an attempt to justify removal of the Investor Claims pursuant to 28 U.S.C. §§ 1334 (bankruptcy jurisdiction) and 1452 (bankruptcy removal), the Defendants argue that the Investor Claims are "directly barred by the **release** of TAE in the confirmed plan."[80]   As discussed in Section VI.E above, the Plaintiffs deny that any release in Superior's bankruptcy case impacts any claims against the Defendants; regardless, the release defense cannot serve as a basis for removal.

The well-pleaded complaint rule provides that federal question jurisdiction, including bankruptcy jurisdiction, exists only when a federal question is presented on the face of a plaintiff's complaint; neither the presence of a federal law defense nor a federal law counterclaim will provide federal question jurisdiction.[81]   Bankruptcy-related defenses likewise do not create bankruptcy jurisdiction where there is no conceivable impact on a bankruptcy estate.   Under 28 U.S.C. § 1334(b), federal courts have "original **but not exclusive jurisdiction**" over claims "arising in" a bankruptcy case; however, an affirmative defense, "even if based on a federal court order, … cannot be used to create a federal question."[82]

"[A] case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense

---

[80] *See*, Notice of Removal [Dist. Doc. #1], ¶ 47 (emphasis added).
[81] *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10-11, n. 9, 103 S.Ct. 2841, 77 L. Ed. 2d 420 (1983) (expressly declining to adopt rule that answer as well as complaint may be consulted before determination is made whether case arises under federal law); *Board of Painesville v. City of Painesville*, 200 F.3d  396, 399 (6th Cir., 1999) (a plaintiff's well-pleaded complaint must raise an issue "arising under" the laws of the United States; the presence of a federal question defense is insufficient); *Holmes Group v. Vornado Air Circulation Sys., Inc.* 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 12 (2002) (counterclaim that appears as part of defendant's answer and not part of plaintiff's complaint cannot serve as basis for "arising under" jurisdiction); *Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 173 L.Ed.2d 206, 224 (2009) (counterclaim cannot give rise to federal question jurisdiction over petition to compel arbitration).
[82] *State of Arkansas Teacher Retirement System v. Merrill Lynch & Co., Inc. (In re LJM2 Co-Investment, L.P.)*, 319 B.R. 495, 500 (Bankr. N.D. Tex. 2005) (Chief Judge Felsenthal) (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 478, 118 S.Ct. 921, 139 L.Ed.2d. 912 (1998)).

may be the dispositive issue in the case."[83]  "[I]f the federal question is essentially a federal defense and not essentially an element of the plaintiff's claim, the case may not be removed."[84]  This principle "applies to removal based on § 1452" as well as § 1441(b).[85]  "Such a defense is properly made in the state court proceedings, and the state court's disposition of it is subject to [the U.S. Supreme] Court's ultimate review." [86]

In the instant case, the Court should look to just the Original Petition which asserts only Texas state law causes of action arising from the Defendants' misuse of Superior's Intellectual Property and failure to return Superior's Intellectual Property upon proper request post-confirmation.  The Investor Claims invoke no federal laws, let alone the bankruptcy statutes. Moreover, such claims do not uniquely arise in a bankruptcy case, and thus do not support "arising in" jurisdiction under 28 U.S.C. § 1334. [87]  Defendants' purported affirmative defense of release in a bankruptcy order, even if applicable, cannot serve as a basis for bankruptcy jurisdiction.

---

[83] *State of Arkansas Teacher Retirement System v. Merrill Lynch & Co., Inc. (In re LJM2 Co-Investment, L.P.)*, 319 B.R. 495, 501 (Bankr. N.D. Tex. 2005) (Chief Judge Felsenthal), citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d. 912 (1998); *see also Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 366 (5th  Cir. 1995) ("A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is 'an element, and an essential one, of the plaintiff's cause of action.'") quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 111, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

[84] *Id.* at 501.

[85] *Id.  See also*, *In re Brooks Mays Music Co.*, 363 B.R. 801, 811 (Bankr. N.D. Tex. 2007) ("[H]igher courts have been very clear that a federal defense cannot itself create subject matter jurisdiction where subject matter jurisdiction does not otherwise exist.") citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d. 912 (1998).  *See also*, *Malesovas v. Sanders*, 2005 WL 1155073 (S.D. Tex. May 16, 2005) (A defendant cannot remove state law claims on the basis that such claims were purportedly released by a plan of reorganization and confirmation order; in deciding a motion to remand, a court must apply the well-pleaded complaint rule without considering any defenses the defendant may have.).  *See also*, *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 9014-15 (6th Cir. 2007) (When deciding whether to impose sanctions for removal, a court may consider that "[b]ecause it is well settled that federal … defenses are inadequate to confer federal jurisdiction, [the possible existence of such a defense] fails to establish an objectively reasonable basis for removal.") (internal quotations omitted) citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

[86] *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 478, 118 S.Ct. 921, 139 L.Ed.2d. 912 (1998).

[87] *See, e.g., Capitol Hill Group v. Pillsbury et al.*, 569 F.3d 485 (D.C. Cir., 2009) (malpractice claims); *Carter v. Rodgers*, 220 F.3d 1249 (11th Cir. 2000) (suit against trustee for breach of duty).

