IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUPERIOR AIR PARTS, INC., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | Civil Action No. 3:14-CV-03492-D |
| | § | |
| BRUNO KŰBLER, IN HIS CAPACITY | § | |
| ASINSOLVENCY ADMINISTRATOR | § | |
| OF THIELERT AIRCRAFT ENGINES | § | |
| GMBH, et al., | § | |
| | § | |
| Defendants, | § | |
| | § | |
| VS. | § | |
| | § | |
| TECHNIFY MOTORS GMBH, | § | |
| | § | |
| Intervenor. | § | |
| | § | |

**INTERVENOR TECHNIFY MOTORS GMBH'S RESPONSE TO
PLAINTIFFS' MOTION TO DISMISS AND DEFENDANTS' MOTION
TO DISMISS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... iii

SUMMARY ....................................................................................................... 1

I.     BACKGROUND FACTS ............................................................... 2

II.    ARGUMENT AND AUTHORITIES ............................................ 5

    A.    The Court Should Deny Defendants' and Plaintiffs' Motions to Dismiss Because Technify Has A Right To Intervene Pursuant to FRCP 24(a)(2). ............. 5

        1.    Technify's Petition in Intervention is Timely ........................................ 6

        2.    Technify Has an Interest Relating to the Action ..................................... 6

        3.    Technify's Interest Will Be Impaired or Impeded by Disposition of the Action ................................................................................................. 8

        4.    Technify's Interest is Not Represented By the Existing Parties ............................. 9

    B.    The Court Should Deny Defendants' and Plaintiffs' Motions to Dismiss Because Technify Meets the Standards for Permissive Intervention ................... 11

        1.    Technify's Intervention is Timely ........................................................ 12

        2.    Technify's Claims Involve Common Questions of Law ........................................ 12

        3.    Technify's Intervention Will Not Unduly Delay or Prejudice Adjudication ........................................................................................ 13

    C.    Defendants Motion to Dismiss Should be Denied Because the Court has Subject Matter Jurisdiction Over Technify's Claims ............................. 14

        1.    Technify Has Standing To Assert a Declaratory Judgment Claim ....................... 14

        2.    Technify's Damages Claim Is Ripe ..................................................... 17

III.    Conclusion ..................................................................................... 19

CERTIFICATE OF SERVICE ........................................................................... 20

## TABLE OF AUTHORITIES

**Cases**

*Abbott Laboratories v. Gardner*
    387 U.S. 136 (1967) ........................................................................................17

*Accardo v. America First Lloyds's Ins. Co.*
    Civ. A. No. H-11-0008, 2012 WL 1576022, (S.D. Tex. May 3, 2012) ...................19

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*
    300 U.S. 227 (1937) ........................................................................................17

*American National Ins. Co. v. Cannon II*
    86 S.W.3d 801 (Tex. App.—Beaumont 2002, no pet.) ........................................17

*Arlington Heights v. Metropolitan Housing Development Corp.*
    429 U.S. 252 (1977) ........................................................................................15

*Bear Ranch, LLC v. Heartland Beef, Inc.*
    286 F.R.D. 313 (S.D. Tex. 2012) ......................................................................15

*Brainard v. Trinity Universal Ins. Co.*
    216 S.W.3d 809 (Tex. 2006) ............................................................................19

*Deus v. Allstate Ins. Co.*
    15 F.3d 506 (5th Cir. 1994) ........................................................................11, 13

*E.E.O.C. v. Commercial Coating Service, Inc.*
    220 F.R.D. 300 (S.D. Tex. 2004) .......................................................................9

*Horne v. Flores*
    557 U.S. 433 (2009) ........................................................................................15

*In re Blast Energy Services, Inc.*
    396 B.R. 676 (S.D. Tex. 2008) .....................................................................17, 18

*In Re Oil Antitrust Litigation*
    570 F.3d 244 (5th Cir. 2009) ...........................................................................5, 6

*John Doe No. 1 v. Glickman*
    256 F.3d 371 (5th Cir. 2001) .............................................................................5

*Kneeland v. Nat'l Collegiate Athletic Ass'n*
    806 F.2d 1285 (5th Cir. 1987) ..........................................................................13

*League of United Latin Am. Citizens v. Clements*
    884 F.2d 185 (5th Cir. 1989) ............................................................................11

*Myer v. Americo Life, Inc.*
   No. A-06-CA-599 LY, 2007 WL 320960 (W.D. Tex. Jan. 30, 2007) ...................................17

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*
   732 F.2d 452 (5th Cir. 1984) ...................................................................................................6, 7

*Rigco, Inc. v. Rauscher Pierce Refsnes, Inc.*
   110 F.R.D. 180 (N.D. Tex. 1986)...............................................................................................8

*Ross v. Marshall*
   426 F.3d 745 (5th Cir. 2005) ...................................................................................................11

