IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUPERIOR AIR PARTS, INC., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:14-CV-3492-D |
| VS. | § | |
| | § | |
| BRUNO KÜBLER, IN HIS CAPACITY | § | |
| AS INSOLVENCY ADMINISTRATOR | § | |
| OF THIELERT AIRCRAFT ENGINES | § | |
| GMBH, et al., | § | |
| | § | |
| Defendants, | § | |
| | § | |
| VS. | § | |
| | § | |
| TECHNIFY MOTORS GMBH, | § | |
| | § | |
| Intervenor. | § | |

## SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), the court's Civil Justice Expense and Delay Reduction Plan (Misc. Order No. 46), and the local civil rules now in effect, and after having considered any proposals submitted by the parties, the court enters this scheduling order. If a date specified in this order falls on a Saturday, Sunday, legal holiday, or date on which the clerk's office is closed by direction of the court or is otherwise inaccessible, *see* Rule 6(a), the deadline is the next day that is not one of the aforementioned days.

### I. ELECTRONIC FILING OPTIONAL/"JUDGE'S COPY" REQUIREMENTS

Pursuant to N.D. Tex. Civ. R. 5.1(e), the court grants the parties the option of filing pleadings, motions, or other papers on paper. Filing by electronic means is permitted, not required.

Pursuant to N.D. Tex. Civ. R. 5.1(b), when a pleading, motion, or other paper is submitted on paper, the party must file an original and one judge's copy with the clerk. When a pleading, motion, or other paper is filed by electronic means, the party must submit the judge's copy—i.e., a paper copy of the electronic filing—using the procedures for Chief Judge Fitzwater specified on the court's website. This information can currently be obtained by visiting http://www.txnd.uscourts.gov/filing/ecf.html and selecting the link for "Judges' Copy Requirements." (The term "judge's copy" is defined in N.D. Tex. Civ. R. 1.1(g) ("The term 'judge's

copy' means a paper copy of an original pleading, motion, or other paper that is submitted for use by the presiding judge.").)

A party making an electronic filing should assume that the court is unaware of the filing until the judge's copy has been physically received in chambers, even if the filing requests "emergency," "expedited," or similar relief or provides for agreed relief concerning a fast-approaching deadline. When such relief is sought, counsel should arrange to have the judge's copy promptly delivered to chambers and should alert the court's staff telephonically to expect the delivery.

## II.  PRETRIAL SCHEDULE

The parties must comply with each of the following deadlines unless a deadline is modified by court order upon a showing of good cause, as required by Rule 16(b).

A.      <u>Joinder of Parties</u>

A party must file a motion for leave to join other parties no later than **April 17, 2015**.

B.      <u>Expert Witnesses</u>

A party with the burden of proof on a claim or defense must designate expert witnesses and otherwise comply with Rule 26(a)(2) no later than **October 2, 2015**.

C.      <u>Rebuttal Expert Witnesses</u>

A party who intends to offer expert evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)" must designate expert witnesses and otherwise comply with Rule 26(a)(2) no later than **November 27, 2015**.

D.      <u>Amendment of Pleadings</u>

A party must file a motion for leave to amend pleadings no later than **June 1, 2015**.

E.      <u>Completion of Discovery, Filing of Joint Estimate of Trial Length and Status Report</u>

The parties must complete discovery and file a joint estimate of trial length and joint status report concerning the progress of settlement negotiations no later than **December 18, 2015**.

F.      <u>Summary Judgment Motions</u>

A party must file a motion for summary judgment no later than **November 13, 2015**.

The deadline imposed by the local civil rules for filing a motion for summary judgment does not apply in this case because the court by this order has established a different deadline.  Counsel

should review carefully N.D. Tex. Civ. R. 56.2(b), which limits to *one* the number of summary judgment motions that a party may file "[u]nless otherwise directed by the presiding judge, or permitted by law."

G.      Motions Not Otherwise Covered

A party must file a motion not otherwise covered by this order no later than **December 18, 2015**.

This deadline does not apply to motions in limine or to objections filed pursuant to Rule 26(a)(3), which must be filed no later than the deadlines that will be established by the trial setting order that the court will issue later.

## III.  TRIAL SETTING ORDER

The court will set the case for trial by separate order.  The order will establish trial-type deadlines.  It will also contain modifications to the requirements of the local civil rules regarding such matters as submitting the joint pretrial order, and filing witness lists, exhibit lists, and deposition excerpt designations.

## IV.  TRIAL LIMITS

Section VII of the court's Civil Justice Expense and Delay Reduction Plan permits the presiding judge to "limit the length of trial, the number of witnesses each party may present for its case, the number of exhibits each party may have admitted into evidence, and the amount of time each party may have to examine witnesses."  Rule 16(c)(15) permits the court to take appropriate action to "establis[h] a reasonable limit on the time allowed for presenting evidence[.]"  Before commencement of the trial of this case, the court will impose time limits on the presentation of evidence, and may set other limits permitted by the Plan.  In conducting discovery and other pretrial proceedings in this case, counsel should account for the fact that such limitations will be imposed.

## V.  RULE 26(a) DISCLOSURES AND DISCOVERY MATERIALS NOT TO BE FILED

Counsel are reminded that, pursuant to Rule 26(a)(4), Rule 26(a)(1)-(3) disclosures need not be filed with the clerk.  Except as the court otherwise directs by order filed in this case, they must not be filed.  Counsel are also reminded that, pursuant to Rule 5(d), disclosures under Rule 26(a)(1) or (2), and the following discovery requests and responses—depositions, interrogatories, requests

for documents or to permit entry upon land, and requests for admission—must not be filed until they are used in the proceeding or the court orders filing.

      **SO ORDERED**.

November 4, 2014.

                          SIDNEY A. FITZWATER
                          CHIEF JUDGE

-4-