IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SUPERIOR AIR PARTS, INC., WEIFANG FREESKY AVIATION, TECHNOLOGY CO., LTD AND SUPERIOR AVIATION BEIJING CO., LTD.** | § § § § § § | |
| Plaintiffs, | § § | **CIVIL ACTION NO. 3:14-cv-03492** |
| v. | § § | |
| **BRUNO KÜBLER, IN HIS CAPACITY AS INSOLVENCY ADMINISTRATOR OF THIELERT AIRCRAFT ENGINES GMBH, AND THIELERT AIRCRAFT ENGINES GMBH,** | § § § § § § | |
| Defendants, | § § | |
| VS. | § § | |
| **TECHNIFY MOTORS GMBH,** | § § | |
| Intervenor. | § § | |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
AND OBJECTION TO INTERVENOR'S CLAIMS**

Dr. Bruno Kübler, in his capacity as insolvency administrator ("Dr. Kübler" or the "Insolvency Administrator") of Thielert Aircraft Engines GmbH ("TAE") and TAE hereby file this Reply Brief in Support of their Motion to Dismiss and Objection to Intervenor's Claims ("Motion to Dismiss").

The claims by Technify Motors GmbH ("Technify" or "Intervenor") should be dismissed because:

- Technify does not have standing to assert its declaratory judgment action. It now argues it owns the property, but its own pleadings and the Closing Protocol between Technify and Defendants establish that the property was expressly excluded from the closing such that Dr. Kübler did not transfer ownership to Technify.

- Technify's arguments regarding the undefined "Additional Related Property" do not support standing.  Its Petition in Intervention makes no mention of such property and it therefore has not pled any claim related to the property.  More importantly, even if such a subset of property exists (and Defendants frankly do not understand what property Technify is referring to), it would not support standing because it would involve only assets to which there is no dispute (and therefore which could not give rise to a controversy supporting the need for a declaratory judgment).

- Technify's damages claim is, by its terms, not ripe.  As the Petition in Intervention alleges, Technify's claim will not arise unless and until Superior prevails in the underlying dispute between Superior and Defendants.

- Technify's Petition in Intervention does not comply with the requirements for either intervention of right or permissive intervention under Fed. R. Civ. P. 24.

## I.   ARGUMENT AND AUTHORITIES

**A.   Technify Does Not Have Standing to Assert Its Declaratory Judgment Claim**

Technify argues, based on *Ruiz v. Estelle,* 161 F.3d 814, 832 (5th Cir. 1998), that it need not establish Article III standing.[1]  Resp. at 15.  Its reliance on *Ruiz* is misplaced, as Technify only satisfies one part of the two-part exception for the standing requirement.

---

[1] Technify also cites *Horne v. Flores,* 557 U.S. 433, 446 n.2 (2009), quoting *Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 264 (1977).  Neither *Horne* nor *Arlington Heights* involved an intervenor, however.  Those cases are inapposite.

1

Specifically, *Ruiz* holds that "Article III does not require intervenors to independently possess standing where the intervention is into a subsisting and continuing Article III case or controversy **and** *the ultimate relief sought by the intervenors is also being sought by at least one subsisting party with standing to do so*." *Id.* at 830. (emphasis added). Thus, under *Ruiz*, "a would-be intervenor must establish that he has Article III standing if, inter alia, he is not seeking any relief that is 'also being sought by at least one subsisting party with standing to do so.'" *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 428 (5th Cir. 2011). To satisfy this requirement, Technify would need to be seeking the same declaratory relief as an existing plaintiff in the case. That is plainly not the case here, as no party (other than Technify) is seeking declaratory relief. Moreover, Technify has made it clear that it is adverse to the only plaintiff – Superior – because while Superior seeks to preclude Defendants from transferring certain information to Technify, as Technify itself stated, "Technify's clear preference is to obtain the property that it purchased from Defendants when it entered into an agreement with Defendants in 2013." Technify Mot. to Remand at 8.[2]

Independent of the foregoing and notwithstanding its expressed preference to obtain rights to the property – which is exactly Defendants' goal – Technify at the same time contends that "Technify and Kübler do not have the same ultimate objective." Resp. at 9. Technify also states that, "[a] determination of the rights of the three parties is a fundamentally different goal than Kübler's goal of seeking only to establish sufficient

---

[2] *Ruiz* is also distinguishable from the instant case because the intervenor there had a clear statutory right to intervene pursuant to 18 U.S.C. § 3626(a)(3)(F), the Prison Litigation Reform Act. *Ruiz*, 161 F.3d at 828. The intervention in *Ruiz* was, therefore, under Rule 24(a)(1), which permits intervention of right if the intervenor "is given an unconditional right to intervene by a federal statute." The standing analysis in *Ruiz* came only after the district court had concluded that the intervenors had an unconditional statutory right to intervene. *Id.* No such right exists here.

