IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUPERIOR AIR PARTS, INC., et al., | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Civil Action No. 3:14-CV-03492-D |
| BRUNO KŪBLER, IN HIS CAPACITY AS INSOLVENCY ADMINISTRATOR OF THIELERT AIRCRAFT ENGINES GMBH, et al., | § § § § § § | |
| Defendants, | § § | |
| VS. | § § | |
| TECHNIFY MOTORS GMBH, | § § | |
| Intervenor. | § § | |

**INTERVENOR TECHNIFY MOTORS GMBH'S REPLY TO
DEFENDANTS' OPPOSITION TO INTERVENOR'S
<u>MOTION TO REMAND</u>**

Intervenor Technify Motors GmbH ("Technify") hereby files this Reply Brief in Support of its Motion to Remand, responding to Defendants' Opposition to Intervenor's Motion to Remand. This matter should be remanded to state court because federal subject matter jurisdiction is lacking. Diversity citizenship does not exist because alien citizens are present on each side of the controversy. Diversity citizenship also does not exist because Technify is a German citizen that should be aligned as a plaintiff, destroying diversity. Defendants provide no grounds to establish subject matter jurisdiction and cannot prove that two Plaintiffs and Technify are improperly joined. As such, this case should be remanded to state court.

## I.     ARGUMENT AND AUTHORITIES

Defendants appear to claim that the Fifth Circuit's recognition of protecting federal jurisdiction in certain situations, none of which are present here, eliminates the well-established rule that removal should be narrowly construed. The Fifth Circuit's decision cited by Defendants supports Technify's position; specifically "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cen. R.R. Co.,* 385 F.3d 568, 574 (5th Cir. 2004). Defendants fail to overcome that heavy burden, and provide no substantive grounds to support federal subject matter jurisdiction.

**A. There is no subject matter jurisdiction in this case because the parties on either side of the controversy are not diverse.**

Defendants base their lack of diversity argument on a hypothetical situation that does not exist: that Plaintiff Superior Air Parts, Inc. ("Superior") and Defendants are the only parties in this action. *See generally* Dkt. 26. In reality, the Chinese Plaintiffs' and Technify's citizenship should be considered, and their presence destroys diversity. Defendants cannot selectively choose which parties in this lawsuit are relevant under a diversity analysis to suit their desired result, and it is their heavy burden to demonstrate that certain parties should not be considered. It

is a burden they cannot meet; all parties in this case are properly joined and should be considered to assess diversity.

### B. Technify's citizenship is considered to determine diversity.

#### a. Technify is an essential party.

As previously established, removability is determined at the time of the petition for removal. Brief in Support of Motion to Remand, Dkt. 12 at 5. Moreover, when the basis of removal is diversity of citizenship, diversity must exist at the time of removal. *Id.* Defendants rely heavily on Plaintiffs' motion to dismiss Technify, which was filed <u>after removal</u>, in an unsuccessful attempt to establish Technify is not an essential party. *See generally* Defendants' Response to Intervenor's Motion to Remand, Dkt. 26. There is no basis to rely on events that occur <u>after the removal</u> to determine diversity. *Cf. Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.2d 256, 265 (5th Cir. 1995) (amendment of pleadings after removal insufficient to divest court of subject matter jurisdiction). Notwithstanding Defendants' defective reliance on Plaintiffs' motion to dismiss, a plaintiff seeking dismissal of an intervenor's claims does not impact whether an intervenor is an essential party. This argument fails.