E.      **Third-Party Claims Seldom Support "Arising In" Bankruptcy Jurisdiction**

Finding that third party lawsuits do not affect a bankruptcy estate is not uncommon; the Fifth Circuit has repeatedly done so.  A short inventory of no jurisdiction cases found by the Fifth Circuit shows the following fact patterns:

      a)      Lease rejected; bank and third party dispute each other's right to proceeds; estate gets nothing and loses nothing from the contest;  *Eastover Bank for Sav. v. Sowashee Venture (In re Austin Dev. Co.)*, 19 F. 3d 1077 (5th Cir. 1994).

      b)      Holder of non-dischargeable judgment against debtor sues trustee of debtor's spendthrift trust; no cost or benefit to the estate; *Bass v. Denney (In re Bass)*, 171 F. 3d 1016 (5th Cir. 1999).

      c)      Debtor sues manufacturer, who then impleads equipment dealer; debtor settles with manufacturer; impleader between the third parties dismissed because no result between the two third parties will affect the estate, and jurisdiction is therefore lost; *Volvo v. Crescent*, 273 Fed. Appx. 368 (5th Cir. 2008).

If one compares the Fifth Circuit cases where jurisdiction has been found, the contrast is clear: each time jurisdiction is found, it is because there is some potential boost or detriment to the estate: the estate is never merely a bystander (or as in this case, non-existent):

      a)      The third party complaint could conceivably enlarge the estate.  *Wood v. Wood (In re Wood)*, 825 F.2d 90 (5th Cir. 1987).

      b)      Suit by judgment creditor against third parties could enlarge the estate. *Randall & Blake v Evans (In re Canion)* 196 F. 3d 579 (5th Cir. 1999).

      c)      Suits to determine which creditor had rights to stock issued under plan could bind debtor and affect administration of the estate.  *In re Majestic Energy Corp.*, 835 F. 2d 87 (5th Cir. 1988).

One simply cannot stretch the Investor Claims to have an effect on Superior's former bankruptcy estate, which no longer exists.  If the Investor Plaintiffs prevail, they receive money which does not go into Superior's former bankruptcy estate.  If the Investor Plaintiffs do not prevail, Superior's former bankruptcy estate is not harmed and bears no cost.  This litigation simply bears no relation to Superior's former bankruptcy estate.

## VIII.    THE COURT SHOULD EXERCISE ITS
## DISCRETION TO ABSTAIN AND REMAND

**A.    28 U.S.C. §§ 1334 (c)(1) and 1452(b).**

Under 28 U.S.C. § 1452(b), "[t]he court to which [a] claim or cause of action is removed [pursuant to 1452(a)] may remand such claim or cause of action on any equitable ground." Similarly, under 28 U.S.C. § 1334(c)(1), the court may elect to abstain from hearing a removed action: "…nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

In determining whether to abstain from hearing a removed action pursuant to §1334(c)(1), the Court should consider the following factors:  (1) the effect or lack thereof on the efficient administration of the estate; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficultly or unsettled nature of applicable law; (4) presence of related proceeding in state court or other non-bankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.[88]

**B.    Remand and/or Discretionary Abstention are Appropriate in this Case.**

Here, factors (1), (2), (5), (6), (7), (11), and (12) weigh heavily in favor of abstention.  The balance of the factors are inapplicable or do not weigh in favor of either party.

---

[88] *In re Ramirez*, 413 B.R. 621, 631–32 (Bankr.S.D.Tex.2009) (citing additional cases).

For example, since there is no bankruptcy estate (there is not even an open bankruptcy case), this action will have no impact whatsoever on the efficient administration of the estate (Factor 1). The degree of relatedness of this proceeding to the main bankruptcy case is likewise low since the main bankruptcy case is now closed (Factor 6). Moreover, state law issues predominate over bankruptcy issues, since every claim in the Petition arises under state law (Factor 2); the substance of the asserted core proceeding involves state law – *i.e.* Section 27.01 of the Texas Business and Commerce Code (Factor 7); and even if the Court were to find bankruptcy jurisdiction, there is no other basis for Federal Court jurisdiction, as set forth above (Factor 5). Finally, Plaintiffs made and perfected a jury demand in state court (Factor 11), and the dispute over which Defendants' allege bankruptcy jurisdiction exists is a state law dispute between two non-debtors (Factor 12).

In short, every applicable factor weighs in favor of abstention. Accordingly, the Federal District Court should exercise its discretion to abstain and remand the case back to the State Court.

## IX.   CONCLUSION

Grounds for removal under Section 1441 do not exist because there was incomplete diversity either at the time that the Original Petition was filed, or at the time of removal. Accordingly, removal under Section 1441 is improper and the Petition should be remanded.

Grounds for removal under Section 1452 do not exist because the Investor Claims do not involve property of a bankruptcy estate; the Investor Claims do not "arise under" or "arise in" a bankruptcy case; and the Investor Claims are not "related to" a bankruptcy case. Accordingly, removal under Section 1452 is improper and the Original Petition should be remanded.

In the event the Court finds that removal of the Investor Claims was proper under Section 1452, the Court should abstain from hearing the Investor Claims because all of the requirements for mandatory abstention under Section 1334(c)(2) are satisfied (including that the Investor Claims could not, absent jurisdiction under Section 1334, have been commenced in a court of the United

States).  Alternatively, the Federal District Court should abstain from hearing the Investor Claims since such claims sound in state law and would have no effect on a domestic bankruptcy case.

Finally, and also in the alternative, if the Court determines the Investor Claims were properly removed to the Federal District Court under Section 1452, the Trustee respectfully suggests such claims not be referred to the Bankruptcy Court for the reasons discussed above.

Respectfully submitted,

**PASSMAN & JONES,**
  **A Professional Corporation**

/s/ Jerry C. Alexander
Jerry C. Alexander
State Bar No. 00993500
Christopher A. Robison
State Bar No. 24035720
1201 Elm Street, Suite 2500
Dallas, TX  75270-2500
(214) 742-2121
(214) 748-7949 (Fax)

**ATTORNEYS FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 24, 2014, a true and correct copy of the foregoing was served on counsel for all other parties via ECF/PACER.

/s/ Jerry C. Alexander
Jerry C. Alexander