*Ruiz v. Estelle*
   161 F.3d 814 (5th Cir. 1998) ...................................................................................................15

*Sierra Club v. Espy*
   18 F.3d 1202 (5th Cir. 1994) ........................................................................................5, 7, 9, 11

*Texas v. U.S.*
   523 U.S. 296 (1998) .................................................................................................................17

*U.S. v. 936.71 Acres of Land*, 418 F.2d 551, 556 (5th Cir. 1969) .....................................................6

*Washington Elec. Coop v. Massachusetts Mun. Wholesale Elec. Co.*
   922 F.2d 92 (2d Cir. 1990) .......................................................................................................11

*Wichita R. & Light Co. v. Public Utilities Commission of the State of Kansas*
   260 U.S. 48 (1922) ...................................................................................................................15

**Statutes**

28 U.S.C. § 1367...........................................................................................................15, 16

Intervenor Technify Motors GmbH ("Technify") submits this Brief in Support of its Response to Defendants Bruno Kübler ("Kübler"), in his capacity as Insolvency Administrator of Thielert Aircraft Engines GmbH ("TAE") and Thielert Motors GmbH's (collectively, "Defendants") Motion to Dismiss and Objection to Intervenor's Claims (Dkt. 7), and Plaintiffs Superior Air Parts, Inc. ("Superior"), Weifang Freesky Aviation Technology Co., Ltd., and Superior Aviation Beijing Co., Ltd.'s (collectively "Plaintiffs") Motion to Dismiss, or Alternative Response to Technify Motors GmbH's Petition in Intervention and Brief In Support Thereof (Dkt. 8). In response to these Motions, Technify respectfully states as follows:

## SUMMARY

Plaintiffs filed their Original Petition on August 21, 2014 in Texas State District Court. Technify filed a Petition in Intervention on September 19, 2014 under Rule 60 of the Texas Rules of Civil Procedure. Defendants filed their Original Answer on September 22, 2014 and their First Amended Answer on September 25, 2014. Defendants improperly removed this action to Federal Court on September 26, 2014.[1] Plaintiffs and Defendants have moved to dismiss Technify's Petition in Intervention.

This action concerns a dispute between Technify, Superior, and Kübler regarding (a) documents and information that Defendants sold to Technify, (b) documents and information that are still in the possession of Defendants, and (c) certain documents and information which Superior contends that it owns and Defendants and Technify are not entitled to use or transfer. The pleadings and the record both show that Technify is a proper party to this case because it has a clear, legally-enforceable interest in the property at issue in this case, as well as a claim for breach of contract

---

[1] Technify and Plaintiffs have both filed Motions to Remand this case to state court. Dkts. 11 & 13.

against Kübler that falls well within the proper scope for joinder in this action. For the reasons stated below, Plaintiffs' and Defendants' Motions should be denied in their entirety.

## I.   BACKGROUND FACTS

In the early 2000s, Superior and TAE entered into a relationship with TAE where TAE would manufacture aircraft engine parts on behalf of Superior. Plaintiffs' Original Petition, Dkt. 1-3, at ¶ 6. Superior alleges that as part of this supplier arrangement it transferred and owns the rights to information gathered through reverse engineering its competitors' parts using the 'Test and Computation' method. *See generally* Plaintiffs' Original Petition, Dkt. 1-3. Superior and TAE went through a series of relationship status changes including periods where they had no relationship, mutual bankruptcies, and common ultimate ownership at various points in the relevant period. *Id.*

During July 2013, Technify closed on an asset acquisition with TAE that included the property concerning this suit. Technify's Petition in Intervention, Dkt. 1-4, at ¶ 5. The transaction included the sale assets that are related to the subject of this dispute as well as additional assets. Closing Protocol, Ex. A, APP000013, at ¶ 11. The assets related to the subject of this dispute include: (a) assets sold to Technify and in Kübler's possession that Superior claims it owns in its Original Petition; (b) assets sold to Technify and in Kübler's possession that Superior claims were created using Superior's assets in its Original Petition; and (c) assets sold to Technify and in Kübler's possession to which Superior does not appear to make any claims. *Id.*; *see also generally* Plaintiffs' Original Petition, Dkt. 1-3. The assets encompassed by (a) and (b) include certain tangible and intangible assets that Superior claims it owns, or claims are derivatives of assets it owns and are referenced directly in the Original Petition ("Petition Property"). *See generally* Plaintiffs' Original Petition, Dkt. 1-3. The transaction also included, within (c), certain tangible

2

and intangible assets in Kübler's possession that Superior does not claim it owns and is not referenced in the Original Petition, but are directly related to the Petition Property and impacts Technify's ability to use the property ("Additional Related Property", collectively with Petition Property "Property at Issue"). Closing Protocol, Ex. A, APP000013, at ¶ 11.