2

rights in the Property at Issue to avoid the relief sought by Superior or Technify." *Id.*[3] It is unclear what Technify means by that statement, but Technify lacks standing to pursue its declaratory judgment claim whether or not it has the same objective as Defendants. If Technify is not seeking the same "ultimate relief" as another party already in this action, it must independently establish Article III standing, which it has not done. *See LULAC,* 659 F.3d at 428; *see also Ericsson, Inc. v. Interdigital Comm. Corp.,* No. 3:93-CV-1809-M, 2004 WL 1636924 (N.D. Tex. June 3, 2004), *rev'd. on other grounds,* 418 F.3d 1217 (Fed. Cir. 2005) (noting need to assess standing when intervenor sought different relief).[4]

Technify ignores the heart of Defendants' standing argument based on the doctrine set out in cases like *Collin County, Texas v. HAVEN*, 915 F.2d 167, 171 (5th Cir. 1990) that a party bringing a declaratory judgment claim "must have been a proper party had the defendant brought suit on the underlying cause of action." *See* Br. at 4. Because Technify would not have been a proper party to a lawsuit had the Insolvency Administrator sued Superior regarding the Property at Issue, Technify does not have standing here.

## B.     Technify's Damages Claim is Not Ripe.

Technify does not dispute that its damages claim depends on the outcome of future events, especially including the outcome of the dispute between Defendants and

---

[3] No claim could be made that Technify is seeking the same relief as Superior. Superior's goal is to preclude Defendants from transferring the Property at Issue to Technify.
[4] Technify is in a quandary. If it claims—as it has—that its interests are unique and different so as to justify intervention as a matter of right under Rule 24, then its claims are also necessarily unique and different such that it must independently establish standing. *See LULAC,* 659 F.3d at 428. On the other hand, if Technify's claims do not seek unique relief, Technify will be unable to meet the requirements for intervention.

Plaintiff Superior. Technify does not allege in its Petition in Intervention or its response to the motion to dismiss that it has already sustained damages. Instead, it argues in its response that it is "likely" that it will sustain damages. Resp. at 22 ("The facts have developed to a point where this injury is likely to occur, and the controversy is thus ripe."). Defendants submit this is a textbook example of a claim that is not ripe.

Defendants' opening brief cited several cases for the rather elementary proposition that claims that depend on uncertain or contingent future events are not ripe for adjudication. Br. at 6-7. Technify argues that *Accardo v. America First Lloyds Ins. Co.*, No. H-11-00008, 2012 WL 1576022 (S.D. Tex. May 3, 2012) is the "sole authority that Defendants cite for contract claims." Resp. at 23. Technify is incorrect.[5] Moreover, Technify fails in its attempt to distinguish *Accardo* by arguing it involved unique language of an insurance contract. The Court in *Accardo* simply assessed ripeness under the terms of the particular agreement involved, just as the Court should do here. Where, as here, any damages claim depends on the outcome of future events, a breach of contract claim is simply not ripe. *See Horton Archery, LLC v. Farris Bros.*, No. 2:13-CV-260-KS-MTP, 2014 WL 5847531, at *4 (S.D. Miss. Nov. 12, 2014) (holding, regarding breach of warranty claim, that because the "warranty claim is premised upon future events that may not occur—i.e. Plaintiff's ability to honor hypothetical future warranty claims—the Court finds that it is not ripe for adjudication.")