Defendants attempt to establish that Technify is a nominal party for the purposes of removal by relying on the Fifth Circuit decision in *Acosta v. Master Maintenance and Construction Inc.*, 452 F.3d 373 (5th Cir. 2006). *See also generally* Defendants' Response to Intervenor's Motion to Remand, Dkt. 26. In *Acosta*, the Fifth Circuit determined that certain defendants were nominal parties because the plaintiffs signed a letter agreeing to drop all claims against those defendants, thus rendering the defendants' presence in the litigation no longer essential. *Acosta,* 452 F.3d at 379. There are no similarities between *Acosta* and the present case. Unlike the parties in *Acosta*, Defendants here have not agreed to settle Technify's claims, and Technify is still a critical party to this action, with a demonstrable contractual interest in the

property at the heart of this case. Defendants' only basis for claiming any potential for diminishing of Technify's claims is the post-removal action of Plaintiffs filing a motion to dismiss Technify, and Technify has substantively responded to that motion and articulated its basis for presence in this action. Plaintiffs' mere request of dismissal is far from sufficient to establish that Technify is not an essential party. It borders on the absurd that Defendants argue that the sole reason a final judgment consistent with equity and good conscience may be entered under the rule in *Acosta* is because after removal Defendants and Plaintiffs made motions to dismiss Technify. The severed defendants in *Acosta* were considered nominal only because the plaintiff dropped their claim against those Defendants. *Id.* There are no parallels here. Technify seeks recovery from Defendants, and Defendants have not agreed to all of Technify's claims, completely distinguishing this matter from *Acosta*. Moreover, Plaintiffs' and Defendants' motions to dismiss should in any case fail, for the reasons discussed in Technify's Response to those Motions, thus rendering Defendants' argument against remand moot, even if post removal events were considered.

In an attempt to manufacture conclusions through slight semantic differences, Defendants erroneously claim that Technify's statement that it purchased the Property at Issue from TAE is incorrect. Defendants' Response to Intervenor's Motion to Remand, Dkt. 26 at 8. On the contrary, Technify transferred money to TAE for the purchase of assets, including the Property at Issue. The relevant provision from the Closing Protocol is that TAE excluded the Property at Issue from the transfer of <u>possession</u>, not the transfer of ownership. Closing Protocol, Dkt. 20, at 11. Transfers of ownership generally fall under the purview of purchase agreements, and closing protocols typically set forth the timing of transfer of possession, among other events. TAE agreed to a damages clause of EUR 3.5 million in the event that it could not transfer possession.

*Id.* If TAE did not sell the Property at Issue to Technify, it makes no sense for TAE to agree to a damages clause. The purchase price in the purchase agreement would have been reduced by EUR 3.5 million and the Property at Issue would have been removed from the acquisition. The events in question did not occur in the manner that Defendants allege. In any case, however, the Fifth Circuit has held that all "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *accord Oesch v. Woman's Hosp. of Tex.*, No. H-11-770, 2012 WL 950109, at *2 (S.D. Tex. Mar. 20, 2012). To the extent the Court even considers these conflicting interpretations, for purposes of this Motion to Remand, it must resolve such "ambiguities" concerning the propriety of removal "against removal" and "strictly . . . in favor of remand." *Houston Durrill Land, Ltd. v. Yellow Transp., Inc.*, No. C-05-244, 2005 WL 1653054, at *1 (S.D. Tex. July 11, 2005).

Defendants do not make a substantive attempt to overcome their burden of proof and disprove the fact that Technify is an essential party. *See generally* Defendants' Response to Intervenor's Motion to Remand, Dkt. 26. Rather, Defendants make a series of conclusory statements that Technify is nominal because the court can enter a final judgment consistent with equity and good conscience. *Id.* Technify is an essential party to this lawsuit because it purchased the Property at Issue from TAE, and Technify has a legal interest in determining the rights of the Property at Issue. As an essential party, Technify's citizenship is considered for purposes of diversity.

Further, Technify's declaratory judgment action is critical to the proper adjudication of the rights of the Property at Issue contrary to Defendants' allegation. The declaratory judgment is not merely a declaration regarding the issues already before the Court. Rather, it is necessary to ensure that, should Defendants prevail, the Property at Issue is available for full and

4

unencumbered commercial use by Technify as opposed to merely receiving physical possession of the property, or a similar result that may meet the technical terms of the Closing Protocol.