Petition Property includes the assets Superior claims they directly own and are described by Superior in its Motion to Dismiss as "thousands of electronic files containing Superior data and information." Petition Property also includes assets Superior characterizes as "...hundreds of 3D computer assisted design ("CAD") models created using Superior's drawings, data and information for approximately 362 aircraft parts for which Superior holds the exclusive PMA or type certificate..." Plaintiffs' Original Petition, Dkt. 1-3, at ¶ 8.  Based on the Original Petition, Superior appears to not claim ownership to these assets, but rather demands "...removal of Superior's data and information from the TAE-labeled 3D CAD models and 2D drawings..." *Id.*

Additional Related Property includes tooling, documents and data carriers that embody production knowledge and know-how which are still in the possession of Kübler, but were sold to Technify. Closing Protocol, Ex. A, APP000013, at ¶ 11. Superior apparently makes no direct claims to these assets within its Original Petition, but a judgment in this case will impact Technify's rights associated with the Additional Related Property. *See generally* Plaintiffs' Original Petition, Dkt. 1-3.

Prior to the closing on the asset acquisition, Superior contacted Kübler about its alleged interest in the Property at Issue. Technify's Petition in Intervention, Dkt. 1-4, at ¶ 5. Kübler did not disclose this fact to Technify while the transaction for the sale of assets proceeded and was scheduled to close. Technify first became aware of any dispute as to the ownership of the Property At Issue just prior to closing when it came into possession of a letter dated July 9, 2013 reiterating

Superior's request to return property. *Id.* Due to the uncertainty created by Superior's claim, Technify agreed upon the temporary resolution of a provision in the closing protocol so that the sale of the assets could continue albeit with Kübler maintaining possession of the Property At Issue. Closing Protocol, Ex. A, APP000013, at ¶ 11. The pertinent provision acknowledges that there were disputed assets and limited the damages to EUR 3,500,000 if Kübler ultimately failed to transfer possession of the assets Technify purchased as required by the asset purchase agreement. *Id.*

Superior notified Continental Motors, Inc. via letter on August 29, 2014 that it was disputing ownership of the property in this proceeding, and threatened to take legal action against Continental Motors, Inc. if it "…purchases or in any way receives or uses any of Superior's drawings, data or information…Continental Motors will be added to the litigation as a Defendant." Superior Letter to Continental Motors Dated August 29, 2014, Ex. B, APP000047–48.[2]

Plaintiffs' and Defendants' positions rely on the provision within the Closing Protocol that acknowledges that TAE sold the Property At Issue to Technify and provides a mechanism by which Kübler retains possession of the property until any claims to its ownership are resolved. *See generally* Plaintiffs' Motion to Dismiss; *see also* Defendants' Motion to Dismiss. Plaintiffs and Defendants incorrectly reference the term "transfer" in the Closing Protocol to mean a disposition of both possession and ownership. *Id.* The term "transfer", as used in the Closing Protocol, only refers to possession. Closing Protocol, Ex. A, APP000014, at ¶ 12. The Property At Issue was sold to Technify as part of the asset acquisition as such assets were included in the purchase price. *Id.* Furthermore, there has been no agreement as to Technify's and Defendants' respective rights based

---

[2] It appears that Superior was under the mistaken belief that Continental Motors, Inc. was the purchaser of the assets and not Technify. For purposes of analyzing this letter, Technify should be read in place of Continental Motors. *See* Superior Letter to Continental Motors Dted August 29, 2014, Ex. B, APP000047–48.

on the outcome of the litigation. The Closing Protocol only provides that Kübler retains possession, and Technify retains all its rights along with a limitation of certain damages. *Id.*

## II. ARGUMENT AND AUTHORITIES

### A. The Court Should Deny Defendants' and Plaintiffs' Motions to Dismiss Because Technify Has A Right To Intervene Pursuant to FRCP 24(a)(2).

As provided in detail in the pending Motions to Remand (Dkts. 11& 13), this action was improperly removed from state court.[3] However, Technify does not dispute that federal law applies to interventions while the matter remains in Federal Court. Federal Rule of Civil Procedure 24 controls intervention as a matter of right, and provides in relevant part:

On timely motion, the court must permit anyone to intervene who:

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). There are four requirements an intervenor must satisfy in order to intervene: (1) timeliness, (2) an interest relating to the action, (3) the interest will be impaired or impeded by disposition of the action, and (4) that its interest will be inadequately represented by the existing parties. *In Re Oil Antitrust Litigation*, 570 F.3d 244, 247 (5th Cir. 2009). "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). As detailed below, Technify satisfies all the requirements of Rule 24(a) as a matter of right. Accordingly, the Court should deny Defendants' and Plaintiffs' Motions to Dismiss.

---

[3] If the Court determines that there is no subject matter jurisdiction over this controversy, as both Plaintiffs and Technify contend, then this Motion should in any case be denied as moot.