Finally, *In re Blast Energy* 396 B.R. 676 (S.D.Tex. 2008), cited by Technify, does not suggest that Technify's breach of contract claim is ripe. First, *Blast Energy* involved a declaratory judgment claim, not a breach of contract claim, a distinction that the court

---

[5] Defendants also cited *Frith v. Guardian Life Ins. Co.*, 9 F.Supp.2d 734 (S.D. Tex. 1998). More importantly, Technify provides no authority holding that contract claims are somehow exempt from traditional ripeness requirements. They are not.

4

noted was significant.[6]  Second, the court's determination that the declaratory judgment claim was ripe was based on its holding that potentially undermining a bankruptcy plan was an "immediate injury."  Thus, the court held that "[g]iven the above circumstances and the fact that this Court has the discretion to analyze the ripeness of declaratory judgments on a case-by-case basis" the declaratory judgment claim was ripe.  *Id.* at 694.

C.   **Technify's Intervention is Improper Under Rule 24**

    1.   **Technify Cannot Meet the Requirements for Intervention of Right**

        a.   **Technify Does Not Have the Requisite Interest in the Property**

Technify argues that it has a "property right" because it "purchased the Property at Issue" and is the "contractual owner of the Property at Issue."  Resp. at 6.  Its contention, however, is completely at odds with the operative agreement – the Closing Protocol – which plainly excluded the Property at Issue from the closing of the transaction between Defendants and Technify.  Accordingly, Technify is simply wrong.

The Closing Protocol states:

> Sellers have completely separated within the business of TAE all tangible and intangible assets, in particular current assets, tooling, documents and data regarding production and development, as well as other documents and data carriers, that embody production knowledge and know-how (together the **"Superior Part"**) and will not transfer the Superior Part to the Buyer, until it has been legally finally and unappealable [sic] decided or agreed on, if and to what extent the Sellers shall be entitled to transfer the Superior Part to the Buyer.
>
> The Parties now wish to consummate the transactions contemplated in the TAE-Purchase Agreement. For the purpose of clarification, the positions of the TAE-Military

---

[6] Specifically the court noted that "The *ex ante* nature of a declaratory judgment's determination of rights, however, creates tension with traditional notions of ripeness."  *Id*. at 693.

5

> Business, the non-US-military business and the Superior Part are not affected by this consummation and *this Closing Protocol does not comprise the transfer and assignment of* the TAE-Military Business, the non-US-military business and *the Superior Part*.

Closing Protocol at Preamble (D) & (E), APPX_007 (emphasis added).[7] It is thus crystal clear that, contrary to Technify's assertions, it did not acquire the Property at Issue (referred to as the "Superior Part" in the Closing Protocol).[8]

To the extent Technify has any *potential* rights to the property, those rights are contingent on the outcome of the dispute between Superior and Defendants. Indeed, Technify's Petition itself essentially concedes the point. *See* Pet. at ¶ 25 (requesting that "[i]f the Court determines that Technify *has no rights in the Property at Issue*…then Technify asks that the Court determine the damages…") (emphasis added). If Defendants prevail on Superior's claims, the Insolvency Administrator will be free to transfer the Property at Issue to Technify. If Superior prevails, the Insolvency Administrator will be unable to transfer the property. In that event, pursuant to the Closing Protocol, Technify retained the right to pursue an economic remedy against the Insolvency Administrator. Quite obviously, in that instance Technify has no interest whatsoever in the property but instead only has a potential claim for damages. Because Technify's interest is at best contingent and derivative of the Insolvency Administrator's interest, it is insufficient under Rule 24(a)(2) and any consideration of the remaining requirements for intervention is unnecessary. *See Rigco, Inc. v. Rauscher Pierce Refsnes,*

---

[7] A certified translation of the Closing Protocol is attached at APPX_001-APPX_023 in the Appendix to Defendants' Response to Technify's Motion to Remand. [Dkt. 27]

[8] Other provisions of the Closing Protocol also make it clear that the "Superior Part" was excluded from the closing and not transferred or assigned to Technify. *See, e.g.,* Closing Protocol at § 3(4), § 4(1) and § 6(1) & (2). Technify's Petition in Intervention also makes clear that the parties understood "that there would be *no transfer of the Property at Issue* until a final legal determination has been reached on the issue whether Kübler can transfer the Property at Issue to Technify or whether Kübler must transfer the Property at Issue to Superior." Petition in Intervention ("Pet.") at ¶ 15 (emphasis added).