Defendants argue that Technify's alternative claim for damages against Defendants in not ripe and cannot be the basis on which to assess diversity jurisdiction. The ripeness of Technify's alternative claim is irrelevant because a single claim is sufficient to establish a lack of diversity of citizenship, and Technify established the validity of the declaratory judgment claim. Notwithstanding the irrelevance of Defendants' argument, it nonetheless fails to withstand a cursory examination. Technify's claim is ripe because its interests are immediately affected by adjudication of the rights associated with the Property at Issue. Technify refers the Court to its arguments establishing ripeness in its opposition to dismiss and fully incorporates such arguments herein. Brief in Support of Response to Plaintiffs' Motion to Dismiss and Defendants' Motion to Dismiss, Dkt. 18 at 17-19.

### b. Diversity jurisdiction is lacking because Technify's interests align as a plaintiff and there are citizens of foreign nations on either side of the controversy.

Defendants' attack on Technify's contention that it should be aligned as a plaintiff must fail. Technify seeks direct monetary recovery from Defendants, and clarification of the rights to the Property at Issue purchased from Defendants. Technify does not seek recovery from Plaintiffs, or to defend itself from Plaintiffs' claims. Defendants have failed to present any arguments as to why Technify should not be aligned as a plaintiff beyond a claim that Technify's interests are the exact opposite of Plaintiffs' interest. This argument does not withstand the scrutiny of a look at the "principal purpose of the suit and the primary and controlling matter in dispute," *Norwood v. Grocers Supply Co. Inc.*, 12-CV-751, 2013 WL 686410, at *3 (W.D. La. Feb. 25, 2013), which is the disposition of this property to either Plaintiffs or Technify <u>from Defendants</u>. Technify is thus properly aligned as a plaintiff.

5

Defendants seek to defeat Plaintiffs' claims to rights in the Property at Issue, and have no interest in securing a judgment that ensures that the Property at Issue may be used by Technify unencumbered by potential restrictions. Defendants only seek to avoid a damage claim by either party. Defendants may seek to reach a settlement whereby Technify's usage of the Property at Issue is restricted, but Defendants can transfer the property under the technical terms of the closing protocol. Such a result may satisfy Defendants and Plaintiffs, but represents an incomplete adjudication of the issues because there would not be an ultimate determination as to the rights related to the Property at Issue. Technify's interests are by no means the exact opposite of Plaintiffs, but in any case those interests are certainly not aligned with Defendants. Defendants are brought before the Court by Plaintiffs and subsequently by Technify for relief related to Defendants' wrongdoing.

Further showing the weakness of Defendants' position is their failure to acknowledge any possibility other than a polar outcome of this litigation: Defendants may transfer the Property at Issue to Technify, or Defendants cannot transfer the Property at Issue to Technify. Defendants' Response to Intervenor's Motion to Remand, Dkt. 26 at 12. There exist several potential outcomes outside of Defendants' oversimplification of the possible results. Plaintiffs pray for several forms of relief, including an injunction to enjoin Defendants from using any document, program or data created using Superior's alleged drawings, data or information. *See generally* Original Petition, Dkt. 1-2. One such illustrative example of a potential result is that Defendants can transfer 3D CAD models to Technify, but Technify's commercialization of those models is rendered useless, or diminished, because of removal of Superior's alleged property. The fact that Defendants do not address these types of possible outcomes demonstrates that Technify's interests are competing with Defendants, not with Plaintiffs. Technify seeks relief from

Defendants, and is properly aligned as a plaintiff eliminating diversity and thus, subject matter jurisdiction.