5

**1. Technify's Petition in Intervention is Timely**

Technify's intervention is timely because this proceeding is in the very earliest stages of litigation, and neither Plaintiffs nor Defendants dispute the timeliness of Technify's intervention. Technify filed its Petition in Intervention at the earliest possible time in the litigation.

**2. Technify Has an Interest Relating to the Action**

Intervention of right requires a direct, substantial, legally protectable interest and one that the substantive law recognizes as belonging to or being owned by the party seeking intervention. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 463 (5th Cir. 1984). The intervenor must be the real party in interest who, by substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery. *Id.* at 464 (quoting *U.S. v. 936.71 Acres of Land,* 418 F.2d 551, 556 (5th Cir. 1969)). A property right is considered a legally protectable interest for the purposes of intervention. *In re Oil Antitrust Litigation,* 570 F.3d at 251; *New Orleans Pub. Serv., Inc.,* 732 F.2d at 463.

Technify purchased the Property At Issue from Kübler. As the contractual owner of the Property At Issue, Technify has a property right to enforce any ownership disputes related to the property. Kübler is in possession of the Property At Issue, but does not have legal ownership of the Property At Issue.

Plaintiffs base their position that Technify fails to meet this element of intervention by right on the contention that "…the Technify/Kübler Agreement did not transfer Kübler's interest in the Property At Issue to Technify." *See* Plaintiffs' Motion to Dismiss at ¶ 11. Plaintiffs' argument fails because under the terms of the Agreement, *possession* of the Property At Issue was not transferred. However, the Property At Issue was, in fact, sold to Technify. This sale cannot be disputed because the Property At Issue was included in the asset acquisition price. Closing Protocol, Ex. A, APP000014, at ¶ 12. A provision in the closing protocol that recognizes a potential dispute

regarding the Property At Issue, a limitation on damages clause, and the delay of a transfer of possession does not negate Technify's ownership rights in the property. *Id.* at ¶¶ 11–12. Technify has an ownership interest in the property that is the subject of this proceeding; thus, Technify has a "direct, substantial, and legally protectable interest" that justifies its intervention under Rule 24(a)(2). *New Orleans Pub. Serv., Inc.*, 732 F.2d at 463.

Technify's property interest in the Petition Property is sufficient alone to satisfy the direct, substantial, and legally protectable interest requirement. However, Technify's interest extends beyond the Petition Property to the Additional Related Property. Plaintiffs do not claim ownership in the Additional Related Property, nor do they appear to claim that their alleged interest in the Petition Property affects the transferability of the Additional Related Property. It is unclear from the Original Petition what remedy either party seeks with regard to the Additional Related Property, if any. Technify purchased the Additional Related Property and owns the legal right to the property, but does not have possession of the property due to the issues that are the subject of this proceeding. As the owner of this property, Technify clearly has an additional "direct, substantial, and legally protectable interest" in this case and satisfies this part of the test for intervention by right. As the "interest" test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned personas as is compatible with efficiency and due process," Technify, a party with a clear contractual interest in the Property At Issue, satisfies this requirement. *See Espy*, 18 F.3d at 1207 (holding this requirement met by movants whose existing contracts would be threatened by an adverse court decision).

Defendants claim that Technify's interest is contingent, and quote the *Rigco* decision for the proposition that "the term 'interest' is narrowly read to mean a direct and substantial interest in the proceedings." *See* Defendant's Motion to Dismiss at ¶ 9 (quoting *Rigco, Inc. v. Rauscher*

*Pierce Refsnes, Inc.*, 110 F.R.D. 180, 183 (N.D. Tex. 1986)). *Id.* However, Defendants conveniently omit the second part of the *Rigco* decision's paragraph which states the interest has to be "…one that the substantive law recognizes as belonging to or being owned by the party seeking intervention." *Rigco*, 110 F.R.D. at 183; *see also* Technify's Petition In Intervention, Dkt. 1-4, at ¶ 13. TAE sold the Property At Issue to Technify, and Technify owns the Property At Issue which is the subject of this controversy. Once again, Defendants use the term "transfer" to mean possession. Regardless of semantics, the fact remains that the Property At Issue was part of the asset acquisition and was included in the price Technify paid for all assets. This transfer of ownership rights is clear given that the Closing Protocol provides that Technify may proceed against Kubler for breach of contract if it fails to transfer possession of the Property At Issue. The operative potential breach is that Kubler could not deliver the property promised and sold to Technify. Technify has a substantial interest in the proceeding that far exceeds even the most stringent standards of sufficiency for the purposes of intervention.