*Inc.*, 110 F.R.D. 180, 183 (N.D. Tex. 1986) (denying motion to intervene because a "contingent sort of interest does not meet the Fifth Circuit test for direct, substantial, legally protectable interest in proceedings which will permit intervention as of right under Rule 24(a)(2)").[9]

### b. Technify's New Contention Regarding "Additional Related Property" is a Mystery and is Not Based on Any Pleading

Technify appears to assert that a subset of the property that the Insolvency Administrator segregated and excluded from the Technify closing is somehow not at issue in the dispute between Superior and Defendants. Defendants are, frankly, not sure to what property Technify refers. And while Technify complains that neither Superior nor Defendants addressed this "Additional Related Property" in their respective motions to dismiss, there was no reason to do so as there is no mention of this category of property in Technify's pleadings (or Superior's, for that matter) to support Technify's contention.

More importantly, if and to the extent such a category exists, it would not provide Technify with a basis to intervene in this dispute. Technify's alleged basis to intervene is to ensure that Defendants defend Superior's claims so the Insolvency Administration is able to transfer the Property at Issue to Technify. If, and to the extent, Superior's claims do not implicate some category of property, then that portion of the property is not involved in this litigation and would not provide Technify a basis to intervene.[10]

---

[9] Technify's implication that Defendants left out a portion of the *Rigco* language—stating that a cognizable interest for Rule 24(a)(2) must be "one that the substantive law recognizes as belonging to or being owned by the party seeking intervention"—does not help its position. The requirement that Technify's interest be recognized by the substantive law as belonging to or being owned by Technify actually further supports Defendants' position. At this time, Technify does not own an interest in the property.

[10] Independent of the foregoing, Technify does not plead the existence of any dispute related to this property; therefore, it could not provide a basis for a declaratory judgment claim.

### c.  Defendants Adequately Represent any Interest Held by Technify

Technify's final argument to justify intervention of right is that Dr. Kübler "cannot possibly adequately represent Technify in this matter because Technify and Kübler do not have the same ultimate objective." Resp. at 9. There are two serious problems with this argument. First, it is nonsensical to suggest that Dr. Kübler does not share Technify's stated objective of defeating Superior's claims to ensure Dr. Kübler's right to transfer the property. Doing so would protect the Insolvency Administrator both from claims brought by Superior and the potential damages claim (prematurely brought here) by Technify. And, Dr. Kübler's extensive efforts to defeat Superior's motion in the Bankruptcy Court illustrate his interest in and desire to do just that. In this situation, the presumption of adequacy of representation applies. *See, e.g., Kneeland v. NCAA,* 806 F.2d 1285, 1288 (5th Cir. 1987).

Second, Technify has no response to the extensive case law requiring that a potential intervenor demonstrate adversity of interest, nonfeasance or collusion. *See* Br. at 11. Instead, Technify distorts the posture of this case and relies on irrelevant and/or unpleaded assertions in an effort to claim that the Insolvency Administrator does not have the same objective as Technify and/or that the Insolvency Administrator has committed nonfeasance or is somehow adverse to Technify with respect to Superior's claims.

Technify has failed to meet its burden to overcome the presumption of adequacy by establishing adversity of interest, collusion or nonfeasance. In the Closing Protocol, Technify and Defendants reached agreements regarding the impact of any inability by the Insolvency Administrator to transfer the property to Technify. Unless Technify prefers to seek damages from the Insolvency Administrator rather than receiving the property,

which Technify contends is not the case, Technify and Defendants share the same interest in defeating Superior's claims. For the foregoing reasons—and based on the arguments and authorities in Defendants' Motion—Technify's Response fails to establish that its Petition in Intervention meets the requirements for intervention as of right under Rule 24(a)(2).