### c. Technify's claims are not fraudulently joined

Defendants quote *Griggs v. State Farm Lloyds,* 181 F.3d 694 (5th Cir. 1999), to establish the rule for when joinder is improper. However, in stating the rule, Defendants failed to note the Fifth Circuit held in that case that the proper inquiry is whether there is <u>any reasonable basis</u> for the party accused of being improperly joined to establish its claims on the facts plead. *Griggs,* 181 F.3d at 699. The Fifth Circuit also stated that "…contested issues of material fact, and any ambiguity or uncertainty in the controlling state law…" is resolved in favor of the party accused of being improperly joined. *Id.* Defendants make no attempt to dispute the validity of Technify's claim, but only quote *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002), without any analysis as to how that case is applicable. Here, as established in Technify's opposition to Defendants' motion to dismiss, Technify has valid legal claims that are likely to succeed, and certainly meet the standard of a reasonable basis to establish its claims. *See generally* Brief in Support of Response to Plaintiffs' Motion to Dismiss and Defendants' Motion to Dismiss, Dkt. 18. Defendants do not overcome the burden to establish improper joinder, but only cite the law and then conclude that there is no reasonable possibility that Technify has established a cause of action against Defendants. Defendants fail to overcome their heavy burden to establish Technify is fraudulently joined. Because Technify is properly joined, its presence destroys diversity jurisdiction, and the Court should remand this case.

### C. If Technify's interest are determined to align with Defendants, Defendants failed to get Technify's consent for removal.

Defendants argue that if Technify is aligned as a Defendant no consent is required because Technify is a nominal party. As established above, Technify is properly aligned as a

7

plaintiff. However, should the Court find Technify is aligned as a defendant, Defendants failed to secure the requisite agreement of all defendants to remove the case to federal court. Technify notes this position is argued in the alternative and incorporates its arguments in its motion to remand here by reference. Intervenor Technify's Brief In Support of Motion to Remand, Dkt. 12. Defendants further argue that consent of a nominal party is not required for removal, yet Defendants fail to establish that Technify is a nominal party.

Defendants claim that they "…removed the case under 28 U.S.C. §§ 1334 and 1452." 28 U.S.C. §§ 1334 and 1452 are both statutes authorizing removal based on bankruptcy proceedings. Defendants do not once claim, nor can they, that any claims Technify asserts against Defendants arise or are related to a bankruptcy proceeding. Defendants further do not allege that any claims Superior asserts against Defendants arise or are related to a bankruptcy proceeding. Rather, Defendants allege, incorrectly, that the claims asserted by the Chinese Plaintiffs arise in bankruptcy jurisdiction. Thus, removal of the claims asserted by Technify and Superior are based solely on 28 U.S.C. § 1441(a) by Defendants' own admission and require agreement by all defendants to remove.

Finally, Defendants argue the alternative that even if removal is only based on 28 U.S.C. § 1441(a), as is the case here, that Technify is not a defendant because it was not properly joined or served. As noted above, this is not the case; Technify is a properly joined party. Moreover, Defendants attempt to shift the burden to Technify here by claiming that Technify has not provided authority to show consent was required. On the contrary, Defendants have the burden to establish that removal was proper, and Defendants cite no law and provide no analysis to support their contention. Defendants' only position is to describe well-established law requiring the consent of all defendants for removal as "novel." *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886)

8

(holding that there can be no removal by the defendants unless they all join). If Technify is adjudged to be aligned as a defendant, Defendants failed to obtain Technify's consent for removal, and their removal was procedurally defective.

> **D. The Chinese Plaintiffs are proper parties and their position as foreign citizens destroys diversity citizenship independently of Technify**

Technify is not in a position to fully reply to Defendants' allegations that the Chinese Plaintiffs should not be permitted to bring their claims. To the extent Plaintiffs reply to Defendants' opposition, Technify adopts their arguments as to why the Chinese Plaintiffs are not fraudulently joined as if fully stated herein.