### 3.  Technify's Interest Will Be Impaired or Impeded by Disposition of the Action

Technify's interest in the Property At Issue will be impaired if it is not permitted to intervene. Kübler and Technify agreed to delay the transfer of possession of the Property At Issue as part of the closing protocol related to the transfer of assets agreement. If Plaintiffs prevail in this proceeding, Technify will not receive the Petition Property, and it is unclear as to the disposition of the Additional Related Property as neither Plaintiff nor Defendant has addressed this property. Technify will be entitled to receive damages that are less than the value of the Property At Issue. If Kübler prevails in this proceeding, Technify will presumably be entitled to receive possession of its property. However, the disposition of the Additional Related Property is again unclear. If Kübler transfers possession of the Additional Related Property to Technify, there is no certainty as to whether Plaintiffs will attempt to proceed against Technify for use of this property at some

future date. The determination of the parties' rights with regard to the Additional Related Property share almost identical questions of fact with the questions of fact that will determine the parties' rights with respect to the Property At Issue. Rule 24 contemplates and encourages intervention in this type of proceeding in the interest of judicial efficiency and the avoidance of a multiplicity of lawsuits. *See Espy*, 18 F.3d at 1207; *E.E.O.C. v. Commercial Coating Serv., Inc.*, 220 F.R.D. 300, 303 (S.D. Tex. 2004). It is critical that Technify participate in this proceeding to prevent impairment of its rights in the Property At Issue and the Additional Related Property. The facts related to this proceeding satisfy the requirement that an intervenor's rights will be impaired or impeded.

### 4. Technify's Interest is Not Represented By the Existing Parties

Kübler cannot possibly adequately represent Technify in this matter because Technify and Kübler do not have the same ultimate objective. Technify requests a determination of the respective rights of Superior, Kübler and Technify to ensure that the property it purchased may be used unencumbered by present and future claims. Kübler seeks only to avoid paying damages for breach of contract and possibly limiting legal fees.

Kübler cannot adequately represent Technify's interest because a failure to address any disputed ownership rights in property subject to a pending transfer with Technify is nonfeasance under the facts of the asset acquisition and for purposes of determining whether Technify and Kübler's interests are aligned. Kübler has shown complete disregard for Technify's interest by concealing the dispute related to the Property At Issue as part of the asset acquisition. Technify was indirectly notified of a dispute by Superior and raised the issue with Kübler. An examination of the facts and circumstances of this matter reveals that Kübler does not, and clearly cannot adequately, represent Technify's interests here. Indeed, this is one of the very reasons that Technify

has contended in its Motion to Remand that it should be aligned as a plaintiff, as it has asserted affirmative claims against Kübler.

Even if Kübler's nonfeasance related to disclosure of material information did not exist, Kübler's and Technify's interests are adverse and are certainly not aligned here. It is an oversimplification of the issues in this case to claim that the only outcome in the case is that Kübler is permitted to transfer possession, or Kübler will be prohibited from transferring possession of the Property At Issue. Superior's claims to the Property may potentially encompass certain intangible rights while Superior has no right to related tangible property. A situation where Superior has partial rights to certain portions of the Property At Issue, and a judgment to that effect, will need to account for intertwined tangible and intangible property. Technify is the only party that can adequately ensure that the resolution of such a situation protects its interest. Kübler is certainly not in a position to represent Technify's interest. A determination of the rights of the three parties is a fundamentally different goal than Kübler's goal of seeking only to establish sufficient rights in the Property At Issue to avoid the relief sought by Superior or Technify. Kübler has no interest or incentive whatsoever to ensure that Technify's ability to use the Property At Issue are not impeded by Superior's claims to the Property At Issue; Kübler only seeks to avoid damages. Technify's and Kübler's ultimate goals also are adverse to the extent that Kübler may settle this proceeding quickly to avoid legal fees and to do so in such a manner that Kübler will be able to partially transfer the property to Technify, but Technify may be unable to use the property in a commercially productive manner. Kübler's goal is to avoid paying damages to Technify and Superior. Technify's goal is a final determination of all the parties' rights to put all issues related to this proceeding to rest. It is not reflective of the facts of this proceeding to characterize the

matter as Kübler and Technify are merely seeking a determination that Kübler can transfer the property to Technify.

Because all four factors are met, Technify has met the standard for intervention as a matter of right under Rule 24(a)(2), and the pending Motions to Dismiss should be denied.

### B. The Court Should Deny Defendants' and Plaintiffs' Motions to Dismiss Because Technify Meets the Standards for Permissive Intervention

Alternatively, Technify meets the standards for permissive intervention, and Defendants' and Plaintiffs' Motions should be denied on this ground as well. Rule 24(b)(1)(4) provides in relevant part, that "…the court may permit anyone to intervene who…has a claim or defense that shares with the main action a common question of law or fact…" The purpose of Rule 24(b)(1)(4) is intended to prevent multiple lawsuits where common questions of law or fact are involved but is not intended to allow the creation of whole new lawsuits by the intervenors. *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994) (citing *Washington Elec. Coop v. Massachusetts Mun. Wholesale Elec. Co.,* 922 F.2d 92 (2d Cir. 1990)). Courts generally favor a liberal interpretation of intervention in the interest of judicial efficiency so long as intervention does not unduly complicate or delay the proceeding. *See Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (quoting *Espy*, 18 F.3d at 1205 (5th Cir. 1994)). ("Federal courts should allow intervention where 'no one would be hurt and greater justice could be attained.'"). The Court has discretion to permit intervention so long as "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *League of United Latin Am. Citizens v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989).