### 2. Technify Cannot Meet the Requirements for Permissive Intervention

Technify also fails to demonstrate that permissive intervention is appropriate. As set out in Defendants' Response to Technify's Motion to Remand, there are no common questions of law or fact between Technify's damages claim against Defendants and the dispute between Superior and Defendants, and Technify does not argue to the contrary. Instead, Technify focuses its arguments solely on its declaratory judgment claim and, in particular, its newly manufactured contention regarding the mysterious, undefined and unplead "Additional Related Property." But, Technify's rights and claims arise solely out of the 2013 purchase transaction between Technify and the Insolvency Administrator, and are separate and distinct from the ongoing dispute between Superior and Defendants.[11]

Technify's argument that its presence will not delay or prejudice the existing parties is also unavailing. Technify's main argument appears to be that Defendants' opposition to Technify's intervention somehow proves that Defendants are at odds with

---

[11] Since Technify's damages claim fails to meet the requirement of Rule 24(b), even if Technify's declaratory judgment claim could be found to meet the permissive intervention factors, the Court should use its discretion to deny intervention. *See, e.g., New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir. 1984) ("Permissive intervention 'is wholly discretionary with the [district] court…even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied'") (internal citations omitted). Moreover, if the declaratory judgment claim can be construed as so linked to the underlying claims to be appropriate for intervention, it should be rejected. *See Am. Equip. Co. v. Turner Bros. Crane & Rigging, LLC*, No. 4:13-CV-2011, 2014 WL 3543720 at *4 (S.D. Tex. July 14, 2014) ("Courts in the Fifth Circuit regularly reject declaratory judgment claims seeking the resolution of issues that will be resolved as part of the claims in the lawsuit.")

Technify and cannot represent Technify's interests. Resp. at 13-14. Such a position would mean that anytime a party opposed intervention at an early stage, the court should always find an adversity of interest. Of course, Technify cites no case law to that effect. Finally, Technify's conclusory claim that its presence will not delay or complicate this case or prejudice the original parties is unsupported and incorrect. Technify ignores that it has asserted a breach of contract claim regarding a contract between German entities, negotiated in Germany and governed by German law, which will introduce an entirely new set of facts and body of law into this dispute.

Technify also does not address the fact that Technify will not significantly contribute to full development of underlying factual issues. *See* Br. at 13-14.[12] Because—setting aside Technify's unplead, conclusory and, frankly, confusing, discussion of Additional Related Property—Technify's interest in the Property at Issue is derived solely from Defendants and is contingent on the outcome of the dispute between Superior and Defendants, Technify's presence in the case will not add to the development of the underlying factual issues.

## II.    CONCLUSION

Defendants request that their Motion to Dismiss be granted.

---

[12] Technify's argument regarding a letter sent by Superior does not establish that Technify belongs in this suit. At the time Superior sent the letter – August 29, 2014, after this suit was filed – Superior was well aware of the 2013 purchase agreement between Dr. Kübler and Technify, including the fact that the Superior-related assets were not transferred. Indeed, as Technify points out in its Response, Superior contacted Technify regarding these issues prior to the closing. Resp. at 9. Given the history, Superior's letter cannot be read to mean that Superior viewed the 2013 purchase as a basis to include Technify in this litigation. Were that the case, Superior would have sued Technify. Superior's letter clearly contemplated that Technify's presence (or Continental Motors, who Superior apparently mistakenly believed was the purchaser, according to Technify (Response at 4, n.2)), would only be appropriate if the Property at Issue was actually transferred to and/or used by Technify. Because no such transfer or use has occurred, the Superior letter is irrelevant.

Dated:  November 21, 2014

                                 Respectfully submitted,

                                 /s/ *Craig F. Simon*
                                 Craig F. Simon, Esq.
                                 State Bar No. 00784968
                                 Daniel P. Winikka, Esq.
                                 State Bar No. 00794873
                                 Matthew W. Ray, Esq.
                                 State Bar No. 00788248
                                 SIMON, RAY & WINIKKA LLP
                                 2525 McKinnon Street, Suite 540
                                 Dallas, TX  75201
                                 Telephone:  (214) 871-2292
                                 Facsimile:   (469) 759-1699

                                 ***Counsel for Defendants***

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 21st day of November, 2014, a true and correct copy of the foregoing document has been served on the parties listed below via the Court's ECF filing system, first class mail or other appropriate means.

      Counsel for Plaintiffs:

Jerry Alexander
James Adams
Christopher Robison
PASSMAN & JONES
1201 Elm Street, Suite 2500
Dallas, TX 75270

Counsel for Intervenor:

Ross Cunningham
Rose Walker LLP
3500 Maple Ave., Ste. 900
Dallas, TX 75219

                                 */s/ Craig F. Simon*
                                 Craig F. Simon