Technify notes the following defects in Defendants' position with regard to the Chinese Plaintiffs. Defendants do not, and cannot, establish fraudulent joinder merely on the basis that the Chinese Plaintiffs' claims are different than Superior's claims. The center of all claims is the rights to the Property at Issue. The Chinese Plaintiffs' claims cannot be properly adjudicated without the determination of these rights. Defendants' rely on *Nsight Technologies, LLC v. Fed. Ins. Co.*, No. 3:09-cv-6-WHB-LRA, 2009 WL 1106868 (S.D. Miss. Apr. 23, 2009) to support their allegations. In *Nsight*, the court determined that a tort claim for conversion arose out of the alleged embezzlement by an employee, while breach of contract and bad faith claims arose entirely from insurance policies and the interpretation of such policies. *Id.* The critical factor there was the resolution of the two claims was independent, and the result of the embezzlement claim would thus not impact the breach of contract and bad faith claims. *Id.* The court determined that the conversion claims were fraudulently misjoined under the Mississippi Rules of Civil Procedure. *Id.* By contrast, the Chinese Plaintiffs' and Plaintiff Superior's claims share the same critical facts, and the Chinese Plaintiffs' claims are dependent on the result of Superior's claims. *Nsight* is factually distinguishable and inapplicable.

9

Defendants' claim that *Pride Transp., Inc. v. Harbin,* No. 4:10-cv-458-Y, 2010 WL 4314920 (N.D. Tex Oct. 26, 2010), supports their position also fails. The *Pride Transp.* court noted that in *Nsight*, "the sole unifying characteristic of the plaintiff's claims was the underlying embezzlement." *Id.* at *4. The claims in *Nsight* did not have common underlying facts. The embezzlement claim in *Nsight* only triggered the insurance claim process, which gave rise to the breach of contract claim. *Nsight*, 2009 WL 1106868 at *14. Any insurance claim under those circumstances would have given rise to the same breach of contract claim as to whether certain policies were applicable. A key fact that Defendants fail to address is that the breach of contract claims addressed the applicability of certain policies in general, not as to whether the embezzlement itself was covered under the policy. *Id.* at *12-*13. Thus, unlike the claims asserted in this case, the facts necessary to establish the claims in *Nsight* were separate and distinct. Defendants fail to establish that the Chinese Plaintiffs are improperly joined.

### E. Bankruptcy jurisdiction

Technify is not in a position to fully reply to Defendants' allegations of bankruptcy jurisdiction over the Chinese Plaintiffs. To the extent Plaintiffs reply to Defendants' opposition, Technify adopts their arguments as to why bankruptcy jurisdiction does not apply to Chinese Plaintiffs as if fully stated herein. Notably, Defendants do not address Technify's position regarding the alternative situation where even if the Chinese Plaintiffs' claim is removable, the remaining claims should be remanded. If the Court finds that jurisdiction exists over these claims, because Technify should be aligned as a plaintiff, there is no basis to retain jurisdiction over the remainder of the claims in the action.

## II. CONCLUSION

For the foregoing reasons, Technify respectfully requests the Court grant Technify's motion to remand, and remand this case to the 191st District Court of Dallas County, Texas.

Dated: December 5, 2014.                    Respectfully submitted,

                                            */s/ Ross Cunningham*
                                            Ross Cunningham
                                            Texas Bar No. 24007062
                                            Thomas C. Wright
                                            Texas Bar No. 24028146
                                            Alex J. Whitman
                                            Texas Bar No. 24081210
                                            Rose Walker, LLP
                                            3500 Maple Avenue, Suite 900
                                            Dallas, Texas 75219
                                            214.752.8600 (Main)
                                            214.752.8700 (Facsimile)
                                            rcunningham@rosewalker.com
                                            twright@rosewalker.com
                                            awhitman@rosewalker.com

                                            ATTORNEYS FOR INTERVENOR TECHNIFY
                                            MOTORS GMBH

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule 5 on December 5, 2014. As such, this document was served on all counsel who are deemed to have consented to electronic service.

                                            */s/ Ross Cunningham*
                                            Ross Cunningham

11