1. **Technify's Intervention is Timely**

Technify filed this intervention at the earliest stages of the case. This factor is easily met as Technify's intervention is timely.

2. **Technify's Claims Involve Common Questions of Law**

Technify's claims involve the common legal question of who owns the Property At Issue. Substantively, Technify requests a determination of the rights of Superior, Kübler and Technify with respect to the Property At Issue. The questions of fact and questions of law related to Technify's Intervention and the Original Petition are almost identical. The determination of the ultimate rights of all the parties in this proceeding is in the interest of judicial efficiency and avoidance of potential future proceedings adjudicating substantially overlapping issues of fact.

Technify's claims are inextricably intertwined with the determination of the property rights of the Property At Issue. All the facts within this matter as established by Plaintiffs and Defendants bear directly on the extent and appropriate relief related to Technify's claims. Plaintiffs allege harm and seek relief based on Defendants' sale of assets to Technify. All questions of fact and most, if not all, questions of law required to adjudicate Technify's claims are already present in this matter. The governing law of the contract is irrelevant to a determination of permissive intervention here because Plaintiffs have appropriately made the contract for sale of assets part of this suit in its Original Petition. Technify's declaratory judgment claim ensures that property purchased by Technify may be used unencumbered by adverse claims. Plaintiffs do not seek determination of the rights associated with all related property purchased by Technify. If Plaintiffs are successful in this suit, without Technify's presence, not all property rights will be resolved with respect to all the Property At Issue. As previously indicated, neither Plaintiffs nor Defendants address the full extent of the property rights at issue. The absence of Technify in this proceeding

will require the same issues and facts to be inefficiently re-litigated to achieve the judgment Technify is seeking.

Defendants' citation to *Deus v. Allstate Ins. Co.* is unpersuasive. In *Deus*, an insurance agent brought suit for alleged intentional infliction of emotional distress by his employer. *Deus*, 15 F.3d at 511-12. The court denied an intervention by the National Neighborhood Office Agents' Club and a third-party because the intervenors' sole purpose was to gain access to documents and testimony that were subject to a protective order. The court held that seeking to vacate a protective order in order to gain access to documents and information does not satisfy the requirement of Rule 24, but rather should be the subject of a new lawsuit. *Id* at 528. The facts of this case and Technify's intervention bear no resemblance whatsoever the facts present in *Dues*. On the contrary, Technify has intervened in order to establish clear ownership rights to property that it purchased from Kübler but never received. Technify has not introduced any allegations or requests for relief that remotely resemble a "whole new lawsuit" as was the case in *Dues*. *Id.*

### 3.  Technify's Intervention Will Not Unduly Delay or Prejudice Adjudication

Finally, Technify's presence in this case will not "unduly delay or prejudice the adjudication of the rights of the original parties," *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987), as it has just begun. On the contrary, Technify's presence will allow for a more complete adjudication of this controversy.

Notwithstanding Technify's qualifications to intervene, Plaintiffs and Defendants oppose the intervention by taking contradictory positions. First, Defendants claim a common interest with Technify and the ability to adequately represent Technify's interests in this case, but oppose Technify's intervention. It is strategically possible that aligned parties may not want each other in the case in situations where the proceeding is procedurally advanced or an intervening party will complicate issues. However, this proceeding is in its infancy and Technify's presence offers *de*

*minimis*, if any, complexity to the matter. The presence of aligned co-defendants is typically beneficial for sharing strategies and potentially reducing legal costs, but here, as demonstrated by Defendants' Motion itself, Technify and Defendants are clearly at odds. Defendants' opposition to Technify's intervention is indicative of Defendants' adversity of interest with Technify.

Second, Plaintiffs oppose Technify's intervention claiming that Technify does not belong in this suit. Superior sent a letter to the President of Continental Motors Inc. (a related company) threatening to bring them into the case as a Defendant if certain property, which is the subject of this suit, was purchased or used. *See* Superior Letter to Continental Motors dated August 29, 2014, Ex. B, APP000047–48. Technify purchased the property that was the subject of Superior's threat, and is now seeking to enter the case to clarify its ownership rights and, if necessary, seek appropriate damages. Plaintiffs, including Superior, now oppose Technify's entrance into this proceeding after threatening to effectively put Technify in the position it is now seeking.

Technify's presence in this suit will not cause delay and adds no complexity beyond a determination of all property rights. Rather than prejudice or confuse, Technify's presence will clarify the rights of the parties, ensure a more complete adjudication, and preserve judicial resources without need for an entirely separate action. The balance of preventing multiple future lawsuits (essentially adjudicating the same issues here) outweighs any slight burden of including an additional party in the case.

### C. Defendants Motion to Dismiss Should be Denied Because the Court has Subject Matter Jurisdiction Over Technify's Claims

#### 1. Technify Has Standing to Assert a Declaratory Judgment Claim

Federal law provides that generally in "…any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims….[s]uch supplemental jurisdiction shall include claims that involve the joinder or

intervention of additional parties." 28 U.S.C. § 1367. All of the authority cited by Kübler in support of dismissal for lack of subject matter jurisdiction apply to actions filed by original parties, not intervenors. Well-established precedent makes clear that this Court has subject matter jurisdiction under the procedural facts of this case.

In the context of subject matter jurisdiction involving an intervention, the United States Supreme Court established that "[W]e have at least one individual plaintiff who has demonstrated standing...Because of the presence of this plaintiff, we need not consider whether the other individual and corporate plaintiffs have standing to maintain the suit." *Horne v. Flores*, 557 U.S. 433, 446 n.47 (2009) (quoting *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264(1977)). "Once a valid Article III case-or-controversy is present, the court's jurisdiction vests. The presence of additional parties, although they alone could independently not satisfy Article III's requirements, does not destroy jurisdiction already established." *Ruiz v. Estelle*, 161 F.3d 814, 832 (5th Cir. 1998) (citing *Wichita R. & Light Co. v. Public Utilities Commission of the State of Kansas*, 260 U.S. 48 (1922)).

Defendants appear to challenge Technify's intervention on the basis of the requirement within U.S.C. § 1367(a) that Technify's claims do not form part of the same case or controversy. Defendants cite *Bear Ranch, LLC v. Heartland Beef, Inc.*, 286 F.R.D. 313 (S.D. Tex. 2012), to support of this contention, but the intervenor in *Bear Ranch, LLC* was **a Texas citizen** seeking a declaration regarding a state-law contract claim where the defendant was **also a Texas citizen**. *Id.* at 318. The court stated that because there was no diversity jurisdiction, the intervenor "...must therefore show the presence of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a)...," essentially requiring it to show an independent ground for subject matter jurisdiction. *Id.* However, because there is no jurisdiction here in the first place, *Bear Ranch* is inapplicable to this case.

In any case, Defendants' argument tries to have it both ways. If there is no diversity jurisdiction in this matter in its entirety, which Technify contends there is not, it should never have been removed to federal court because this Court would not have subject matter jurisdiction of the entire matter, and this case should be remanded. If there is diversity in this case, there is no basis to dismiss this particular claim for lack of standing. Defendants cannot claim there is diversity jurisdiction for the purposes of removal, and also claim there is no diversity jurisdiction on a particular claim. Technify qualifies for intervention for this claim in either instance under federal law regardless of which diversity claim holds true.

Moreover, if no diversity is found, all claims by Technify are part of the same case or controversy within the requirements of 28 U.S.C. § 1367. This proceeding revolves around the property rights related to the Property At Issue. In an effort to prevent Technify from asserting its established rights in this matter, Defendants and Plaintiffs attempt to narrowly describe the case in terms of one of the facts that must be established in the case, rather than properly characterizing the case in terms of the actual controversy. The nexus of this case is <u>not</u> the business dealings between Defendants and Plaintiffs over a number of years, as Plaintiffs and Defendants allege. That is one factual element of the true controversy, which at is heart is seeking to <u>establish property ownership rights</u> and damages related to potential misappropriation of the same property. Plaintiffs state in their Original Petition that Technify's acquisition of assets is part of the case, and Plaintiffs indirectly threatened to bring Technify into the case as a defendant. *See* Plaintiffs Original Petition ¶ 9; *see* Superior Letter to Continental Motors dated August 29, 2014, Ex. B, APP000047–48. At the very least, Plaintiffs have effectively admitted that Technify's claims are part of the same case or controversy as the Original Petition. Considering the true nature of this controversy, and the fact that standing has already been established by Plaintiffs' own claims, Technify has standing.

### 2. Technify's Damages Claim Is Ripe

Defendants also claim that Technify's claim for damages is not ripe. This argument addresses only Technify's claim for breach of contract, not for declaratory judgment, so it is no reason to dismiss all of Technify's claims or rule that Technify has no right to intervene.[4] In any case, this argument fails. "For ripeness to exist, a plaintiff must show that immediate injury will be sustained and that such injury would be redressed by the relief requested." *In re Blast Energy Services, Inc.*, 396 B.R. 676, 693 (S.D. Tex. 2008). The test for ripeness requires courts "to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding consideration." *Texas v. U.S.*, 523 U.S. 296, 300 (1998) (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967)). For a claim to be ripe, "[t]he controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41 (1937). "Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages." *Id.* at 241.

Unlike the cases cited by Defendants, this case involves a claim for breach of contract that is inextricably intertwined with the declaratory relief and rights sought to be enforced by all parties in this action as to the rights to the Property at Issue. Despite the pendency of this claim for declaratory relief, the fact remains that Defendants' failure to provide the Property At Issue to

---

[4] Such an argument as to Technify's claim for declaratory relief would in any case be unsuccessful; "in a declaratory judgment action, 'a party to a contract may file suit to declare rights under a contract if the circumstances show the presence of 'ripening seeds of controversy.'" *Myer v. Americo Life, Inc.*, No. A-06-CA-599 LY, 2007 WL 320960, at *6 (W.D. Tex. Jan. 30, 2007) (quoting *American National Ins. Co. v. Cannon II*, 86 S.W.3d 801, 806 (Tex. App.— Beaumont 2002, no pet.)).

Technify would constitute a breach of Defendants' contract with Technify. Even if the validity of this claim depends upon the Court's adjudication of the rights to the Property At Issue, Technify's claim is ripe because its interests are immediately affected by the Court's ultimate adjudication of these rights. For example, in *Blast Energy*, the court found a claim was ripe for adjudication when ripeness was challenged based on the opposing parties' claim that harm would arise from a settlement not yet consummated and thus contingent. *Blast Energy*, 396 B.R. at 693–94. The court rejected the argument that the claim was contingent, noting that the proponent of the claim would lose the benefit of the substantial time and expense spent asserting its related claim for a contract determination, and would "immediately lose the finality and predictability of its successful litigation against" another party. *Id.* at 694. The court thus found the claim to be ripe for adjudication. *Id.*

Technify is in a similar position in this case. It has expended substantial time and money in the asset acquisition from Defendants, and to arrange its business affairs in such a manner as to accommodate the acquisition of the Property At Issue. To dismiss its breach of contract claim on ripeness grounds would be to deny its right to assert claims for breach of contract in the context where its resolution would have the same kind of "finality and predictability" that the *Blast Energy* court considered. The claim is not "uncertain or contingent," as Defendants claim, because Defendants are currently in possession of property that Technify has a claimed right to, and its ultimate failure to provide that property would constitute a breach. The facts have developed to a point where this injury is likely to occur, and the controversy is thus ripe. Moreover, even if it is found that Technify's damages claim is contingent, Plaintiffs and Defendants are litigating the same factual basis to determine Defendants' breach and Technify's damages. Substantial harm

will occur to Technify if it is required to wait until the current case is resolved, then file suit and re-litigate the same issues and facts only to determine the amount of damages.

The cases cited by Defendants are primarily based on challenges to regulatory or administrative actions that involve damages claims with far future, uncertain and abstract potential damages. The sole authority that Defendants cite for contract claims is *Accardo v. America First Lloyds's Ins. Co.*, Civ. A. No. H-11-0008, 2012 WL 1576022 (S.D. Tex. May 3, 2012), a case that deals with special uninsured motorist insurance contracts. *Id.* at *6. The *Accardo* court found that intervention was inappropriate, but noted that "[t]he [UM/UIM] contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party." *Id.* (quoting *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006)). The reasoning in this decision applies to insurance contracts, and does not apply in this matter, which involves contractual damages specifically arising from Technify's property rights. Technify's claim for damages is ripe, and the Motion should be denied.

### III. Conclusion

Technify meets the requirements for intervention of right and permissive intervention, and Technify has standing and its claims are ripe for purposes of subject matter jurisdiction. For these reasons, Technify respectfully requests that the Court deny Plaintiffs' and Defendants' Motions to Dismiss, ultimately remand this case to state court, and for all other relief that the Court deems just and proper.

Dated: October 31, 2014.                    Respectfully submitted,


                                            */s/ Ross Cunningham*
                                            Ross Cunningham
                                            Texas Bar No. 24007062
                                            Thomas C. Wright
                                            Texas Bar No. 24028146
                                            Alex J. Whitman
                                            Texas Bar No. 24081210
                                            Rose Walker, LLP
                                            3500 Maple Avenue, Suite 900
                                            Dallas, Texas 75219
                                            214.752.8600 (Main)
                                            214.752.8700 (Facsimile)
                                            rcunningham@rosewalker.com
                                            twright@rosewalker.com
                                            awhitman@rosewalker.com

                                            ATTORNEYS FOR INTERVENOR TECHNIFY
                                            MOTORS GMBH


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule 5 on October 31, 2014. As such, this document was served on all counsel who are deemed to have consented to electronic service.

                                            */s/ Ross Cunningham*
                                            Ross Cunningham